# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| 1. | Albert L. Gray, Adm. of the Estate of Derek Gray, and on behalf of Jani L. Gray-McGill, minor child of the decedent, Derek Gray; |
| 2. | Joanne O'Neill, Adm. of the Estate of Nicholas O'Neill; |
| 3. | Marie G. Morton, Adm. of the Estate of Jason R. Morton, individually as wife and surviving spouse of the decedent, Jason R. Morton, and as mother and next friend of Kaitlin Marie Morton and Ashley Marie Morton, minor children of the decedent, Jason R. Morton; |
| 4. | Angel O. Amitrano, Adm. of the Estate of Thomas A. Barnett; |
| 5. | Joanne L. Mitchell and William Mitchell, Co-Adm. of the Estate of Donna M. Mitchell, and Joanne L. Mitchell, as guardian and next friend of Brooklyn Belanger and Joslynn Belanger, minor children of the decedent, Donna M. Mitchell; |
| 6. | Scott J. Vieira, Adm. of the Estate of Kelly Lynn Vieira, and as husband and surviving spouse of the decedent, Kelly Lynn Vieira, and as father and next friend of Crystle Vieira, minor child of the decedent, Kelly Lynn Vieira; |
| 7. | Patricia Avilez, Adm. of the Estate of Eugene Avilez; |
| 8. | Jennifer L. Young, Adm. of the Estate of Robert Daniel Young and as wife and surviving spouse of the decedent, Robert Daniel Young; |
| 9. | Leonard Angers, Adm. of the Estate of Stacie J. Angers; |
| 10. | Dorothy Marion, Adm. of the Estate of Thomas Frank Marion, Jr.; |
| 11. | Yvette Fresolo, on behalf of the Estate of Michael Fresolo, and as wife and surviving spouse of the decedent, Michael Fresolo, and as mother and next friend of Maria Fresolo and Emily Fresolo, minor children of the decedent, Michael Fresolo; |
| 12. | Heidi Peralta Longley, as parent of and for the benefit of AceyTy Longley, minor child of the decedent, Ty Longley; |
| 13. | Katherine Shubert, on behalf of the Estate of |



C.A. No. _____

(RI Superior Court C.A. No. PC04-3985)

Mitchell Shubert; and as wife and surviving spouse of the decedent, Mitchell Shubert, and as mother and next friend of Melissa Cara Shubert, minor child of the decedent, Mitchell Shubert; Maryanne Shubert, as minor daughter at the time of death of Mitchell Shubert, and Laura Shubert, as mother and next friend of Mitchell J. Shubert, Jr., minor child of the decedent, Mitchell Shubert;

14. Eileen L. DiBonaventura, Adm. of the Estate of Albert DiBonaventura;

15. Donna DeBoard, Adm. of the Estate of Daniel Frederickson, and on behalf of Amanda Frederickson, Ryan Frederickson and Amber Frederickson, minor children of the decedent, Daniel Frederickson;

16. Judith Marie Croteau, on behalf of the Estate of her son, Robert J. Croteau;

17. Warren L. Baker, III and John J. Decosta, III, Co-Adm. of the Estate of Mary H. Baker and John J. Decosta, III as the natural and legal guardian of the persons and estates of Alison M. Decosta, John R. Decosta, Scott A. Decosta and Michael J. Decosta, minor children of the decedent, Mary H. Baker, and Warren L. Baker, III, as husband and surviving spouse of Mary H. Baker;

18. Dorothy E. Bonardi, Adm. of the Estate of William C. Bonardi, III;

19. Denise M. McGregor and Nancy Depasquale, Co-Adm. of the Estate of Alfred C. Crisostomi and Denise M. McGregor as mother and next friend of Brandon M. Crisostomi, minor child of the decedent, Alfred C. Crisostomi;

20. Eileen Dunn as surviving spouse of Kevin Dunn and mother and next friend of Joanna Dunn, minor child of the decedent, Kevin Dunn;

21. Anthony J. Durante as father and next friend of Anthony Durante and Matthew Durante, minor children and wrongful death beneficiaries of the decedent, Lori K. Durante;

22. Loriann Gooden, Adm. of the Estate of James F. Gooden, and Loriann Gooden, individually as wife and surviving spouse of the decedent, James F. Gooden;

23. Claire H. Bruyere, Adm. of the Estate of Bonnie

2

L. Hamelin;

24. John M. Hoban, Adm. of the Estate of Andrew R. Hoban;

25. Paula A. McLaughlin, Adm. of the Estate of Michael B. Hoogasian;

26. Paula A. McLaughlin, Adm of the Estate of Sandy L. Hoogasian;

27. Maria Latulippe, Adm. of the Estate of Dale L. Latulippe and as the natural and legal guardian of the person and estate of Dustin T. Latulippe, minor child of the decedent, Dale L. Latulippe, and Maria Latulippe, Individually as wife and surviving spouse of Dale L. Latulippe;

28. John A. Longiaru and Sus Longiaru, Co-Adm. of the Estate of John M. Longiaru;

29. Sarah R. Mancini and Anthony B. Mancini, Co-Adm. of the Estate of Keith A. Mancini.

30. Barbara Magness, Adm. of the Estate of Steven R. Mancini;

31. Paul A. Morin, Adm. of the Estate of Ryan M. Morin;

32. Roderick Prouty and Nancy A. Lee, Co-Adm. of the Estate of Christopher Prouty and Paula Woodcock as mother and next friend of Makayla Woodcock the minor child of the decedent Christopher Prouty;

33. Susan Sylvia, Adm. of the Estate of Kevin Anderson, and Melinda Bloomingburgh, as mother and next friend of Kevin Gage, minor child of the decedent, Kevin Anderson;

34. Ray F. Beauchaine, Sr., Adm. of the Estate of Laureen Beauchaine, Ray Beauchaine, Jr., individually as husband and surviving spouse of the decedent, Laureen Beauchaine, and Ray Beauchaine, Jr., as father and next friend of Ray F. Beauchaine, III, Christopher R. Beauchaine and Ashley Beauchaine, minor children of the decedent, Laureen Beauchaine

35. Sally Blom and Rolland Blom, Co-Adm. of the Estate of Steven Blom, and Sharon Colpitts as mother and next friend of Steven Blom, Jr., a minor child of the decedent, Steven Blom;

36. Catherine Cabral, Adm. of the Estate of Richard Cabral, Jr., Catherine Cabral, individually as wife and surviving spouse of the decedent, Richard Cabral, Jr., and Catherine Cabral, as

mother and next friend of Christine Cabral and Richard Cabral, III, minor children of the decedent, Richard Cabral, Jr.;

37. William H. Cartwright, Jr., Adm. of the Estate of William W. Cartwright;

38. Katherine Cordier and Ronald J. Cordier, Co-Adm. of the Estate of Michael Cordier;

39. Mark D'Andrea, Adm. of the Estate of Lisa D'Andrea;

40. Peter M. DiRienzo, Adm. of the Estate of Christina DiRienzo, Peter M. DiRienzo, individually as husband and surviving spouse of the decedent, Christina DiRienzo, Peter M. DiRienzo, as father and next friend of Beau DiRienzo, minor child of the decedent, Christina DiRienzo, and Peter M. DiRienzo, Jr., as minor son of the deceased, Christina DiRienzo at the time of her death;

41. Lawrence E. Fick, Adm. of the Estate of Charline E. Fick, and Lawrence E. Fick, as father and next friend of Samantha Fick and William Fick, minor children of the decedent, Charline E. Fick;

42. Timothy J. Fleming, Adm. of the Estate of Thomas J. Fleming;

43. Dean DePietro, Adm. of the Estate of Rachel K. Florio-DePietro, and Dean DePietro, as father and next friend of Adrian DePietro, a minor child of the decedent, Rachel K. Florio-DePietro;

44. James C. Gahan, III, Adm. of the Estate of James C. Gahan, IV;

45. Sandra L. Greene, Adm. of the Estate of Scott C. Greene, and Sandra L. Greene, individually as wife and surviving spouse of the decedent, Scott C. Greene;

46. Bruce G. Pollock, Esq., Adm. of the Estate of Scott S. Griffith, and Nancene Cohen as guardian of the Estate and next friend of Kacie L. Griffith, a minor child of the decedent, Scott S. Griffith;

47. Bonnie A. Hoisington, Adm. of the Estate of Abbie L. Hoisington;

48. Carlton L. Howorth, Jr., Adm. of the Estate of Carlton L. Howorth, III, and Karen E. Howorth, as mother and next friend of Elizabeth Howorth,

a minor child of the decedent, Carlton L. Howorth, III;

49.    George F. Phelan, Esq., Special Adm. of the Estate of Lisa Kelly;

50.    Evelyn L. King, Adm. of the Estate of Tracy F. King, Evelyn L. King, individually as wife and surviving spouse of the decedent, Tracy F. King, Evelyn L. King, as mother and next friend of Joshua King and Jacob King, minor children of the decedent, Tracy F. King and Rozilyn Guy, as mother and next friend of Jordan King, minor child of the decedent, Tracy F. King;

51.    Barbara A. Kulz and George A. Kulz, Co-Adm. of the Estate of Michael J. Kulz;

52.    Tammy Lapierre, Adm. of the Estate of Keith R. Lapierre, Tammy Lapierre, individually as wife and surviving spouse of the decedent, Keith R. Lapierre, and Tammy Lapierre, as mother and next friend of Ryan S. Lapierre and Sarah R. Lapierre, minor children of the decedent, Keith R. Lapierre;

53.    Judith Carver, Adm. of the Estate of Kristen L. McQuarrie;

54.    Richard Moreau and Jean Moreau, Co-Adm. of the Estate of Leigh Ann Moreau;

55.    Michael Reno, Esq., Adm. of the Estate of Beth Mosczynski;

56.    Richard H. Rakoski, Adm., of the Estate of Theresa L. Rakoski, and Richard H. Rakoski, individually as husband and surviving spouse of the decedent, Theresa L. Rakoski;

57.    Judy O'Brien, Adm. of the Estate of Robert L. Reisner, III;

58.    John J. Shaw, Exec. of the Estate of Rebecca Shaw;

59.    Veda Kerr, Adm. of the Estate of Victor L. Stark;

60.    Zachary S. Suffoletto and Diana L. Shaughnessy, Co-Adm. of the Estate of Benjamin J. Suffoletto, Jr.;

61.    Zachary S. Suffoletto and Diana L. Shaughnessy, Co-Adm. of the Estate of Linda D. Suffoletto;

62.    Honorina Washburn, Adm. of the Estate of Kevin R. Washburn;

63.    Cheryl Haines, Adm. of the Estate of Everett T.

Woodmansee, III;

64. Melinda J. Darby, Adm. of the Estate of Matthew P. Darby, individually and as natural parent, next friend and guardian of Jessica L. Darby and Sarah M. Darby, minor children of the decedent, Matthew P. Darby;

65. Susan W. Romanoff, Ex. of the Estate of Tracey L. Romanoff and Jordan Blasbalg as guardian of Joshua Blasbalg and Lindsey Blasbalg, minor children of the decedent, Tracey Romanoff;

66. Mark P. Hyer, Sr., Adm. of the Estate of Eric J. Hyer;

67. Annmarie Swidwa, Adm. of the Estate of Bridget M. Sanetti;

68. Stephen A. Gillett, Adm. of the Estate of Laura L. Gillett, individually and as father, next friend and permanent legal guardian of Jake T. Gillett and Jared J. Gillet, minor children of the decedent, Laura L. Gillett;

69. Suzanne Fox, Adm. of the Estate of Jeffrey Wood Martin;

70. Ellen-Marie Stowers, Adm. of the Estate of Jennifer L. Stowers

71. Sharon Eaton, Adm. of the Estate of Edward B. Corbett, III;

72. Patricia Belanger, Ex. of the Estate of Dina A. DeMaio and Steven Beardsworth, temporary guardian of Justin Perry, minor child of the decedent, Dina A. DeMaio;

73. Robert J. Johnson, Sr., Adm. of the Estate of Derek B. Johnson;

74. Jacqueline Jacavone, Adm. of the Estate of Andrea L. Jacavone-Mancini;

75. Leo Smith and Doris Smith as Co-Adm. of the Estate of Dennis J. Smith;

76. Korina Arruda, Co-Adm. of the Estate of Christopher G. Arruda and as surviving spouse of the decedent, Christopher G. Arruda;

77. Gerard W. Fontaine and Rosanna C. Fontaine, Co-Adm. of the Estate of Mark A. Fontaine;

78. John J. Libera and Joanne T. Libera, Co-Adm. of the Estate of Stephen Matthew Libera;

79. Edward C. Ervanian as Adm. of the Estate of Edward E. Ervanian;

80. Kathleen Sullivan;

81. Scott J. Vieira, individually and as father and

next friend of Crystle Vieira, his minor child;

82. Susan H. Chamberlin;

83. John F. Van Deusen III, individually and as father and next friend of John F. Van Deusen IV and Dylan Van Deusen, minor children of John F. Van Deusen III;

84. Robert J. Luxton;

85. Elizabeth Arruda, individually and as mother and next friend of Zoey Retamoza, minor child of Elizabeth Arruda;

86. Robert W. Rager;

87. Joseph K. Kinan individually and Joseph K. Kinan and Maureen Sullivan, as parents and next friends of Kaitlin E. Sullivan, a minor;

88. John F. Fairbairn, individually and as father and next friend of John Fairbairn and Ariana Fairbairn, minor children of John F. Fairbairn;

89. Andrea F. Fairbairn, individually and as mother and next friend of John Fairbairn, Ariana Fairbairn, Amanda Melendez Durfee and Christopher Melendez Durfee, minor children of Andrea F. Fairbairn;

90. Jose Roberto Demos, individually and as father and next friend of Vanessa Santos Demos and Samuel Santos Demos, minor children of Jose Roberto Demos;

91. Roberta O'Melia, individually and as mother and next friend of Brendan O'Melia and Christian O'Melia, minor children of Roberta O'Melia;

92. Fredrick P. Vallante, Jr., individually and as father and next friend of Caitlyn Vallante and Courtney Vallante, minor children of Fredrick P. Vallante, Jr.;

93. Kerrie-Lynn Beers, individually and as mother and next friend of Jeremy T. Beers, minor child of Kerrie-Lynn Beers;

94. Francis J. Canillas;

95. David Ciccone;

96. Christopher J. Travis;

97. Jon R. Schmidt, individually and as father and next friend of Ryan Schmidt and Evan Schmidt, minor children of Jon R. Schmidt;

98. David B. MacDonald, individually and as father and next friend of David B. MacDonald, Jr., minor child of David B. MacDonald;

99. Paul du Fossé;
100. John R. Arpin, individually and as father and next friend of Ryan Arpin and Matthew Arpin, minor children of John R. Arpin;
101. Paula Gould;
102. Kevin J. Beese, Sr., individually and as father and next friend of Taylor Beese, Brittany Beese and Kevin Beese, Jr., minor children of Kevin J. Beese, Sr.;
103. Shaun O'Donnell;
104. Brian Loftus;
105. Christopher Costa, individually and as father and next friend of Leah Elizabeth Costa Turck, minor child of Christopher Costa;
106. Georgette Giroux-Brown, individually and as mother and next friend of Ben Giroux-Brown, minor child of Georgette Giroux-Brown;
107. Stephanie Zannella;
108. Roberta J. Prete, individually and as mother and next friend of Michael Falco, minor child of Roberta J. Prete;
109. Catherine Randall, individually and as mother and next friend of Douglas Randall and Meagan Randall, minor children of Catherine Randall;
110. Edward Pezzelli, Jr., individually and as father and next friend of Edward Pezzelli III and Hannah Pezzelli, minor children of Edward Pezzelli, Jr.;
111. Paul Pezzelli, individually and as father and next friend of Megan Pezzelli and Kyle Pezzelli, minor children of Paul Pezzelli;
112. Joseph P. Barber, individually and as father and next friend of Max Leili and Brandon Tully, minor children of Joseph P. Barber;
113. Irina M. Gershelis, individually and as mother and next friend of Brentin St. Jean and Colner St. Jean, minor children of Irina M. Gershelis;
114. Rodney J. Gaumitz, individually and as father and next friend of Tyler Gaumitz and Collin Gaumitz, minor children of Rodney J. Gaumitz;
115. Donna Reis;
116. Ronald S. Schoepfer;
117. Richard J. Grace;
118. Tawnya Kelly, individually and as mother and next friend of Andrew A. Jones and Aryanna F. Greene, minor children of Tawnya Kelly;

119. Gregory Scott Dufour, individually and as father and next friend of Ashley A. DuFour, minor child of Gregory Scott Dufour;
120. John D. Wigginton;
121. Scott Dunbar;
122. Joseph Lusardi;
123. John Kudryk;
124. Brandon Fravala, individually and as father and next friend of Nicholas James Douglas Fravala, minor child of Brandon Fravala;
125. David Fravala;
126. Robin Petrarca;
127. Michael Stefani, individually and as father and next friend of Jade Bartels, minor child of Michael Stefani;
128. Hollie A. Pomfret and Justin Pomfret, individually and as parents and next friends of Alexis Pomfret and Skylar Pomfret, minor children of Hollie A. Pomfret;
129. Justin Pomfret and Hollie A. Pomfret, individually and as parents and next friends of Alexis Pomfret and Skylar Pomfret, minor children of Justin Pomfret.
130. Al Prudhomme;
131. Charlene Prudhomme;
132. Robert Harrington;
133. Robert A. Barlow;
134. Kristen A. Brown;
135. Patricia L. Clarke, individually and as mother and next friend of Kira Lynn Clarke, a minor;
136. Gennaro Companatico, individually and as father and next friend of Samantha Companatico and Genna Companatico, minors;
137. Richard Cook, Sarah Amy Cook as wife of Richard Cook and Richard and Sarah Cook as parents and next friends of their minor child, Cooper R. Cook;
138. Richard DelSanto, individually and as parent and next friend of his minor children, Jarred Ferrara and Evan Parr;
139. Joseph A. Dibona, Jr.;
140. Linda M. Fisher individually, Kevin J. Fisher, individually and Linda M. Fisher and Kevin J. Fisher as parents and next friends of Amber Fisher, a minor;
141. Joseph M. Flynn;

142. Lisa C. Hale, individually and as mother and next friend of Kylen Hale, a minor;

143. Laurie A. Hussey, individually, John Edward Hussey, Jr., individually and Laurie A Hussey and John Edward Hussey as parents and next friends of Hallie Ann Hussey and Rayanna Leigh Hussey, minors;

144. Marc A. Lucier;

145. Matthew Mallette, individually; Jessica Mallette, individually and Matthew Mallette and Jessica Mallette as parents and next friends of Joshua Mallette and Cameron Mallette, minors;

146. John Mangan, Jr.;

147. Frances P. McMurray;

148. Christopher J. Nowicki;

149. Paul M. Pelletier;

150. Michael Perreault;

151. Christopher A. Peters;

152. Jonathan Petrin;

153. Jason Piscopio;

154. John A. Rezendes, individually and as father and next friend of Leah M. Rezendes and Cameron M. Rezendes, minors;

155. Catherine C. Sagesta individually and as mother and next friend of Christin Cameron and Samantha Cameron, minors;

156. George Solitro;

157. Gary Stein individually and as father and next friend of Victoria Stein and Joshua Stein, minors;

158. Melissa A. Stephenson,

159. Ray F. Beauchaine, Jr., and Ray F. Beauchaine, Jr., as father and next friend of Ray F. Beauchaine, III, Christopher R. Beauchaine and Ashley Beauchaine, minor children of Ray Beauchaine, Jr.;

160. Julie Belson;

161. Kevin Blom;

162. Milisa Bump, individually and as mother and next friend of Dereck Bump and Sandra Dunn, minor children of Milisa Bump;

163. Jennifer Choquette;

164. Nicole Conant;

165. Stephanie Conant;

166. Arthur J. Conway, III;

167. Robert Cushman;

168. Shauna Dell, and Claude Richard as husband of Shauna Dell;

169. Claude Richard and Shauna Dell as wife of Claude Richard;

170. Richard Dufour, Jr.;

171. James Dufresne, individually and as father and next friend of James J. Dufresne, Jr. and Bryan Dufresne, minor children of James Dufresne;

172. John Gibbs;

173. Gregory Gray;

174. Grant Hall;

175. Michael Iannone;

176. Adrian Krasinskas;

177. Joseph LoBianco;

178. David McGinn;

179. Deborah Peduzzi individually and Deborah Peduzzi and Robert Peduzzi as parents and next friends of Joseph Peduzzi and Ashley Peduzzi, minors;

180. Dawn Perry, individually and Stephen Perry, as husband of Dawn Perry;

181. Stephen Perry, individually and Dawn Perry, as wife of Stephen Perry;

182. Robin Precourt, and Justina Martin as minor daughter at the time of injury to Robin Precourt;

183. Gina Russo, and Gina Russo, as mother and next friend of Alex Odsen and Nicholas Odsen, minor children of Gina Russo;

184. Milton Servis, II;

185. Derrick Silva;

186. Erik Sippy;

187. David Steets, individually and as father and next friend of David M. Steets, a minor;

188. Raul Vargas and Melanie Vargas, individually and as parents and next friends of Bryan Vargas, a minor;

189. Jennifer Vieira;

190. Andrew S. Richardson, Trustee in Bankruptcy for Debra Wagner and Brian Wagner, individually, and Debra Wagner and Brian Wagner as parents and next friends of Krystal Wagner, a minor;

191. Gina M. Gauvin, individually and as parent and next friend of Shayna S. Gauvin and Joseph Jordan;

192. Scott C. Moresco, individually, and in his

capacity as natural parent, next friend and guardian of Tatiana Abel;

193. Mario B. Cardillo individually and Kathleen M. Cardillo as wife of Mario B. Cardillo;

194. Kathleen M. Cardillo, individually, and Mario B. Cardillo as husband of Kathleen M. Cardillo.

195. Tammy M. St. Hilaire;

196. Robert P. Feeney;

197. David D. Brennan, individually and Susan Brennan as wife of David D. Brennan;

198. Robert M. Cripe

199. Neil E. Cronin;

200. Karen M. Gordon;

201. Paul R. Gordon;

202. Joseph A. Jones;

203. Lee A. Karvonen;

204. Theresia M. LaBree;

205. Melissa J. Minor, individually and John Minor as husband of Melissa J. Minor;

206. Charles A. Oberg;

207. Linda A. Ormerod;

208. John S. Pinkham;

209. Victoria L. Potvin;

210. Kerrie A. Rock;

211. Timothy J. Rossano;

212. Nancy S. Trautz, individually and Chris C. Trautz as husband of Nancy S. Trautz;

213. Donovan Williams individually and as parent and next friend of Zachary Williams, Hayley Williams and Dylan Williams;

214. Sharon A. Wilson;

215. Melanie Fontaine;

216. Shawn Lourenco and Mary Lourenco, as Legal Guardian on behalf of Shawn Lourenco's children, Bryan Lourenco, Brett Lourenco and Brad Lourenco;

217. Ashley A. Poland;

218. Joseph Cristina;

219. William Rancourt;

220. Matthew Dussault;

221. Paul Bertolo;

222. Cynthia A Nobles, individually, and Edward D. Nobles as husband of Cynthia A Nobles;

223. Edward D. Nobles, individually, and Cynthia A. Nobles as wife of Edward D. Nobles;

224. Donald N. Trudeau, individually, and Roberta

Trudeau as wife of Donald N. Trudeau;
225.  Jane C. Sylvester and Robert L. Sylvester, Co-Adm. of the Estate of Jason Sylvester;
226.  Erin Pucino, individually and as mother and next friend of Sterling Pucino, her minor child (227 through 270 reserved)

Plaintiffs,

v.

D1.   Jeffrey Derderian;
D2.   Michael Derderian;
D3.   DERCO, LLC;
D4.   Howard Julian;
D5.   Triton Realty Limited Partnership;
D6.   Triton Realty, Inc.;
D7.   Raymond Villanova;
D8.   Jack Russell;
D9.   Jack Russell Touring, Inc.;
D10.  Paul Woolnough;
D11.  Manic Music Management, Inc.;
D12.  Knight Records, Inc.;
D13.  Daniel Biechele;
D14.  Anheuser-Busch, Incorporated;
D15.  Anheuser-Busch Companies, Incorporated;
D16.  McLaughlin & Moran, Inc.;
D17.  WHJY, Inc.;
D18.  Clear Channel Broadcasting, Inc.;
D19.  Denis P. Larocque, Fire Inspector;
D20.  Anthony Bettencourt
D21.  Diane DeRuosi, in her capacity as Treasurer of the Town of West Warwick;
D22.  State of Rhode Island;
D23.  Irving J. Owens, Fire Marshal;
D24.  Brian Butler;
D25.  LIN Television Corporation;
D26.  CBS Broadcasting, Inc. d/b/a WPRI – Channel 12
D27.  Barry H. Warner;
D28.  Luna Tech, Inc.;
D29.  High Tech Special Effects, Inc.;
D30.  American Foam Corporation;
D31.  Leggett & Platt, Incorporated;
D32.  L&P Financial Services Co.;
D33.  General Foam Corporation;
D34.  GFC Foam, LLC;

13

D35.   Foamex LP
D36.   Foamex International Inc.;
D37.   FMXI, Inc.;
D38.   PMC, Inc.;
D39.   PMC Global, Inc.;
D40.   JBL Incorporated f/k/a James B. Lansing Sound, Incorporated d/b/a JBL Professional;
D41.   Essex Insurance Company;
D42.   Multi-State Inspections, Inc.;
D43.   High Caliber Inspections, Inc.;
D44.   Underwriters at Lloyd's, London;
D45.   Gresham & Associates of R.I., Inc.
D46.   Four Seasons Coach Leasing, Inc.,
D47.   through D58. "John Doe" defendants (being unknown defendants who manufactured, distributed, sold or installed non-flame-retardant foam or other defective products in use at The Station nightclub on February 20, 2003, who inspected the premises after installation of the foam but prior to February 20, 2003, who promoted, managed or produced the appearance of Great White at The Station nightclub on February 20, 2003, or who received property from Triton Realty-related persons or entities with intent to hinder, delay or defraud Plaintiffs).

**Defendants**

-------------------------------------------------------------------------

## PETITION FOR REMOVAL

**To:**   *The United States District Court for the District of Rhode Island*

1.   Defendant, Diane DeRuosi, in her capacity as Treasurer of the Town of West Warwick, is a defendant in a civil action filed in the Providence County Superior Court entitled *Albert L. Gray, Administrator, et al v. Jeffrey Derderian, et al*, C.A. No. 04-3985. Certified copies of the record and Docket Sheets from the Providence County Superior Court are attached hereto as Exhibit A.

2.   The aforesaid action was commenced with the filing of a Complaint with the

14

Providence County Superior Court and the undersigned counsel's acceptance of service of the instant Complaint on behalf of defendant. This complaint was filed and service accepted on July 22, 2004.

3.      That the above described action, as stated in plaintiffs Complaint, is one of which this court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1369 and is one which may be removed to this court by the defendants pursuant to the provisions of 28 U.S.C. §1441(a)-(d).

Defendant Town of West Warwick,
By its attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax:    (401) 272-9937
Email: marc@desistolaw.com

15

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid on this 23ʳᵈ day of July 2004 to:

**Mark S. Mandell, Esq.**
**Yvette M. Boisclair, Esq.**
Mandell, Schwartz & Boisclair, Ltd.
One Park Row
Providence, RI 02903
(401) 273-8330
(401) 751-7830 fax
msmandell@msb.com

**Max H. Wistow, Esq.**
Wistow & Barylick
61 Weybosset St
Providence, RI 02903
(401) 831-2700
(401) 272-9752 fax
mw@wistbar.com

**Patrick T. Jones, Esq.**
Cooley Manion Jones, LLP
1 Center Pl
Providence, RI 02903
(401) 273-0800
(617) 737-3113 fax
pjones@cmj-law.com

**Charles N. Redihan, Jr., Esq.**
Kiernan, Plunkett & Redihan
91 Friendship St
Providence, RI 02903
(401) 831-2900
(401) 331-7123 fax
credihan@kprlaw.com

**Stephen E. Breggia, Esq.**
Breggia Bowen & Grande
395 Smith St
Providence, RI 02908
(401) 831-1900
(401) 831-0129 fax
sbreggia@bbglaw.us

**Eva-Marie Mancuso, Esq.**
Hamel, Waxler, Allen & Collins
387 Atwells Ave
Providence, RI 02909
(401) 455-3800
(401) 455-3806 fax
emancuso@hwac.com

**Michael A. St. Pierre, Esq.**
Revens Revens & St. Pierre, PC
946 Centerville Road
Warwick, RI 02886
(401) 822-2900
(401) 826-3245 fax
mikesp@rrsplaw.com

**Steven A. Minicucci, Esq.**
373 Elmwood Ave
Providence, RI 02907
(401) 785-9400
(401) 941-1550 fax
sminicucci@calvinolaw.com



Ex. A

DOCKET EVENT LISTING

CASE NO.: PC2004 3985   TYPE PERSONAL INJURY
TITLE: ALBERT L GRAY   V   JEFFERY DERDERIAN
FILING DATE:   07-22-2004   ASSIGNED TO TRIAL POOL:
                DESIGNATED TO ARBITRATION:

DERDERIAN,JEFFERY                    DEF   Unknown,Attorney              AOR
GRAY,ALBERT L                        PLF   Barylick,John P               AOR

                                                           EFFECTIVE
DOC. ID.    DATE    JUDGE                        OUTCOME      DATE

    RQ    07-22-2004
     NOTICE FILED
      OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE
    RQ    07-22-2004
     WAIVER OF SERVICE OF SUMMONS FILED
      TO DIANE DERUOSI FROM MARC DESISTO 2 FILED

True Copy Attest

*[signature]*

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

5




*04-3985*

**Form 1B. Waiver of service of summons.**

TO: Diane DeRuosi, in her capacity as Treasurer of the Town of West Warwick c/o Marc DeSisto, Esq., 211 Angell Street, Providence, RI 02906.

I acknowledge receipt of your request that I waive service of a summons in the action of Albert L. Gray, Adm. of the Estate of Derek Gray, and on behalf of Jani L. Gray-McGill minor child of the decedent, Derek Gray, et al., v. Jeffery Derderian, et al., which is case number C.A. 04-3985 in the Superior Court for the County of Providence. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that the entity on whose behalf I am acting be served with judicial process in the manner provided by Rule 4.

The entity on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against the party on whose behalf I am acting if an answer or motion under Rule 12 is not served upon you within 60 days after July 22, 2004, or within 90 days after that date if the request was sent outside the United States.

7/22/04
_____
Date

*Marc De Sisto*
_____
Signature

Printed/typed name: Marc DeSisto, Esquire
[as   Marc DeSisto
[of   town of west warwick

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Rhode Island Superior Court Rules requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the costs of such service unless good cause be shown for the party's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence. Rhode Islan

*04-3985*

## Form 1B. Waiver of service of summons.

TO: Diane DeRuosi, in her capacity as Treasurer of the Town of West Warwick c/o Marc DeSisto, Esq., 211 Angell Street, Providence, RI 02906.

I acknowledge receipt of your request that I waive service of a summons in the action of Albert L. Gray, Adm. of the Estate of Derek Gray, and on behalf of Jani L. Gray-McGill minor child of the decedent, Derek Gray, et al., v. Jeffery Derderian, et al., which is case number C.A. 04-3985 in the Superior Court for the County of Providence. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that the entity on whose behalf I am acting be served with judicial process in the manner provided by Rule 4.

The entity on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against the party on whose behalf I am acting if an answer or motion under Rule 12 is not served upon you within 60 days after July 22, 2004, or within 90 days after that date if the request was sent outside the United States.

_7/22/04_____            _Marc De Soto_____
Date                                           Signature

Printed/typed name: Marc DeSisto, Esquire
[as   Marc DeSisto
[of   town of west warwick

#### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Rhode Island Superior Court Rules requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the costs of such service unless good cause be shown for the party's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

True Copy Attest

_Jay S. Smith_____

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

4



**Form 1A. Notice of lawsuit and request for waiver of service of summons.**

TO: Diane DeRuosi, in her capacity as Treasurer of the Town of West Warwick c/o Marc DeSisto, Esq., 211 Angell Street, Providence, RI 02906.

A lawsuit has been commenced against the entity on whose behalf you are addressed. A copy of the complaint is attached to this notice. It has been filed in the Superior Court of Rhode Island for the County of Providence and has been assigned docket number C.A. 04-3985.

This is not a formal summons or notification from the court, but rather our request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if we receive a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this Notice and Request is sent. We enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, we will take appropriate steps to effect formal service in a manner authorized by the Superior Court Rules of Civil Procedure and will then, to the extent authorized by the Rules, ask the court to require the party on whose behalf you are addressed to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

We affirm that this request is being sent to you on behalf of the plaintiff, this 22nd day of July, 2004.


Mark S. Mandell
Co-Chair, Plaintiffs' Steering Committee

s/msm

Max Wistow
Co-Chair, Plaintiffs' Steering Committee


**Plaintiffs' Counsel:**

Stephen E. Breggia, Esquire

Patrick T. Jones, Esquire

Eva-Marie Mancuso, Esquire

Mark S. Mandell, Esquire

Steven A. Minicucci, Esquire

Charles N. Redihan, Jr., Esquire

Michael A. St. Pierre, Esquire

Max Wistow, Esquire


True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island



# MANDELL, SCHWARTZ & BOISCLAIR, LTD.

*Attorneys at Law*

---

**Mark S. Mandell**
**Michael S. Schwartz**
**Yvette M. Boisclair**
**Jeffrey M. Padwa\***

July 22, 2004

**One Park Row**
**Providence, Rhode Island 02903**
**Telephone: (401) 273-8330**
**Fax:      (401) 751-7830**
*\*Also admitted in Massachusetts*

*04-3985*

Marc DeSisto, Esq.
211 Angell Street
Providence, RI 02906

***HAND DELIVERED***

RE:   **The Station Club Fire**

Dear Mr. DeSisto:

Please find enclosed a Complaint, a "Notice of lawsuit and request for waiver of service of summons" and a "Waiver of service of summons." We understand that you have been authorized by appointment pursuant to Rule 4(d)(2)(A) by your client the Town of West Warwick to accept service of process on its behalf and to execute the enclosed waiver of service of summons. Please sign this letter in the space provided below to manifest your acceptance of service of process of the Complaint filed by the 226 plaintiffs who are represented by the eight (8) attorneys and law firms as are enumerated in the enclosed Complaint and as are listed below. Your signature also acknowledges that your acceptance of the Complaint, the "Notice of lawsuit and request for waiver of service of summons" and your executing the "Waiver of service of summons" on behalf of the Town of West Warwick satisfies the requirements of Rule 4 including but not limited to Rules 4(d) and 4(e)(5). Please complete the enclosed "Waiver of service of summons" and return it in the self-addressed, stamped, envelope.

Marc DeSisto, Esq.
Counsel for Diane DeRuosi, in her capacity
as Treasurer of the Town of West Warwick
and for the Town of West Warwick

Plaintiffs' Counsel:

ɪrue Copy Attest

Office of Clerk oɪ Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**MANDELL, SCHWARTZ & BOISCLAIR, LTD.**

Page 2
July 22, 2004

Stephen E. Breggia, Esquire
Breggia, Bowen & Grande
395 Smith Street
Providence, RI  02908

Plaintiffs #64, #65(a), #66 through #68,
inclusive and #192 through #195, inclusive

Eva-Marie Mancuso, Esquire
Hamel, Waxler, Allen & Collins
387 Atwells Avenue
Providence, RI 02909

Plaintiffs #69, #70 and #199

Steven A. Minicucci, Esquire
Calvino Law Associates
373 Elmwood Avenue
Providence, RI 02907

Plaintiffs #76 through #79, inclusive and
#215 through #221, inclusive

Michael A. St. Pierre, Esquire
Revens, Revens & St. Pierre, P.C.
946 Centerville Road
Warwick, RI  02886

Plaintiffs #65(b), #71 through #75,
inclusive, #196 through #215, inclusive and
#224

Patrick T. Jones, Esquire
Cooley, Manion, Jones, LLP
21 Custom House Street
Boston, MA  02110

Plaintiffs #1 through #12, #13a, b and c,
#14 through #16, inclusive, #80 through
#132, inclusive, and #222 and #223

Mark S. Mandell, Esquire
Mandell, Schwartz & Boisclair, Ltd.
One Park Row
Providence, RI 02903

Plaintiffs #13d and e, #17 through #63,
inclusive, #133 through #190, inclusive
and #225 and #226

Charles N. Redihan, Jr., Esquire
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, RI  02903

Plaintiff #191

Max Wistow, Esquire
John Barylick, Esquire
Wistow & Barylick, Inc.
61 Weybosset Street

Plaintiffs #13d and e, #17 through #63,
inclusive, #133 through #190, inclusive
and #225 and #226

Very truly yours,
Plaintiffs' Steering Committee

Mark S. Mandell
Co-Chair, Plaintiffs' Steering Committee

Max Wistow
Co-Chair, Plaintiffs' Steering Committee

MSM/pbr

S/msm

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island





## STATE OF RHODE ISLAND
## SUPERIOR COURT

## CIVIL
## CASE COVER SHEET

Case # (Filled in by Clerk's Office)

This form must be filed with each original document that commences a civil proceeding in the Clerk's Office (R.P.3.10). If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| ALBERT L. GRAY, ADMINISTRATOR, ET AL., PLAINTIFFS | JEFFREY DERDERIAN, ET AL., DEFENDANTS |

**NATURE OF PROCEEDING** — Check the applicable case type under the main categories listed below.   **(Check One Only)**

District Court Appeal ☐ yes (Check type below)

### CIVIL ACTIONS

☐ AGA  Agency appeal
☐ ALA  Alienation of affection
☐ ANT  Anti-trust
☐ ASB  Assault and battery
☐ BKA  Book account
☐ CLA  Common law assignment
☐ CLL  Common law lien
☐ CON  Contract
☐ CNV  Conversion
☐ CRC  Criminal conversation
☐ CIC  Criminal inj compensation
☐ DOJ  Debt on judgment
☐ DTP  Deceptive trade practice
☐ DEJ  Declaratory judgment

☐ **Other than above (specify type):**

☐ DPC  Denial of probate claim
☐ EXT  Excessive tax
☐ INR  Injunctive relief
☐ IPL  Interpleader
☐ LIB  Libel/slander
☐ MLE  Malpractice-legal
☐ MME  Malpractice-medical
☐ MOT  Malpractice other
☐ WOM  Mandamus, writ of
☐ PRT  Partition
☒ PER  Personal injury
☐ IDV  Personal inj-property dam-vehicle
☐ PIV  Personal injury-vehicle
☐ PRL  Product liability

☐ PRN  Promissory note
☐ PDM  Property damage
☐ PDV  Property damage-vehicle
☐ RLP  Real property
☐ RIC  Reinstate charter
☐ DIN  Recovery of damages/insurance
☐ ROF  Recovery of funds
☐ WOR  Replevin, writ of
☐ SPP  Specific performance
☐ TCO  Title clearing (other than tax title)
☐ TAE  Trespass and ejectment
☐ TRA  Trustee/accounting
☐ TCT  Trustee appt convey title
☐ UNM  Uninsured motorist
☐ WRD  Wrongful death

### MISCELLANEOUS PETITIONS

☐ ARA  Arbitration award
☐ CAR  Arbitration/confirm
☐ RTA  Arbitration/referral
☐ VAR  Arbitration/vacate
☐ AOD  Assessment of damages
☐ CND  Condemnation
☐ CFC  Confirm compromise
☐ DOC  Dissolution of corp.
☐ EDP  End partnership
☐ FRR  Forclosure of right of redemption

☐ **Other than above (specify type):**

☐ TLF  Foreclosure tax lien
☐ FOC  Forfeiture of charter
☐ GJI  Grand Jury Investigation
☐ HAC  Habeas corpus
☐ MAW  Material witness
☐ MEL  Mechanics lien
☐ OSW  Out of state witness
☐ PFS  Perform surgery
☐ PFC  Petition for constable
☐ PTE  Petition to expunge

☐ PFI  Petition for immunity
☐ PIN  Pet for inventory (wire tap)
☐ PFR  Petition for review
☐ PTD  Pet to take deposition
☐ PCR  Post conviction relief
☐ REC  Receivership
☐ R5A  Rule 5A petition
☐ TCL  Title clearing (tax title)
☐ AOT  Trustee/appointment of
☐ DOT  Trustee/dec\ination of
☐ ACS  Trustee/su\cesso\

### PROBATE APPEALS

☐ WIL  Will          ☐ TRS  Trust          ☐ GRD  Guardianship

☐ **Other than above (specify type):**

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

| Is this a case that may require a trial for resolution? | ☒ yes | ☐ no | If yes: | ☒ jury or | ☐ non-jury |
|---|---|---|---|---|---|
| (attorney name) | | | | | (date) |
| ☐ pro se | John P. Barylick, Esq. (#1907) | | | | July 22, 2004 |

S-223 6 85



STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE, SC.


ALBERT L. GRAY, ADMINISTRATOR, ET AL. :
                         PLAINTIFFS,    :
                                        :
                                        :
        vs.                             : C.A. No. 04-3985
                                        :
JEFFREY DERDERIAN, ET AL.,              : **JURY TRIAL CLAIMED**
                         DEFENDANTS.    :
                                        :


## MASTER COMPLAINT
## OF SUPERIOR COURT PLAINTIFFS' STEERING COMMITTEE


Submitted By The Rhode Island Superior Court
Station Fire Plaintiffs' Steering Committee,


Co-Chairs:                                          Vice-Chair:


Max Wistow, Esq.          Mark S. Mandell, Esq.          Patrick T. Jones, Esq.
WISTOW & BARYLICK INC.    MANDELL, SCHWARTZ & BOISCLAIR  COOLEY MANION JONES, LLP
61 Weybosset Street       One Park Row                   21 Custom House Street
Providence, RI    02903   Providence, RI    02903        Boston, MA    02110
(401) 831-2700            (401) 273-8330                 (617) 737-3100


Additional Members:


Michael A. St. Pierre, Esq.   Stephen E. Breggia, Esq.    Steven A. Minicucci, Esq.
REVENS, REVENS & ST. PIERRE   BREGGIA, BOWEN & GRANDE      CALVINO LAW ASSOCIATES
946 Centerville Road          395 Smith Street             373 Elmwood Avenue
Warwick, RI    02886          Providence, RI    02908      Providence, RI    02907
(401) 822-2900                (401) 831-1900               (401) 785-9400


Eva Marie Mancuso, Esq.       Charles N. Redihan, Esq.
HAMEL, WAXLER, ALLEN &        KIERNAN, PLUNKETT & REDIHAN   True Copy Attest
COLLINS                       91 Friendship Street
387 Atwells Avenue            Providence, RI    02903        *[signature]*
Providence, RI    02909       (401) 831-2900
(401) 455-3800                                            Office of Clerk of Superior Court
                                                          Counties of Providence & Bristol
                                                          Providence, Rhode Island

                                                                        *[handwritten]* 12284D

STATE OF RHODE ISLAND                                    SUPERIOR COURT
PROVIDENCE, SC.

| | |
|---|---|
| 1. | Albert L. Gray, Adm. of the Estate of Derek Gray, and on behalf of Jani L. Gray-McGill, minor child of the decedent, Derek Gray; |
| 2. | Joanne O'Neill, Adm. of the Estate of Nicholas O'Neill; |
| 3. | Marie G. Morton, Adm. of the Estate of Jason R. Morton, individually as wife and surviving spouse of the decedent, Jason R. Morton, and as mother and next friend of Kaitlin Marie Morton and Ashley Marie Morton, minor children of the decedent, Jason R. Morton; |
| 4. | Angel O. Amitrano, Adm. of the Estate of Thomas A. Barnett; |
| 5. | Joanne L. Mitchell and William Mitchell, Co-Adm. of the Estate of Donna M. Mitchell, and Joanne L. Mitchell, as guardian and next friend of Brooklyn Belanger and Joslynn Belanger, minor children of the decedent, Donna M. Mitchell; |
| 6. | Scott J. Vieira, Adm. of the Estate of Kelly Lynn Vieira, and as husband and surviving spouse of the decedent, Kelly Lynn Vieira, and as father and next friend of Crystle Vieira, minor child of the decedent, Kelly Lynn Vieira; |
| 7. | Patricia Avilez, Adm. of the Estate of Eugene Avilez; |
| 8. | Jennifer L. Young, Adm. of the Estate of Robert Daniel Young and as wife and surviving spouse of the decedent, Robert Daniel Young; |
| 9. | Leonard Angers, Adm. of the Estate of Stacie J. Angers; |
| 10. | Dorothy Marion, Adm. of the Estate of Thomas Frank Marion, Jr.; |
| 11. | Yvette Fresolo, on behalf of the Estate of Michael Fresolo, and as wife and surviving spouse of the decedent, Michael Fresolo, and as mother and next friend of Maria Fresolo and Emily Fresolo, minor children of the decedent, Michael Fresolo; |
| 12. | Heidi Peralta Longley, as parent of and for the benefit of AceyTy Longley, minor child of the decedent, Ty Longley; |
| 13. | Katherine Shubert, on behalf of the Estate of |

CIVIL ACTION
NO.:

Mitchell Shubert; and as wife and surviving spouse of the decedent, Mitchell Shubert, and as mother and next friend of Melissa Cara Shubert, minor child of the decedent, Mitchell Shubert; Maryanne Shubert, as minor daughter at the time of death of Mitchell Shubert, and Laura Shubert, as mother and next friend of Mitchell J. Shubert, Jr., minor child of the decedent, Mitchell Shubert;

14. Eileen L. DiBonaventura, Adm. of the Estate of Albert DiBonaventura;

15. Donna DeBoard, Adm. of the Estate of Daniel Frederickson, and on behalf of Amanda Frederickson, Ryan Frederickson and Amber Frederickson, minor children of the decedent, Daniel Frederickson;

16. Judith Marie Croteau, on behalf of the Estate of her son, Robert J. Croteau;

17. Warren L. Baker, III and John J. Decosta, III, Co-Adm. of the Estate of Mary H. Baker and John J. Decosta, III as the natural and legal guardian of the persons and estates of Alison M. Decosta, John R. Decosta, Scott A. Decosta and Michael J. Decosta, minor children of the decedent, Mary H. Baker, and Warren L. Baker, III, as husband and surviving spouse of Mary H. Baker;

18. Dorothy E. Bonardi, Adm. of the Estate of William C. Bonardi, III;

19. Denise M. McGregor and Nancy Depasquale, Co-Adm. of the Estate of Alfred C. Crisostomi and Denise M. McGregor as mother and next friend of Brandon M. Crisostomi, minor child of the decedent, Alfred C. Crisostomi;

20. Eileen Dunn as surviving spouse of Kevin Dunn and mother and next friend of Joanna Dunn, minor child of the decedent, Kevin Dunn;

21. Anthony J. Durante as father and next friend of Anthony Durante and Matthew Durante, minor children and wrongful death beneficiaries of the decedent, Lori K. Durante;

22. Loriann Gooden, Adm. of the Estate of James F. Gooden, and Loriann Gooden, individually as wife and surviving spouse of the decedent, James F. Gooden;

23. Claire H. Bruyere, Adm. of the Estate of Bonnie

L. Hamelin;

24. John M. Hoban, Adm. of the Estate of Andrew R. Hoban;

25. Paula A. McLaughlin, Adm. of the Estate of Michael B. Hoogasian;

26. Paula A. McLaughlin, Adm of the Estate of Sandy L. Hoogasian;

27. Maria Latulippe, Adm. of the Estate of Dale L. Latulippe and as the natural and legal guardian of the person and estate of Dustin T. Latulippe, minor child of the decedent, Dale L. Latulippe, and Maria Latulippe, Individually as wife and surviving spouse of Dale L. Latulippe;

28. John A. Longiaru and Sus Longiaru, Co-Adm. of the Estate of John M. Longiaru;

29. Sarah R. Mancini and Anthony B. Mancini, Co-Adm. of the Estate of Keith A. Mancini.

30. Barbara Magness, Adm. of the Estate of Steven R. Mancini;

31. Paul A. Morin, Adm. of the Estate of Ryan M. Morin;

32. Roderick Prouty and Nancy A. Lee, Co-Adm. of the Estate of Christopher Prouty and Paula Woodcock as mother and next friend of Makayla Woodcock the minor child of the decedent Christopher Prouty;

33. Susan Sylvia, Adm. of the Estate of Kevin Anderson, and Melinda Bloomingburgh, as mother and next friend of Kevin Gage, minor child of the decedent, Kevin Anderson;

34. Ray F. Beauchaine, Sr., Adm. of the Estate of Laureen Beauchaine, Ray Beauchaine, Jr., individually as husband and surviving spouse of the decedent, Laureen Beauchaine, and Ray Beauchaine, Jr., as father and next friend of Ray F. Beauchaine, III, Christopher R. Beauchaine and Ashley Beauchaine, minor children of the decedent, Laureen Beauchaine

35. Sally Blom and Rolland Blom, Co-Adm. of the Estate of Steven Blom, and Sharon Colpitts as mother and next friend of Steven Blom, Jr., a minor child of the decedent, Steven Blom;

36. Catherine Cabral, Adm. of the Estate of Richard Cabral, Jr., Catherine Cabral, individually as wife and surviving spouse of the decedent, Richard Cabral, Jr., and Catherine Cabral, as

mother and next friend of Christine Cabral and Richard Cabral, III, minor children of the decedent, Richard Cabral, Jr.;

37. William H. Cartwright, Jr., Adm. of the Estate of William W. Cartwright;

38. Katherine Cordier and Ronald J. Cordier, Co-Adm. of the Estate of Michael Cordier;

39. Mark D'Andrea, Adm. of the Estate of Lisa D'Andrea;

40. Peter M. DiRienzo, Adm. of the Estate of Christina DiRienzo, Peter M. DiRienzo, individually as husband and surviving spouse of the decedent, Christina DiRienzo, Peter M. DiRienzo, as father and next friend of Beau DiRienzo, minor child of the decedent, Christina DiRienzo, and Peter M. DiRienzo, Jr., as minor son of the deceased, Christina DiRienzo at the time of her death;

41. Lawrence E. Fick, Adm. of the Estate of Charline E. Fick, and Lawrence E. Fick, as father and next friend of Samantha Fick and William Fick, minor children of the decedent, Charline E. Fick;

42. Timothy J. Fleming, Adm. of the Estate of Thomas J. Fleming;

43. Dean DePietro, Adm. of the Estate of Rachel K. Florio-DePietro, and Dean DePietro, as father and next friend of Adrian DePietro, a minor child of the decedent, Rachel K. Florio-DePietro;

44. James C. Gahan, III, Adm. of the Estate of James C. Gahan, IV;

45. Sandra L. Greene, Adm. of the Estate of Scott C. Greene, and Sandra L. Greene, individually as wife and surviving spouse of the decedent, Scott C. Greene;

46. Bruce G. Pollock, Esq., Adm. of the Estate of Scott S. Griffith, and Nancene Cohen as guardian of the Estate and next friend of Kacie L. Griffith, a minor child of the decedent, Scott S. Griffith;

47. Bonnie A. Hoisington, Adm. of the Estate of Abbie L. Hoisington;

48. Carlton L. Howorth, Jr., Adm. of the Estate of Carlton L. Howorth, III, and Karen E. Howorth, as mother and next friend of Elizabeth Howorth,

a minor child of the decedent, Carlton L. Howorth, III;

49. George F. Phelan, Esq., Special Adm. of the Estate of Lisa Kelly;

50. Evelyn L. King, Adm. of the Estate of Tracy F. King, Evelyn L. King, individually as wife and surviving spouse of the decedent, Tracy F. King, Evelyn L. King, as mother and next friend of Joshua King and Jacob King, minor children of the decedent, Tracy F. King and Rozilyn Guy, as mother and next friend of Jordan King, minor child of the decedent, Tracy F. King;

51. Barbara A. Kulz and George A. Kulz, Co-Adm. of the Estate of Michael J. Kulz;

52. Tammy Lapierre, Adm. of the Estate of Keith R. Lapierre, Tammy Lapierre, individually as wife and surviving spouse of the decedent, Keith R. Lapierre, and Tammy Lapierre, as mother and next friend of Ryan S. Lapierre and Sarah R. Lapierre, minor children of the decedent, Keith R. Lapierre;

53. Judith Carver, Adm. of the Estate of Kristen L. McQuarrie;

54. Richard Moreau and Jean Moreau, Co-Adm. of the Estate of Leigh Ann Moreau;

55. Michael Reno, Esq., Adm. of the Estate of Beth Mosczynski;

56. Richard H. Rakoski, Adm., of the Estate of Theresa L. Rakoski, and Richard H. Rakoski, individually as husband and surviving spouse of the decedent, Theresa L. Rakoski;

57. Judy O'Brien, Adm. of the Estate of Robert L. Reisner, III;

58. John J. Shaw, Exec. of the Estate of Rebecca Shaw;

59. Veda Kerr, Adm. of the Estate of Victor L. Stark;

60. Zachary S. Suffoletto and Diana L. Shaughnessy, Co-Adm. of the Estate of Benjamin J. Suffoletto, Jr.;

61. Zachary S. Suffoletto and Diana L. Shaughnessy, Co-Adm. of the Estate of Linda D. Suffoletto;

62. Honorina Washburn, Adm. of the Estate of Kevin R. Washburn;

63. Cheryl Haines, Adm. of the Estate of Everett T.

Woodmansee, III;

64. Melinda J. Darby, Adm. of the Estate of Matthew P. Darby, individually and as natural parent, next friend and guardian of Jessica L. Darby and Sarah M. Darby, minor children of the decedent, Matthew P. Darby;

65. Susan W. Romanoff, Ex. of the Estate of Tracey L. Romanoff and Jordan Blasbalg as guardian of Joshua Blasbalg and Lindsey Blasbalg, minor children of the decedent, Tracey Romanoff;

66. Mark P. Hyer, Sr., Adm. of the Estate of Eric J. Hyer;

67. Annmarie Swidwa, Adm. of the Estate of Bridget M. Sanetti;

68. Stephen A. Gillett, Adm. of the Estate of Laura L. Gillett, individually and as father, next friend and permanent legal guardian of Jake T. Gillett and Jared J. Gillet, minor children of the decedent, Laura L. Gillett;

69. Suzanne Fox, Adm. of the Estate of Jeffrey Wood Martin;

70. Ellen-Marie Stowers, Adm. of the Estate of Jennifer L. Stowers

71. Sharon Eaton, Adm. of the Estate of Edward B. Corbett, III;

72. Patricia Belanger, Ex. of the Estate of Dina A. DeMaio and Steven Beardsworth, temporary guardian of Justin Perry, minor child of the decedent, Dina A. DeMaio;

73. Robert J. Johnson, Sr., Adm. of the Estate of Derek B. Johnson;

74. Jacqueline Jacavone, Adm. of the Estate of Andrea L. Jacavone-Mancini;

75. Leo Smith and Doris Smith as Co-Adm. of the Estate of Dennis J. Smith;

76. Korina Arruda, Co-Adm. of the Estate of Christopher G. Arruda and as surviving spouse of the decedent, Christopher G. Arruda;

77. Gerard W. Fontaine and Rosanna C. Fontaine, Co-Adm. of the Estate of Mark A. Fontaine;

78. John J. Libera and Joanne T. Libera, Co-Adm. of the Estate of Stephen Matthew Libera;

79. Edward C. Ervanian as Adm. of the Estate of Edward E. Ervanian;

80. Kathleen Sullivan;

81. Scott J. Vieira, individually and as father and

next friend of Crystle Vieira, his minor child;

82. Susan H. Chamberlin;

83. John F. Van Deusen III, individually and as father and next friend of John F. Van Deusen IV and Dylan Van Deusen, minor children of John F. Van Deusen III;

84. Robert J. Luxton;

85. Elizabeth Arruda, individually and as mother and next friend of Zoey Retamoza, minor child of Elizabeth Arruda;

86. Robert W. Rager;

87. Joseph K. Kinan individually and Joseph K. Kinan and Maureen Sullivan, as parents and next friends of Kaitlin E. Sullivan, a minor;

88. John F. Fairbairn, individually and as father and next friend of John Fairbairn and Ariana Fairbairn, minor children of John F. Fairbairn;

89. Andrea F. Fairbairn, individually and as mother and next friend of John Fairbairn, Ariana Fairbairn, Amanda Melendez Durfee and Christopher Melendez Durfee, minor children of Andrea F. Fairbairn;

90. Jose Roberto Demos, individually and as father and next friend of Vanessa Santos Demos and Samuel Santos Demos, minor children of Jose Roberto Demos;

91. Roberta O'Melia, individually and as mother and next friend of Brendan O'Melia and Christian O'Melia, minor children of Roberta O'Melia;

92. Fredrick P. Vallante, Jr., individually and as father and next friend of Caitlyn Vallante and Courtney Vallante, minor children of Fredrick P. Vallante, Jr.;

93. Kerrie-Lynn Beers, individually and as mother and next friend of Jeremy T. Beers, minor child of Kerrie-Lynn Beers;

94. Francis J. Canillas;

95. David Ciccone;

96. Christopher J. Travis;

97. Jon R. Schmidt, individually and as father and next friend of Ryan Schmidt and Evan Schmidt, minor children of Jon R. Schmidt;

98. David B. MacDonald, individually and as father and next friend of David B. MacDonald, Jr., minor child of David B. MacDonald;

99. Paul du Fossé;
100. John R. Arpin, individually and as father and next friend of Ryan Arpin and Matthew Arpin, minor children of John R. Arpin;
101. Paula Gould;
102. Kevin J. Beese, Sr., individually and as father and next friend of Taylor Beese, Brittany Beese and Kevin Beese, Jr., minor children of Kevin J. Beese, Sr.;
103. Shaun O'Donnell;
104. Brian Loftus;
105. Christopher Costa, individually and as father and next friend of Leah Elizabeth Costa Turck, minor child of Christopher Costa;
106. Georgette Giroux-Brown, individually and as mother and next friend of Ben Giroux-Brown, minor child of Georgette Giroux-Brown;
107. Stephanie Zannella;
108. Roberta J. Prete, individually and as mother and next friend of Michael Falco, minor child of Roberta J. Prete;
109. Catherine Randall, individually and as mother and next friend of Douglas Randall and Meagan Randall, minor children of Catherine Randall;
110. Edward Pezzelli, Jr., individually and as father and next friend of Edward Pezzelli III and Hannah Pezzelli, minor children of Edward Pezzelli, Jr.;
111. Paul Pezzelli, individually and as father and next friend of Megan Pezzelli and Kyle Pezzelli, minor children of Paul Pezzelli;
112. Joseph P. Barber, individually and as father and next friend of Max Leili and Brandon Tully, minor children of Joseph P. Barber;
113. Irina M. Gershelis, individually and as mother and next friend of Brentin St. Jean and Colner St. Jean, minor children of Irina M. Gershelis;
114. Rodney J. Gaumitz, individually and as father and next friend of Tyler Gaumitz and Collin Gaumitz, minor children of Rodney J. Gaumitz;
115. Donna Reis;
116. Ronald S. Schoepfer;
117. Richard J. Grace;
118. Tawnya Kelly, individually and as mother and next friend of Andrew A. Jones and Aryanna F. Greene, minor children of Tawnya Kelly;

119. Gregory Scott Dufour, individually and as father and next friend of Ashley A. DuFour, minor child of Gregory Scott Dufour;

120. John D. Wigginton;

121. Scott Dunbar;

122. Joseph Lusardi;

123. John Kudryk;

124. Brandon Fravala, individually and as father and next friend of Nicholas James Douglas Fravala, minor child of Brandon Fravala;

125. David Fravala;

126. Robin Petrarca;

127. Michael Stefani, individually and as father and next friend of Jade Bartels, minor child of Michael Stefani;

128. Hollie A. Pomfret and Justin Pomfret, individually and as parents and next friends of Alexis Pomfret and Skylar Pomfret, minor children of Hollie A. Pomfret;

129. Justin Pomfret and Hollie A. Pomfret, individually and as parents and next friends of Alexis Pomfret and Skylar Pomfret, minor children of Justin Pomfret.

130. Al Prudhomme;

131. Charlene Prudhomme;

132. Robert Harrington;

133. Robert A. Barlow;

134. Kristen A. Brown;

135. Patricia L. Clarke, individually and as mother and next friend of Kira Lynn Clarke, a minor;

136. Gennaro Companatico, individually and as father and next friend of Samantha Companatico and Genna Companatico, minors;

137. Richard Cook, Sarah Amy Cook as wife of Richard Cook and Richard and Sarah Cook as parents and next friends of their minor child, Cooper R. Cook;

138. Richard DelSanto, individually and as parent and next friend of his minor children, Jarred Ferrara and Evan Parr;

139. Joseph A. Dibona, Jr.;

140. Linda M. Fisher individually, Kevin J. Fisher, individually and Linda M. Fisher and Kevin J. Fisher as parents and next friends of Amber Fisher, a minor;

141. Joseph M. Flynn;

142. Lisa C. Hale, individually and as mother and next friend of Kylen Hale, a minor;

143. Laurie A. Hussey, individually, John Edward Hussey, Jr. , individually and Laurie A Hussey and John Edward Hussey as parents and next friends of Hallie Ann Hussey and Rayanna Leigh Hussey, minors;

144. Marc A. Lucier;

145. Matthew Mallette, individually, Jessica Mallette, individually and Matthew Mallette and Jessica Mallette as parents and next friends of Joshua Mallette and Cameron Mallette, minors;

146. John Mangan, Jr.;

147. Frances P. McMurray;

148. Christopher J. Nowicki;

149. Paul M. Pelletier;

150. Michael Perreault;

151. Christopher A. Peters;

152. Jonathan Petrin;

153. Jason Piscopio;

154. John A. Rezendes, individually and as father and next friend of Leah M. Rezendes and Cameron M. Rezendes, minors;

155. Catherine C. Sagesta individually and as mother and next friend of Christin Cameron and Samantha Cameron, minors;

156. George Solitro;

157. Gary Stein individually and as father and next friend of Victoria Stein and Joshua Stein, minors;

158. Melissa A. Stephenson,

159. Ray F. Beauchaine, Jr., and Ray F. Beauchaine, Jr., as father and next friend of Ray F. Beauchaine, III, Christopher R. Beauchaine and Ashley Beauchaine, minor children of Ray Beauchaine, Jr.;

160. Julie Belson;

161. Kevin Blom;

162. Milisa Bump, individually and as mother and next friend of Dereck Bump and Sandra Dunn, minor children of Milisa Bump;

163. Jennifer Choquette;

164. Nicole Conant;

165. Stephanie Conant;

166. Arthur J. Conway, III;

167. Robert Cushman;

168. Shauna Dell, and Claude Richard as husband of Shauna Dell;

169. Claude Richard and Shauna Dell as wife of Claude Richard;

170. Richard Dufour, Jr.;

171. James Dufresne, individually and as father and next friend of James J. Dufresne, Jr. and Bryan Dufresne, minor children of James Dufresne;

172. John Gibbs;

173. Gregory Gray;

174. Grant Hall;

175. Michael Iannone;

176. Adrian Krasinskas;

177. Joseph LoBianco;

178. David McGinn;

179. Deborah Peduzzi individually and Deborah Peduzzi and Robert Peduzzi as parents and next friends of Joseph Peduzzi and Ashley Peduzzi, minors;

180. Dawn Perry, individually and Stephen Perry, as husband of Dawn Perry;

181. Stephen Perry, individually and Dawn Perry, as wife of Stephen Perry;

182. Robin Precourt, and Justina Martin as minor daughter at the time of injury to Robin Precourt;

183. Gina Russo, and Gina Russo, as mother and next friend of Alex Odsen and Nicholas Odsen, minor children of Gina Russo;

184. Milton Servis, II;

185. Derrick Silva;

186. Erik Sippy;

187. David Steets, individually and as father and next friend of David M. Steets, a minor;

188. Raul Vargas and Melanie Vargas, individually and as parents and next friends of Bryan Vargas, a minor;

189. Jennifer Vieira;

190. Andrew S. Richardson, Trustee in Bankruptcy for Debra Wagner and Brian Wagner, individually, and Debra Wagner and Brian Wagner as parents and next friends of Krystal Wagner, a minor;

191. Gina M. Gauvin, individually and as parent and next friend of Shayna S. Gauvin and Joseph Jordan;

192. Scott C. Moresco, individually, and in his

capacity as natural parent, next friend and
guardian of Tatiana Abel;

193. Mario B. Cardillo individually and Kathleen M.
Cardillo as wife of Mario B. Cardillo;

194. Kathleen M. Cardillo, individually, and Mario
B. Cardillo as husband of Kathleen M. Cardillo.

195. Tammy M. St. Hilaire;

196. Robert P. Feeney;

197. David D. Brennan, individually and Susan Brennan
as wife of David D. Brennan;

198. Robert M. Cripe

199. Neil E. Cronin;

200. Karen M. Gordon;

201. Paul R. Gordon;

202. Joseph A. Jones;

203. Lee A. Karvonen;

204. Theresia M. LaBree;

205. Melissa J. Minor, individually and John Minor
as husband of Melissa J. Minor;

206. Charles A. Oberg;

207. Linda A. Ormerod;

208. John S. Pinkham;

209. Victoria L. Potvin;

210. Kerrie A. Rock;

211. Timothy J. Rossano;

212. Nancy S. Trautz, individually and Chris C.
Trautz as husband of Nancy S. Trautz;

213. Donovan Williams individually and as parent
and next friend of Zachary Williams, Hayley
Williams and Dylan Williams;

214. Sharon A. Wilson;

215. Melanie Fontaine;

216. Shawn Lourenco and Mary Lourenco, as Legal
Guardian on behalf of Shawn Lourenco's
children, Bryan Lourenco, Brett Lourenco and
Brad Lourenco;

217. Ashley A. Poland;

218. Joseph Cristina;

219. William Rancourt;

220. Matthew Dussault;

221. Paul Bertolo;

222. Cynthia A Nobles, individually, and Edward D.
Nobles as husband of Cynthia A Nobles;

223. Edward D. Nobles, individually, and Cynthia A.
Nobles as wife of Edward D. Nobles;

224. Donald N. Trudeau, individually, and Roberta

Trudeau as wife of Donald N. Trudeau;
225. Jane C. Sylvester and Robert L. Sylvester, Co-Adm. of the Estate of Jason Sylvester;
226. Erin Pucino, individually and as mother and next friend of Sterling Pucino, her minor child

(227 through 270 reserved)

Plaintiffs,

v.

D1. Jeffrey Derderian;
D2. Michael Derderian;
D3. DERCO, LLC;
D4. Howard Julian;
D5. Triton Realty Limited Partnership;
D6. Triton Realty, Inc.;
D7. Raymond Villanova;
D8. Jack Russell;
D9. Jack Russell Touring, Inc.;
D10. Paul Woolnough;
D11. Manic Music Management, Inc.;
D12. Knight Records, Inc.;
D13. Daniel Biechele;
D14. Anheuser-Busch, Incorporated;
D15. Anheuser-Busch Companies, Incorporated;
D16. McLaughlin & Moran, Inc.;
D17. WHJY, Inc.;
D18. Clear Channel Broadcasting, Inc.;
D19. Denis P. Larocque, Fire Inspector;
D20. Anthony Bettencourt
D21. Diane DeRuosi, in her capacity as Treasurer of the Town of West Warwick;
D22. State of Rhode Island;
D23. Irving J. Owens, Fire Marshal;
D24. Brian Butler;
D25. LIN Television Corporation;
D26. CBS Broadcasting, Inc. d/b/a WPRI – Channel 12
D27. Barry H. Warner;
D28. Luna Tech, Inc.;
D29. High Tech Special Effects, Inc.;
D30. American Foam Corporation;
D31. Leggett & Platt, Incorporated;
D32. L&P Financial Services Co.;
D33. General Foam Corporation;
D34. GFC Foam, LLC;

D35.   Foamex LP
D36.   Foamex International Inc.;
D37.   FMXI, Inc.;
D38.   PMC, Inc.;
D39.   PMC Global, Inc.;
D40.   JBL Incorporated f/k/a James B. Lansing Sound,
       Incorporated d/b/a JBL Professional;
D41.   Essex Insurance Company;
D42.   Multi-State Inspections, Inc.;
D43.   High Caliber Inspections, Inc.;
D44.   Underwriters at Lloyd's, London;
D45.   Gresham & Associates of R.I., Inc.
D46.   Four Seasons Coach Leasing, Inc.,
D47.   through D58. "John Doe" defendants (being
       unknown defendants who manufactured,
       distributed, sold or installed non-flame-retardant
       foam or other defective products in use at The
       Station nightclub on February 20, 2003, who
       inspected the premises after installation of the
       foam but prior to February 20, 2003, who
       promoted, managed or produced the appearance
       of Great White at The Station nightclub on
       February 20, 2003, or who received property
       from Triton Realty-related persons or entities
       with intent to hinder, delay or defraud Plaintiffs).

Defendants

- 14 -

**TABLE OF CONTENTS**

| | | PAGE |
|---|---|---|
| Introduction | | 17 |
| Plaintiffs | | 17 |
| Defendants | | |
| D1. | Jeffrey Derderian | 66 |
| D2. | Michael Derderian | 69 |
| D3. | DERCO, LLC | 70 |
| D4. | Howard Julian | 71 |
| D5. | Triton Realty Limited Partnership | 72 |
| D6. | Triton Realty, Inc. | 74 |
| D7. | Raymond Villanova | 75 |
| D8. | Jack Russell | 77 |
| D9. | Jack Russell Touring, Inc. | 78 |
| D10. | Paul Woolnough | 80 |
| D11. | Manic Music Management, Inc. | 81 |
| D12. | Knight Records, Inc. | 83 |
| D13. | Daniel Biechele | 84 |
| D14. | Anheuser-Busch, Incorporated | 85 |
| D15. | Anheuser-Busch Companies, Incorporated | 85 |
| D16. | McLaughlin & Moran, Inc. | 88 |
| D17. | WHJY, Inc. | 88 |
| D18. | Clear Channel Broadcasting, Inc. | 90 |
| D19. | Denis P. Larocque, Fire Inspector | 92 |
| D20. | Anthony Bettencourt | 93 |
| D21. | Diane DeRuosi, in her capacity as Treasurer of the Town of West Warwick | 93 |
| D22. | State of Rhode Island | 93 |
| D23. | Irving J. Owens, Fire Marshal | 96 |
| D24. | Brian Butler | 96 |
| D25. | LIN Television Corporation | 98 |
| D26. | CBS Broadcasting, Inc. d/b/a WPRI – Channel 12 | 99 |
| D27. | Barry H. Warner | 99 |
| D28. | Luna Tech, Inc. | 100 |
| D29. | High Tech Special Effects, Inc. | 102 |
| D30. | American Foam Corporation | 103 |
| | | 105 |

D31.   Leggettt & Platt Incorporated.................................................   107
D32.   L&P Financial Services Co. ...............................................   108
D33.   General Foam Corporation ..................................................   110
D34.   GFC Foam, LLC ...............................................................   111
D35.   Foamex LP ......................................................................   113
D36.   Foamex International Inc. ..................................................   113
D37.   FMXI, Inc. ......................................................................   115
D38.   PMC, Inc. ........................................................................   115
D39.   PMC Global, Inc. .............................................................   115
D40.   JBL Incorporated f/k/a James B. Lansing Sound,
         Incorporated d/b/a JBL Professional ..................................   116
D41.   Essex Insurance Company ..................................................   118
D42.   Multi-State Inspections, Inc. ..............................................   118
D43.   High Caliber Inspections, Inc. .............................................   118
D44.   Underwriters at Lloyd's, London .........................................   120
D45.   Gresham & Associates of R.I., Inc. .....................................   120
D46.   Four Seasons Coach Leasing, Inc. .......................................   122
D47.   through D57.  "John Doe" defendants (being
         unknown defendants who manufactured, distributed,
         sold or installed non-flame-retardant foam or other
         defective products in use at The Station nightclub on
         February 20, 2003, who inspected the premises after
         installation of the foam but prior to February 20, 2003,
         who promoted, managed or produced the appearance of
         Great White at The Station nightclub on February 20, 2003,
         or who received property from Triton Realty-related persons or
         entities with intent to hinder, delay or defraud Plaintiffs). ..................   123

Prayers for Relief ....................................................................   125

Jury Trial Claim .....................................................................   128

Signatures of Enumerated Plaintiffs' Counsel ........................................   128

Appendices

         Appendix A:  Numerical Victim Index
         Appendix B:  Alphabetical Victim Index
         Appendix C:  Attorney/Victim  Index

## COMPLAINT AND JURY DEMAND

### Introduction

By Pretrial (Case Management) Order #2, entered on May 27, 2003, this Court appointed a

Plaintiffs' Steering Committee with Mark Mandell, Esq., and Max Wistow, Esq., as its Co-

Chairs and Patrick Jones, Esq., as Vice-Chair. Among the purposes of this appointment were

"initiating and coordinating appropriate discovery, including pre-filing discovery [and]

coordinating the court filings and arguments before the Court on issues common to all plaintiffs."

Pretrial Order #1 (Preliminary Case Management Order), May 5, 2003. In furtherance of those

purposes and with the overall goal of judicial economy the Plaintiffs' Steering Committee has

prepared the instant Master Complaint.

This complaint seeks monetary damages from those individuals and entities responsible for

the conditions and actions which resulted in a fire at The Station nightclub in West Warwick,

Rhode Island on February 20, 2003, which claimed 100 lives and caused injury to several

hundred individuals.

### PARTIES

#### Plaintiffs

1.      (a) Plaintiff Albert L. Gray, Administrator, brings this claim on behalf of the

Estate and wrongful death beneficiaries of his son, Derek J. Gray, who lived in Dracut,

Massachusetts. Derek Gray was lawfully on the premises of The Station nightclub on Cowesett

Avenue, West Warwick, RI, on February 20, 2003 and died from injuries sustained in the fire.

Albert L. Gray was appointed Administrator of the plaintiff Estate by the Probate Court for the

County of Bristol on April 3, 2003. (b) Plaintiff, Albert L. Gray, brings this claim as next friend

of Jani L. Gray-McGill, a minor child of the decedent, Derek J. Gray.

- 17 -

2.      Plaintiff Joanne O'Neill, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her son, Nicholas O'Neill, who lived in Pawtucket, Rhode Island. Nicholas O'Neill was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, RI, on February 20, 2003 and died from injuries sustained in the fire. Joanne O'Neill was appointed Administratrix of the plaintiff Estate by the Probate Court of the City of Pawtucket on April 9, 2003.

3.      (a) Plaintiff Marie G. Morton, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her husband, Jason R. Morton, who lived in West Greenwich, Rhode Island. Jason Morton was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, RI, on February 20, 2003and died from injuries sustained in the fire. Marie G. Morton was appointed Administratrix of the plaintiff Estate by the Probate Court of the Town of West Greenwich on April 29, 2003. (b) Plaintiff, Marie G. Morton, brings this claim as surviving spouse of the decedent, Jason R. Morton. (c) Plaintiff, Marie G. Morton, brings this claim as mother and next friend of Kaitlin Marie Morton and Ashley Marie Morton, minor children of the decedent, Jason R. Morton.

4.      Plaintiff Angel O. Amitrano, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her father, Thomas A. Barnett, who lived in West Greenwich, Rhode Island. Thomas Barnett was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, RI, on February 20, 2003 and died of injuries sustained in the fire. Angel Amitrano was appointed Administratrix of the plaintiff Estate by the Probate Court of the Town of West Greenwich on April 15, 2003.

5.      (a) Plaintiffs Joanne L. Mitchell and William Mitchell, Co-Administrators, bring this claim on behalf of the Estate and wrongful death beneficiaries of their daughter, Donna M.

Mitchell, who lived in Fall River, Massachusetts. Donna Mitchell was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, RI, on February 20, 2003 and died of injuries sustained in the fire. Joanne and William Mitchell were appointed Co-Administrators of the plaintiff Estate by the Probate Court for the County of Bristol on October 6, 2003. (b) Plaintiff, Joanne L. Mitchell, brings claims as guardian and next friend of Brooklyn Belanger and Joslynn Belanger, minor children of the decedent, Donna M. Mitchell.

6.     (a) Plaintiff Scott J. Vieira, Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of his wife, Kelly Lynn Vieira, who lived in West Warwick, Rhode Island. Kelly Lynn Vieira was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, RI, on February 20, 2003 and died of injuries sustained in the fire. Scott J. Vieira was appointed Administrator of the plaintiff Estate by the Probate Court for the Town of West Warwick on March 21, 2003. (b) Plaintiff, Scott J. Vieira, brings this claim as surviving spouse of the decedent, Kelly Lynn Vieira. (c) Plaintiff, Scott J. Vieira, brings this claim as father and next friend of Crystle Vieira, minor child of the decedent, Kelly Lynn Vieira.

7.     Plaintiff Patricia Avilez, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her son, Eugene Avilez, who lived in Burlington, Massachusetts. Eugene Avilez was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, RI, on February 20, 2003 and died of injuries sustained in the fire. Patricia Avilez was appointed Administratrix of the plaintiff Estate by the Probate Court for the County of Middlesex on June 24, 2003.

8.     (a) Plaintiff Jennifer L. Young, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her husband, Robert Daniel Young, who lived in

-19-

Taunton, Massachusetts. Robert Young was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, RI, on February 20, 2003 and died of injuries sustained in the fire. Jennifer L. Young was appointed Administratrix of the plaintiff Estate by the Probate Court for the County of Bristol on August 13, 2003. (b) Plaintiff, Jennifer L. Young, brings this claim as surviving spouse of the decedent, Robert Daniel Young.

9.    Plaintiff Leonard Angers, Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of his daughter, Stacie J. Angers, who lived in Worcester, Massachusetts. Stacie Angers was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, RI, on February 20, 2003 and died of injuries sustained in the fire. Leonard Angers was appointed Administrator of the plaintiff Estate by the Probate Court for the County of Worcester on May 1, 2003.

10.    Plaintiff Dorothy Marion, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her son, Thomas Frank Marion, Jr., who lived in Westport, Massachusetts. Thomas Frank Marion, Jr. was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, RI, on February 20, 2003 and died of injuries sustained in the fire. Dorothy Marion was appointed Administratrix of the plaintiff Estate by the Probate Court for the County of Bristol on June 6, 2003.

11.    (a) Plaintiff, Yvette Fresolo, brings this claim on behalf of the Estate and wrongful death beneficiaries of her husband, Michael Fresolo, who lived in Millbury, Massachusetts. Michael Fresolo was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, RI, on February 20, 2003 and died of injuries sustained in the fire. (b) Plaintiff, Yvette Fresolo, brings this claim as surviving spouse of the decedent, Michael

Fresolo. (c) Plaintiff, Yvette Fresolo, brings claims as mother and next friend of Maria Fresolo
and Emily Fresolo, minor children of the decedent, Michael Fresolo.

12.     Plaintiff, Heidi Peralta Longley, brings this claim on behalf of AceyTy Longley,
minor child and wrongful death beneficiary of the decedent, Ty Longley. Ty Longley was
lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, RI, on
February 20, 2003, and died of injuries sustained in the fire.

13.     (a) Plaintiff, Katherine Shubert, brings this claim on behalf of the Estate of her
husband, Mitchell Shubert, and wrongful death beneficiaries of Mitchell Shubert, who lived in
Newberry, Florida. Mitchell Shubert was lawfully on the premises of The Station nightclub on
February 20, 2003 and died of injuries sustained in the fire. (b) Plaintiff, Katherine Shubert,
brings this claim as surviving spouse of the decedent, Mitchell Shubert. (c) Plaintiff, Katherine
Shubert, brings this claim as mother and next friend of Melissa Cara Shubert, minor child of the
decedent, Mitchell Shubert. (d) Maryanne Shubert, brings this claim as daughter and beneficiary
of deceased, Mitchell Shubert. (e) Plaintiff, Laura Shubert, brings this claim as mother and next
friend of Mitchell J. Schubert, Jr., minor child of the decedent, Mitchell Shubert.

14.     Plaintiff Eileen L. DiBonaventura, Administratrix, brings this claim on behalf of
the Estate and wrongful death beneficiaries of her son, Albert DiBonaventura, who lived in
North Dighton, Massachusetts. Albert DiBonaventura was lawfully on the premises of The
Station nightclub on Cowesett Avenue, West Warwick, RI, on February 20, 2003 and died of
injuries sustained in the fire. Eileen DiBonaventura was appointed Administratrix of the plaintiff
Estate by the Probate Court for the County of Bristol on March 31, 2003.

15.     (a) Plaintiff, Donna DeBoard, brings this claim on behalf of the Estate and
wrongful death beneficiaries of Daniel Frederickson, who lived in Groton, Connecticut. Daniel

Frederickson was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, RI, on February 20, 2003 and died of injuries sustained in the fire.  (b) Plaintiff, Donna DeBoard, brings claims as guardian and next friend of Amanda, Ryan and Amber Frederickson, minor children of the decedent, Daniel Frederickson.

16.     Plaintiff, Judith Marie Croteau, brings this claim on behalf of the Estate and wrongful death beneficiaries of her son, Robert J. Croteau, who lived in Fall River, Massachusetts.  Mr. Croteau was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries sustained in the fire.

17.     (a) Plaintiffs, Warren L. Baker, III and John J. DeCosta, III, Co-Administrators, bring this claim on behalf of the Estate and wrongful death beneficiaries of Mary H. Baker, who lived in Fall River, Massachusetts.  Mary Baker was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire.  Warren Baker and John DeCosta were appointed Co-Administrators of the plaintiff estate by the Probate Court for the County of Bristol on June 17, 2004.  (b) Plaintiff, John J. DeCosta, III, brings this claim as the father and legal guardian of the persons and estates of Alison M. DeCosta, John R. DeCosta, Scott A. DeCosta and Michael J. DeCosta, the minor children of the decedent Mary H. Baker.  (c) Plaintiff, Warren L. Baker, III, brings this claim as surviving spouse of Mary H. Baker.

18.     Plaintiff, Dorothy E. Bonardi, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her son, William C. Bonardi, III, who lived in Smithfield, Rhode Island.  William Bonardi was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of

injuries sustained in the fire. Dorothy C. Bonardi was appointed Administratrix of the plaintiff estate by the Probate Court for the Town of Smithfield on April 21, 2003.

19.    (a)  Plaintiffs, Denise M. McGregor and Nancy DePasquale, Co-Administratrixes, bring this claim on behalf of the Estate and wrongful death beneficiaries of Alfred C. Crisostomi, who lived in Warwick, Rhode Island. Alfred Crisostomi was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries sustained in the fire. Denise M. McGregor and Nancy DePasquale were appointed Co-Administratrixes of Plaintiff estate by the Probate Court of the City of Warwick on July 30, 2003. (b) Plaintiff, Denise M. McGregor, who lives in Cranston, Rhode Island brings this claim on behalf of her minor son, Brandon M. Crisostomi, the minor child of the decedent Alfred C. Crisostomi.

20.    (a)  Plaintiff, Eileen Dunn, surviving spouse of Kevin Dunn, brings this claim on behalf of the wrongful death beneficiaries of Kevin Dunn, who lived in Attleboro, Massachusetts. Kevin Dunn was lawfully on the premises of The Station nightclub on February 20, 2003 and died of injuries sustained in the fire. (b) Eileen Dunn brings this claim as wife of the decedent, Kevin Dunn. (c) Eileen Dunn brings this claim as mother and next friend of Joanna Dunn, minor child of Kevin Dunn.

21.    (a)  Plaintiff Anthony J. Durante, father and next friend of Anthony M. Durante and Matthew P. Durante, brings this claim on behalf of the wrongful death beneficiaries of Lori K. Durante who lived in West Warwick, Rhode Island. Lori K. Durante was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries sustained in the fire. (b) Plaintiff, Anthony J. Durante, brings this claim as father and next friend of Matthew P. Durante, minor child of the decedent,

- 23 -

Lori K. Durante.  (c) Plaintiff, Anthony J. Durante, brings this claim as father and next friend of

Anthony M. Durante, minor child of the decedent, Lori K. Durante.

22.     (a)  Plaintiff, Lori Ann Gooden, Administratrix, brings this claim on behalf of the

Estate and wrongful death beneficiaries of her husband, James F. Gooden, who lived in

Cranston, Rhode Island.  James F. Gooden was lawfully on the premises of The Station nightclub

on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries

sustained in the fire.  Lori Ann Gooden was appointed Administratrix of the plaintiff estate by

the Probate Court for the City of Cranston on May 12, 2003.  (b) Plaintiff, Lori Ann Gooden,

brings this claim as surviving spouse of the decedent, James F. Gooden.

23.     Plaintiff, Claire H. Bruyere, Administratrix, brings this claim on behalf of the

Estate and wrongful death beneficiaries of her daughter, Bonnie L. Hamelin, who lived in

Warwick, Rhode Island.  Bonnie L. Hamelin was lawfully on the premises of The Station

nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of

injuries sustained in the fire.  Claire H. Bruyere was appointed Administratrix of the plaintiff

estate by the Probate Court of the City of Warwick on February 9, 2004.

24.     Plaintiff, John M. Hoban, Administrator, brings this claim on behalf of the Estate

and wrongful death beneficiaries of his son, Andrew R. Hoban, who lived in North Kingstown,

Rhode Island.  Andrew R. Hoban was lawfully on the premises of The Station nightclub on

Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries

sustained in the fire.  John M. Hoban was appointed Administrator of the plaintiff estate by the

Probate Court of the Town of North Kingstown on May 14, 2003.

25.     Plaintiff, Paula A. McLaughlin, Administratrix, brings this claim on behalf of the

Estate and wrongful death beneficiaries of her brother, Michael B. Hoogasian, who lived in

Cranston, Rhode Island. Michael B. Hoogasian was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries sustained in the fire. Paula A. McLaughlin was appointed Administratrix of the plaintiff estate by the Probate Court of the City of Cranston on March 21, 2003.

26.   Plaintiff, Paula A. McLaughlin, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her sister-in-law, Sandy L. Hoogasian, who lived in Cranston, Rhode Island. Sandy L. Hoogasian was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries sustained in the fire. Paula A. McLaughlin was appointed Administratrix of the plaintiff estate by the Probate Court of the City of Cranston on March 21, 2003.

27.   (a) Plaintiff, Maria Latulippe, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her husband, Dale L. Latulippe, who lived in Carver, Massachusetts. Dale L. Latulippe was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries sustained in the fire. Maria Latulippe was appointed Administratrix of the plaintiff estate by the Probate Court for the County of Plymouth on March 27, 2003. (b) Plaintiff, Maria Latulippe, brings this claim as mother and legal guardian of the person and estate of Dustin Tyler Latulippe, the minor child of the decedent, Dale L. Latulippe. (c)  Plaintiff, Maria Latulippe, brings this claim as surviving spouse of the decedent, Dale L. Latulippe.

28.   Plaintiffs, John A. Longiaru and Sus Longiaru, Co-Administrators, bring this claim on behalf of the Estate and wrongful death beneficiaries of their son, John M. Longiaru, who lived in Johnston, Rhode Island. John M. Longiaru was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and

rue Copy Attest

*[signature]*

- 25 -

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

died of injuries sustained in the fire. John and Sus Longiaru were appointed Co-Administrators of the plaintiff estate by the Probate Court of the Town of Johnson on April 8, 2003.

29.     Plaintiffs, Sarah R. Mancini and Anthony B. Mancini, Co-Administrators, bring this claim on behalf of the Estate and wrongful death beneficiaries of their son, Keith A. Mancini, who lived in Cranston, Rhode Island. Keith A. Mancini was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Sarah R. Mancini and Anthony B. Mancini were appointed Co-Administrators of the plaintiff estate by the Probate Court of the City of Cranston on March 31, 2004.

30.     Plaintiff, Barbara Magness, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her son, Steven R. Mancini, who lived in Johnston, Rhode Island. Steven R. Mancini was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries sustained in the fire. Barbara Magness was appointed Administratrix of the plaintiff estate by the Probate Court of the Town of Johnston on July 3, 2003.

31.     Plaintiff, Paul A. Morin, Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of his son, Ryan M. Morin, who lived in Thompson, Connecticut. Ryan M. Morin was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries sustained in the fire. Paul A. Morin was appointed Administrator of the plaintiff estate by the State of Connecticut, Court of Probate on February 24, 2003.

32.     (a) Plaintiffs, Roderick Prouty and Nancy A. Lee, Co-Administrators, bring this claim on behalf of the Estate and wrongful death beneficiaries of their son, Christopher Prouty,

who lived in Pawtucket, Rhode Island. Christopher Prouty was lawfully on the premises of The
Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and
died of injuries sustained in the fire. Roderick Prouty and Nancy A. Lee were appointed Co-
Administrators of the plaintiff estate by the Probate Court of the City of Pawtucket on December
18, 2003. (b) Plaintiff Paula Woodcock brings this claim as mother and next friend of Makayla
Woodcock, minor child of the decedent, Christopher Prouty.

33.     (a) Plaintiff, Susan Sylvia, Administratrix brings this claim on behalf of the
Estate and wrongful death beneficiaries of Kevin Anderson, who lived in Warwick, Rhode
Island. Kevin Anderson was lawfully on the premises of The Station nightclub on Cowesett
Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the
fire. Susan Sylvia was appointed Administratrix of the plaintiff Estate by the Probate Court for
the City of Warwick on October 16, 2003. (b) Plaintiff, Melinda Bloomingburgh, brings this
claim as mother and next friend of Kevin Gage, minor child of the decedent, Kevin Anderson.

34.     (a) Plaintiff, Ray F. Beauchaine, Sr., Administrator, brings this claim on behalf of
the Estate and wrongful death beneficiaries of Laureen Beauchaine, who lived in West Warwick,
Rhode Island. Laureen Beauchaine was lawfully on the premises of The Station nightclub on
Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries
sustained in the fire. Ray F. Beauchaine, Sr. was appointed Administrator of the plaintiff Estate
by the Probate Court for the Town of West Warwick on March 24, 2003. (b) Plaintiff, Ray
Beauchaine, Jr., brings this claim as surviving spouse of the decedent, Laureen Beauchaine. (c)
Plaintiff, Ray Beauchaine, Jr., brings this claim as father and next friend of Ray F. Beauchaine,
III, Christopher R. Beauchaine and Ashley Beauchaine, minor children of the decedent, Laureen
Beauchaine.

35.    (a) Plaintiffs, Sally Blom and Rolland Blom, Co-Administrators, bring this claim on behalf of the Estate and wrongful death beneficiaries of Steven Blom, who lived in Cranston, Rhode Island. Steven Blom was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Sally Blom and Rolland Blom were appointed Co-Administrators of the plaintiff Estate by the Probate Court for the City of Cranston on August 11, 2003. (b) Plaintiff, Sharon Colpitts, brings this claim as mother and next friend of Steven Blom, Jr., a minor child of the decedent, Steven Blom.

36.    (a) Plaintiff, Catherine Cabral, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of Richard Cabral, Jr., who lived in Attleboro, Massachusetts. Richard Cabral, Jr., was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Catherine Cabral was appointed Administratrix of the plaintiff Estate by the Probate Court for the Bristol Division. (b) Plaintiff, Catherine Cabral, brings this claim as surviving spouse of the decedent, Richard Cabral, Jr. (c) Plaintiff, Catherine Cabral, brings this claim as mother and next friend of Christine Cabral and Richard Cabral, III, minor children of the decedent, Richard Cabral, Jr.

37.    Plaintiff, William H. Cartwright, Jr., Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of William W. Cartwright, who lived in Pawtucket, Rhode Island. William W. Cartwright was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. William H. Cartwright, Jr. was appointed Administrator of the plaintiff Estate by the Probate Court for the City of Pawtucket on April 11, 2003.

- 28 -

38.      Plaintiffs, Katherine Cordier and Ronald J. Cordier, Co-Administrators, bring this claim on behalf of the Estate and wrongful death beneficiaries of Michael Cordier, who lived in Westerly, Rhode Island.  Michael Cordier was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire.  Katherine Cordier and Ronald J. Cordier were appointed Co-Administrators of the plaintiff Estate by the Probate Court for the Town of Westerly on April 23, 2003.

39.      Plaintiff, Mark D'Andrea, Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of Lisa D'Andrea, who lived in Barrington, Rhode Island.  Lisa D'Andrea was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire.  Mark D'Andrea was appointed Administrator of the plaintiff Estate by the Probate Court for the Town of Barrington on April 12, 2004.

40.      (a) Plaintiff, Peter M. DiRienzo, Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of Christina DiRienzo, who lived in Plymouth, Massachusetts.  Christina DiRienzo was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire.  Peter M. DiRienzo was appointed Administrator of the plaintiff Estate by the Probate Court for the Plymouth Division on June 30, 2003. (b) Plaintiff, Peter M. DiRienzo, brings this claim as surviving spouse of the decedent, Christina DiRienzo. (c) Plaintiff, Peter M. DiRienzo, brings this claim as father and next friend of Beau DiRienzo, minor child of the decedent, Christina DiRienzo. (d) Peter M. DiRienzo, Jr., a minor at the time of his mother's death, brings this claim as son of the decedent, Christina DiRienzo.

41.     (a) Plaintiff, Lawrence E. Fick, Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of Charline E. Fick, who lived in Central Falls, Rhode Island. Charline E. Fick was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Lawrence E. Fick was appointed Administrator of the plaintiff Estate by the Probate Court for the City of Central Falls on August 8, 2003. (b) Plaintiff, Lawrence E. Fick, brings this claim as father and next friend of Samantha Fick and William Fick, minor children of the decedent, Charline E. Fick.

42.     Plaintiff, Timothy J. Fleming, Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of Thomas J. Fleming, who lived in Worcester, Massachusetts. Thomas J. Fleming was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Timothy J. Fleming was appointed Administrator of the plaintiff Estate by the Probate Court for the Worcester Division on June 27, 2003.

43.     (a) Plaintiff, Dean DePietro, Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of Rachel K. Florio-DePietro, who lived in Coventry, Rhode Island. Rachel K. Florio-DePietro was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Dean DePietro was appointed Administrator of the plaintiff Estate by the Probate Court for the Town of Coventry on June 3, 2003. (b) Plaintiff, Dean DePietro, brings this claim as father and next friend of Adrian DePietro, a minor child of the decedent, Rachel K. Florio-DePietro.

44.     Plaintiff, James C. Gahan, III, Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of James C. Gahan, IV, who lived in Falmouth, Massachusetts. James C. Gahan, IV was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. James C. Gahan, III, was appointed Administrator of the plaintiff Estate by the Probate Court for the Barnstable Division on March 6, 2003.

45.     (a) Plaintiff, Sandra L. Greene, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of Scott C. Greene, who lived in Warwick, Rhode Island. Scott C. Greene was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Sandra L. Greene was appointed Administratrix of the plaintiff Estate by the Probate Court for the City of Warwick on May 12, 2003. (b) Plaintiff, Sandra L. Greene, brings this claim as surviving spouse of the decedent, Scott C. Greene.

46.     (a) Plaintiff, Bruce G. Pollock, Esq., Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of Scott S. Griffith, who lived in West Warwick, Rhode Island. Scott S. Griffith was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Bruce G. Pollock, Esq. was appointed Administrator of the plaintiff Estate by the Probate Court for the Town of West Warwick on February 4, 2004. (b) Plaintiff, Nancene Cohen, brings this claim as guardian of the Estate and next friend of Kacie L. Griffith, a minor child of the decedent, Scott S. Griffith.

47.     Plaintiff, Bonnie A. Hoisington, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of Abbie L. Hoisington, who lived in Cranston, Rhode

Island. Abbie L. Hoisington was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Bonnie A. Hoisington was appointed Administratrix of the plaintiff Estate by the Probate Court for the City of Cranston on April 10, 2003.

48.     (a) Plaintiff, Carlton L. Howorth, Jr., Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of Carlton L. Howorth, III, who lived in Norton, Massachusetts. Carlton L. Howorth, III was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Carlton L. Howorth, Jr. was appointed Administrator of the plaintiff Estate by the Probate Court for the Bristol Division on March 21, 2003.     (b) Plaintiff, Karen E. Howorth, brings this claim as mother and next friend of Elizabeth Howorth, a minor child of the decedent, Carlton L. Howorth, III.

49.     Plaintiff, George Phelan, Esq., Special Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of Lisa Kelly, who lived in Swansea, Massachusetts. Lisa Kelly was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. George Phelan, Esq. was appointed Special Administrator of the plaintiff Estate by the Probate Court for the County of Bristol on February 24, 2004.

50.     (a) Plaintiff, Evelyn L. King, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of Tracy F. King, who lived in Warwick, Rhode Island. Tracy F. King was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Evelyn L. King was appointed Administratrix of the plaintiff Estate by the Probate Court for the City of

Warwick on June 16, 2003. (b) Plaintiff, Evelyn L. King, brings this claim as surviving spouse of the decedent, Tracy F. King. (c) Plaintiff, Evelyn L. King, brings this claim as mother and next friend of Joshua King and Jacob King, minor children of the decedent, Tracy F. King. (d) Plaintiff Rosilyn Guy brings this claim as mother and next friend of Jordan King, minor child of the decedent, Tracy F. King.

51.     Plaintiffs, Barbara A. Kulz and George A. Kulz, Co-Administrators, bring this claim on behalf of the Estate and wrongful death beneficiaries of Michael J. Kulz, who lived in Warwick, Rhode Island. Michael J. Kulz was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Barbara A. Kulz and George A. Kulz were appointed Co-Administrators of the plaintiff Estate by the Probate Court for the City of Warwick on June 12, 2003.

52.     (a) Plaintiff, Tammy Lapierre, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of Keith R. Lapierre, who lived in Worcester, Massachusetts. Keith R. Lapierre was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Tammy Lapierre was appointed Administratrix of the plaintiff Estate by the Probate Court for the Worcester Division on June 17, 2003. (b) Plaintiff, Tammy Lapierre, brings this claim as surviving spouse of the decedent, Keith R. Lapierre. (c) Plaintiff, Tammy Lapierre, brings this claim as mother and next friend of Ryan S. Lapierre and Sarah R. Lapierre, minor children of the decedent, Keith R. Lapierre.

53.     Plaintiff, Judith Carver, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of Kristen L. McQuarrie, who lived in Ledyard, Connecticut. Kristen L. McQuarrie was lawfully on the premises of The Station nightclub on Cowesett

Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Judith Carver was appointed Administratrix of the plaintiff Estate by the Probate Court for the District of Ledyard on September 16, 2003.

54.     Plaintiffs, Richard Moreau and Jean Moreau, Co-Administrators, bring this claim on behalf of the Estate and wrongful death beneficiaries of Leigh Ann Moreau, who lived in Providence, Rhode Island. Leigh Ann. Moreau was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Richard Moreau and Jean Moreau were appointed Co-Administrators of the plaintiff Estate by the Probate Court for the City of Providence on April 30, 2003.

55.     Plaintiff, Michael Reno, Esq., Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of Beth Mosczynski, who lived in Millbury, Massachusetts. Beth Mosczynski was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Michael Reno was appointed Administrator of the plaintiff Estate by the Probate Court for the Worcester Division

56.     (a) Plaintiff, Richard H. Rakoski, Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of Theresa L. Rakoski, who lived in Taunton, Massachusetts. Theresa L. Rakoski was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Richard H. Rakoski was appointed Administrator of the plaintiff Estate by the Probate Court for the County of Bristol on June 26, 2003. (b) Plaintiff, Richard H. Rakoski, brings this claim as surviving spouse of the decedent, Theresa L. Rakoski.

57.     Plaintiff, Judy O'Brien, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of Robert L. Reisner, III, who lived in Coventry, Rhode Island. Robert L. Reisner, III was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Judy O'Brien was appointed Administratrix of the plaintiff Estate by the Probate Court for the Town of Coventry on May 7, 2003.

58.     Plaintiff, John J. Shaw, Temporary Executor, brings this claim on behalf of the Estate and wrongful death beneficiaries of Rebecca Shaw, who lived in Sudbury, Massachusetts. Rebecca Shaw was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. John J. Shaw was appointed Temporary Executor of the plaintiff Estate by the Probate Court for the Middlesex Division

59.     Plaintiff, Veda Kerr, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of Victor L. Stark, who lived in Mashpee, Massachusetts. Victor L. Stark was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Veda Kerr was appointed Administratrix of the plaintiff Estate by the Probate Court for the Barnstable Division on June 11, 2003.

60.     (a) Plaintiffs, Zachary S. Suffoletto and Diana L. Shaughnessy, Co-Administrators, bring this claim on behalf of the Estate and wrongful death beneficiaries of Benjamin J. Suffoletto, Jr., who lived in Glocester, Rhode Island. Benjamin J. Suffoletto, Jr. was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries sustained in the fire. Zachary S. Suffoletto and

-35-

Diana L. Shaughnessy were appointed Co-Administrators of the plaintiff Estate by the Probate

Court for the Town of Glocester on March 17, 2003. (b) Plaintiffs, Zachary S. Suffoletto and

Diana L. Shaughnessy, Co-Adm. of the Estate of Linda D. Suffoletto, bring this claim on behalf

of Linda D. Suffoletto as surviving spouse of the decedent, Benjamin J. Suffoletto, Jr.

61.    Plaintiffs, Zachary S. Suffoletto and Diana L. Shaughnessy, Co-Administrators,

bring this claim on behalf of the Estate and wrongful death beneficiaries of Linda D. Suffoletto,

who lived in Glocester, Rhode Island. Linda D. Suffoletto was lawfully on the premises of The

Station nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and

died of injuries sustained in the fire. Zachary S. Suffoletto and Diana L. Shaughnessy were

appointed Co-Administrators of the plaintiff Estate by the Probate Court for the Town of

Glocester on March 17, 2003.

62.    Plaintiff, Honorina Washburn, Administratrix, brings this claim on behalf of the

Estate and wrongful death beneficiaries of Kevin R. Washburn, who lived in Franklin,

Massachusetts. Kevin R. Washburn was lawfully on the premises of The Station nightclub on

Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of injuries

sustained in the fire. Honorina Washburn was appointed Administratrix of the plaintiff Estate by

the Probate Court for the Norfolk Division on March 28, 2003.

63.    Plaintiff, Cheryl Haines, Administratrix, brings this claim on behalf of the Estate

and wrongful death beneficiaries of Everett T. Woodmansee, III, who lived in Charlestown,

Rhode Island. Everett T. Woodmansee, III was lawfully on the premises of The Station

nightclub on Cowesett Avenue, West Warwick, Rhode Island, on February 20, 2003 and died of

injuries sustained in the fire. Cheryl Haines was appointed Administratrix of the plaintiff Estate

by the Probate Court for the Town of Charlestown on May 6, 2003.

64.    (a) Plaintiff Melinda J. Darby, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her husband, Matthew P. Darby, who lived in Coventry, Rhode Island. Matthew P. Darby was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries sustained in the fire. Melinda J. Darby was appointed Administratrix of the Estate of Matthew P. Darby by the Probate Court for the Town of Coventry, Rhode Island on July 24, 2003.   (b) Plaintiff, Melinda J. Darby, brings this claim as surviving spouse of the decedent, Matthew P. Darby. (c) Plaintiff, Melinda J. Darby, brings this claim as mother and next friend of Jessica L. Darby and Sarah M. Darby, minor children of the decedent, Matthew P. Darby.

65.    (a) Plaintiff Susan W. Romanoff, Executrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her daughter, Tracey L. Romanoff, who lived in Coventry, Rhode Island. Tracey L. Romanoff was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries sustained in the fire. Susan W. Romanoff was appointed Executrix of the Estate of Tracey L. Romanoff by the Probate Court for the Town of Coventry, Rhode Island on August 28, 2003.  (b) Plaintiff, Jordan Blasbalg, brings this claim on behalf of his two minor children, Joshua M. Blasbalg, and Lindsey N. Blasbalg, the minor children of the decedent Tracey L. Romanoff.

66.    (a) Plaintiff, Mark P. Hyer, Sr., brings this claim on behalf of the Estate and wrongful death beneficiaries of his brother, Eric J. Hyer, who lived in Scituate, Rhode Island. Eric J. Hyer was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries sustained in the fire. Mark P.

Hyer, Sr., was appointed Administrator of the Estate of Eric J. Hyer by the Probate Court for the Town of Scituate, Rhode Island on May 14, 2003.

67.     Plaintiff, Annmarie Swidwa, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her daughter, Bridget M. Sanetti, who lived in Coventry, Rhode Island.  Bridget M. Sanetti was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries sustained in the fire.  Annmarie Swidwa was appointed Administratrix of the Estate of Bridget M. Sanetti by the Probate Court for the Town of Coventry, Rhode Island on October 7, 2003.

68.     (a) Plaintiff Stephen A. Gillett, Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of Laura L. Gillett, who lived in Pembroke, Massachusetts.  Laura L. Gillett was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 and died of injuries sustained in the fire.  Stephen A. Gillett was appointed Administrator of the Plaintiff Estate by the Probate Court for the County of Plymouth, Massachusetts on April 2, 2003.  (b) Plaintiff, Stephen A. Gillett brings this claim as father, next friend and permanent legal guardian of Jake T. Gillett and Jared J. Gillett, minor children of the decedent, Laura L. Gillett.

69.     Plaintiff Suzanne Fox, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of Jeffrey Wood Martin.  Jeffrey Wood Martin lived in Melrose, Massachusetts.  Jeffrey Wood Martin was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, RI, on February 20, 2003 and died of injuries sustained in the fire.

70.     Plaintiff Ellen-Marie Stowers, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of Jennifer L. Stowers, who lived in South Boston, Massachusetts. Jennifer L. Stowers was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, RI, on February 20, 2003 and sustained injuries in the fire which set in motion a course of events which led to her death.

71.     Plaintiff, Sharon Eaton, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her son, Edward B. Corbett, III. Edward B. Corbett, III was lawfully on the premises of The Station nightclub on February 20, 2003 and died of injuries sustained in the fire. Sharon Eaton was appointed Administratrix of the Estate by the West Warwick Probate Court.

72.     (a) Plaintiff, Patricia Belanger, Executrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her daughter, Dina A. DeMaio, who lived in West Warwick. Dina A. DeMaio was lawfully on the premises of The Station nightclub on February 20, 2003 and died of injuries sustained in the fire. Patricia Belanger was appointed Executrix of the Estate by the West Warwick Probate Court. (b) Plaintiff, Steven Beardsworth, brings this claim on behalf of Justin Perry DeMaio, minor child of the decedent Dina A. DeMaio, having been duly appointed temporary guardian by the West Warwick Probate Court on June 16, 2003.

73.     Plaintiff, Robert J. Johnson, Sr., Administrator, brings this claim on behalf of the Estate and wrongful death beneficiaries of his son, Derek B. Johnson. Derek Johnson was lawfully on the premises of The Station nightclub on February 20, 2003 and died of injuries sustained in the fire. Robert J. Johnson, Sr. was appointed Administrator of the estate on March 31, 2003 by the West Warwick Probate Court.

74.    Plaintiff, Jacqueline Jacavone, Administratrix, brings this claim on behalf of the Estate and wrongful death beneficiaries of her daughter, Andrea L. Jacavone-Mancini. Andrea L. Jacavone-Mancini was lawfully on the premises of The Station nightclub on February 20, 2003 and died of injuries sustained in the fire. Jacqueline Jacavone was appointed Administratrix of the estate on June 13, 2003 by the Johnston Probate Court.

75.    Plaintiffs, Leo Smith and Doris Smith, Co-Administrators, bring this claim on behalf of the Estate and wrongful death beneficiaries of their son, Dennis J. Smith. Dennis J. Smith was lawfully on the premises of The Station nightclub on February 20, 2003 and died of injuries sustained in the fire. Leo and Doris Smith were appointed Co-Administrators of the estate on May 15, 2003 by the Pawtucket Probate Court.

76.    (a) Plaintiff, Korina Arruda, Co-Administrator of the Estate of Christopher G. Arruda, brings this claim on behalf of the Estate and wrongful death beneficiaries of Christopher G. Arruda, who lived in Coventry, Rhode Island. Christopher G. Arruda was lawfully on the premises of The Station nightclub on February 20, 2003 and died of injuries sustained in the fire. Korina Arruda and Steven A. Minicucci were appointed Co-Administrators of the Estate of Christopher G. Arruda by the Coventry Probate Court on April 24, 2003. (b) Korina Arruda brings this claim as surviving spouse of the decedent, Christopher G. Arruda.

77.    Plaintiffs, Gerard W. Fontaine and Rosanna C. Fontaine, Co-Administrators, bring this claim on behalf of the Estate and wrongful death beneficiaries of Mark A. Fontaine who lived in Johnston, Rhode Island. Mark A. Fontaine was lawfully on the premises of The Station nightclub on February 20, 2003 and died of injuries sustained in the fire. Gerard W. Fontaine and Rosanna C. Fontaine were appointed Co-Administrators of the Plaintiff estate by the Johnston Probate Court on August 26, 2003.

78.     Plaintiffs, John J. Libera and Joanne T. Libera, Co-Administrators, bring this

claim on behalf of the Estate and wrongful death beneficiaries of Stephen Matthew Libera who

lived in North Kingstown, Rhode Island.  Stephen Matthew Libera was lawfully on the premises

of The Station nightclub on February 20, 2003 and died of injuries sustained in the fire.  John J.

Libera and Joanne T. Libera were appointed Co-Administrators of the Estate of Stephen

Matthew Libera by the North Kingstown Probate Court on April 2, 2004.

79.     Plaintiffs, Edward C. Ervanian and Pauline B. Ervanian, bring this claim on

behalf of the Estate and wrongful death beneficiaries of Edward E. Ervanian, who lived in

Cranston, Rhode Island.  Edward E. Ervanian was lawfully on the premises of The Station

nightclub on February 20, 2003 and died of injuries sustained in the fire.  Edward C. Ervanian

was appointed Administrator of the Plaintiff's estate by the Cranston Probate Court on April 10,

2003.

80.     Plaintiff Kathleen Sullivan is an individual who at times material hereto lived in

Swansea, Massachusetts.  Ms. Sullivan was lawfully on the premises of The Station nightclub on

February 20, 2003 where she was injured in the fire.

81.     (a) Plaintiff Scott J. Vieira brings this claim as an individual who at all times

material hereto lived in West Warwick, Rhode Island.  Scott J. Vieira was lawfully on the

premises of The Station nightclub on February 20, 2003 where he was injured in the fire.  (b)

Plaintiff Scott J. Vieira brings this claim as father and next friend of Crystle Vieira, his minor

child.

82.     Plaintiff Susan H. Chamberlin, is an individual who at times material hereto lived

in Warwick, Rhode Island.  Ms. Chamberlin was lawfully on the premises of The Station

nightclub on February 20, 2003 where she was injured in the fire.

83.   (a)  Plaintiff, John F. Van Deusen, III, is an individual who at times material hereto lived in Carver, Massachusetts.  Mr. Van Deusen was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.  (b) Plaintiff, John F. Van Deusen III, brings this claim as father and next friend of his minor children, John F. Van Deusen IV and Dylan Van Deusen.

84.   Plaintiff, Robert J. Luxton, is an individual who at times material hereto lived in North Easton, Massachusetts.  Mr. Luxton was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

85.   (a)  Plaintiff, Elizabeth Arruda, is an individual who at times material hereto lived in Westport, Massachusetts.  Ms. Arruda was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.  (b) Plaintiff, Elizabeth Arruda, brings this claim as mother and next friend of her minor child, Zoey Retamoza.

86.   Plaintiff, Robert W. Rager, is an individual who at times material hereto lived in Kent, Ohio.  Mr. Rager was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

87.   (a)  Plaintiff, Joseph K. Kinan, is an individual who at times material hereto lived in Canton, Massachusetts.  Mr. Kinan was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.  (b) Plaintiffs, Joseph K. Kinan and Maureen Sullivan, bring this claim as parents and next friends of their minor child, Kaitlin E. Sullivan.

88.   (a)  Plaintiff, John F. Fairbairn, is an individual who at times material hereto lived in Brockton, Massachusetts.  Mr. Fairbairn was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.  (b) Plaintiff, John F. Fairbairn,

brings claims as father and next friend of his minor children, John Fairbairn and Ariana
Fairbairn.

89.    (a)  Plaintiff, Andrea F. Fairbairn, is an individual who at times material hereto
lived in Brockton, Massachusetts. Ms. Fairbairn was lawfully on the premises of The Station
nightclub on February 20, 2003 where she was injured in the fire.  (b) Plaintiff, Andrea F.
Fairbairn, brings claims as mother and next friend of her minor children, John Fairbairn, Ariana
Fairbairn, Amanda Melendez Durfee and Christopher Melendez Durfee.

90.    (a)  Plaintiff, Jose Roberto Demos, is an individual who at times material hereto
lived in Lowell, Massachusetts. Mr. Demos was lawfully on the premises of The Station
nightclub on February 20, 2003 where he was injured in the fire. (b)  Plaintiff, Jose Roberto
Demos, brings claims as father and next friend of his minor children, Vanessa Santos Demos and
Samuel Santos Demos.

91.    (a)  Plaintiff, Roberta O'Melia, is an individual who at times material hereto lived
in Pawtucket, Rhode Island. Ms. O'Melia was lawfully on the premises of The Station nightclub
on February 20, 2003 where she was injured in the fire.  (b)  Plaintiff, Roberta O'Melia, brings
claims as mother and next friend of her minor children, Brendan O'Melia and Christian O'Melia.

92.    (a)  Plaintiff, Fredrick P. Vallante, Jr., is an individual who at times material
hereto lived in Providence, Rhode Island. Mr. Vallante was lawfully on the premises of The
Station nightclub on February 20, 2003 where he was injured in the fire. (b)  Plaintiff, Fredrick P.
Vallante, Jr., brings claims as father and next friend of his minor children, Caitlyn Vallante and
Courtney Vallante.

93.    (a)  Plaintiff, Kerrie-Lynn Beers, is an individual who at times material hereto
lived in West Warwick, Rhode Island. Ms. Beers was lawfully on the premises of The Station

nightclub on February 20, 2003 where she was injured in the fire. (b) Plaintiff, Kerrie-Lynn Beers, brings this claim as mother and next friend of her minor child, Jeremy T. Beers.

94.     Plaintiff, Francis J. Canillas, is an individual who at times material hereto lived in Everett, Massachusetts. Mr. Canillas was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

95.     Plaintiff, David Ciccone, is an individual who at times material hereto lived in Warwick, Rhode Island. Mr. Ciccone was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

96.     Plaintiff, Christopher J. Travis, is an individual who at times material hereto lived in Lakeville, Massachusetts. Mr. Travis was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

97.     (a) Plaintiff, Jon R. Schmidt, is an individual who at times material hereto lived in West Warwick, Rhode Island. Mr. Schmidt was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Jon R. Schmidt, brings claims as father and next friend of his minor children, Ryan Schmidt and Evan Schmidt.

98.     (a) Plaintiff, David B. MacDonald, is an individual who at times material hereto lived in Johnston, Rhode Island. Mr. MacDonald was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, David B. MacDonald, brings this claim as father and next friend of his minor child, David B. MacDonald, Jr.

99.     Plaintiff, Paul du Fossé, is an individual who at times material hereto lived in Kennebunkport, Maine. Mr. du Fossé was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

- 44 -

100.   (a) Plaintiff, John R. Arpin, is an individual who at times material hereto lived in West Warwick, Rhode Island. Mr. Arpin was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, John R. Arpin, brings claims as father and next friend of his minor children, Ryan Arpin and Matthew Arpin.

101.   Plaintiff, Paula Gould, is an individual who at times material hereto lived in West Warwick, Rhode Island. Ms. Gould was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

102.   (a) Plaintiff, Kevin J. Beese, Sr. is an individual who at times material hereto lived in Coventry, Rhode Island. Mr. Beese was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Kevin J. Beese, Sr. brings this claim as father and next friend of his minor children, Taylor Beese, Brittany Beese and Kevin Beese, Jr.

103.   Plaintiff, Shaun O'Donnell, is an individual who at times material hereto lived in Newport, Rhode Island. Mr. O'Donnell was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

104.   Plaintiff, Brian Loftus, is an individual who at times material hereto lived in West Warwick, Rhode Island. Mr. Loftus was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

105.   (a) Plaintiff, Christopher Costa, is an individual who at times material hereto lived in Hope Valley, Rhode Island. Mr. Costa was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Christopher Costa, brings this claim as father and next friend of his minor child, Leah Elizabeth Costa Turck.

106.    (a) Plaintiff, Georgette Giroux-Brown, is an individual who at times material hereto lived in Cranston, Rhode Island. Ms. Giroux-Brown was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Georgette Giroux-Brown, brings this claim as mother and next friend of her minor child, Ben Giroux-Brown.

107.    Plaintiff, Stephanie Zannella, is an individual who at times material hereto lived in North Providence, Rhode Island. Ms. Zannella was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

108.    (a) Plaintiff, Roberta J. Prete, is an individual who at times material hereto lived in Cranston, Rhode Island. Ms. Prete was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b) Plaintiff, Roberta J. Prete, brings this claim as mother and next friend of her minor child, Michael Falco.

109.    (a) Plaintiff, Catherine Randall, is an individual who at times material hereto lived in Lincoln, Rhode Island. Ms. Randall was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b) Plaintiff, Catherine Randall, brings claims as mother and next friend of her minor children, Douglas Randall and Meagan Randall.

110.    (a) Plaintiff, Edward Pezzelli, Jr., is an individual who at times material hereto lived in Pascoag, Rhode Island. Mr. Pezzelli was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Edward Pezzelli, Jr., brings claims as father and next friend of his minor children, Edward Pezzelli III and Hannah Pezzelli.

111.    (a)  Plaintiff, Paul Pezzelli, is an individual who at times material hereto lived in Lincoln, Rhode Island.  Mr. Pezzelli was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b)  Plaintiff, Paul Pezzelli, brings claims as father and next friend of his minor children, Megan Pezzelli and Kyle Pezzelli.

112.    (a)  Plaintiff, Joseph P. Barber, is an individual who at times material hereto lived in West Warwick, Rhode Island.  Mr. Barber was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b)  Plaintiff, Joseph P. Barber, brings claims as father and next friend of his minor children, Max Leili and Brandon Tully.

113.    (a)  Plaintiff, Irina M. Gershelis, is an individual who at times material hereto lived in West Warwick, Rhode Island.  Ms. Gershelis was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b)  Plaintiff, Irina M. Gershelis, brings claims as mother and next friend of her minor children, Brentin St. Jean and Colner St. Jean.

114.    (a)  Plaintiff, Rodney J. Gaumitz, is an individual who at times material hereto lived in Warwick, Rhode Island.  Mr. Gaumitz was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b)  Plaintiff, Rodney J. Gaumitz, brings claims as father and next friend of his minor children, Tyler Gaumitz and Collin Gaumitz.

115.    Plaintiff, Donna Reis, is an individual who at times material hereto lived in North Providence, Rhode Island.  Ms. Reis was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

116.    Plaintiff, Ronald S. Schoepfer, is an individual who at times material hereto lived in Pawtucket, Rhode Island. Mr. Schoepfer was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

117.    Plaintiff, Richard J. Grace, is an individual who at times material hereto lived in Coventry, Rhode Island. Mr. Grace was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

118.    (a) Plaintiff, Tawnya Kelly, is an individual who at times material hereto lived in Cranston, Rhode Island. Ms. Kelly was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b) Plaintiff, Tawnya Kelly, brings claims as mother and next friend of her minor children, Andrew A. Jones and Aryanna F. Greene.

119.    (a) Plaintiff, Gregory Scott Dufour, is an individual who at times material hereto lived in Coventry, Rhode Island. Mr. Dufour was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Gregory Scott Dufour, brings this claim as father and next friend of his minor child, Ashley A. Dufour.

120.    Plaintiff, John D. Wigginton, is an individual who at times material hereto lived in Uxbridge, Massachusetts. Mr. Wigginton was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

121.    Plaintiff, Scott Dunbar, is an individual who at times material hereto lived in Woburn, Massachusetts. Mr. Dunbar was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

122.    Plaintiff, Joseph Lusardi, is an individual who at times material hereto lived in Easton, Massachusetts. Mr. Lusardi was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

123.    Plaintiff, John Kudryk, is an individual who at times material hereto lived in Easton, Massachusetts. Mr. Kudryk was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

124.    (a) Plaintiff, Brandon Fravala, is an individual who at times material hereto lived in West Warwick, Rhode Island. Mr. Fravala was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Brandon Fravala, brings this claim as father and next friend of his minor child, Nicholas James Douglas Fravala.

125.    Plaintiff, David Fravala, is an individual who at times material hereto lived in West Warwick, Rhode Island. Mr. Fravala was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

126.    Plaintiff, Robin Petrarca, is an individual who at times material hereto lived in Warwick, Rhode Island. Ms. Petrarca was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

127.    (a) Plaintiff, Michael Stefani, is an individual who at times material hereto lived in North Kingstown, Rhode Island. Mr. Stefani was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Michael Stefani, brings this claim as father and next friend of his minor child, Jade Bartels.

128.    (a) Plaintiff, Hollie A. Pomfret, is an individual who at times material hereto lived in Greene, Rhode Island. Ms. Pomfret was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b) Plaintiff Justin Pomfret brings this claim as husband of Hollie A. Pomfret. (c) Plaintiffs Justin Pomfret and Hollie A. Pomfret bring claims as parents and next friends of Alexis Pomfret and Skylar Pomfret, minor children of Hollie A. Pomfret.

129.   (a)  Plaintiff, Justin Pomfret, is an individual who at times material hereto lived in Greene, Rhode Island. Mr. Pomfret was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.  (b)  Plaintiff Hollie A. Pomfret brings this claim as wife of Justin Pomfret.  (c)  Plaintiffs, Justin Pomfret and his wife, Hollie A. Pomfret, bring claims as parents and next friends of Alexis Pomfret and Skylar Pomfret, minor children of Justin Pomfret.

130.   Plaintiff, Al Prudhomme, is an individual who at times material hereto lived in Coventry, Rhode Island. Mr. Prudhomme was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

131.   Plaintiff, Charlene Prudhomme, is an individual who at times material hereto lived in Coventry, Rhode Island. Ms. Prudhomme was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

132.   Plaintiff, Robert Harrington, is an individual who at times material hereto lived in Coventry, Rhode Island. Mr. Harrington was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

133.   Plaintiff, Robert A. Barlow, is an individual who at times material hereto lived in Fall River, Massachusetts. Mr. Barlow was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

134.   Plaintiff, Kristin A. Brown, is an individual who at times material hereto lived in West Kingstown, Rhode Island. Ms. Brown was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

135.   (a)  Plaintiff, Patricia L. Clarke, is an individual who at times material hereto lived in Portsmouth, Rhode Island. Ms. Clarke was lawfully on the premises of The Station nightclub

on February 20, 2003 where she was injured in the fire. (b) Plaintiff, Patricia L. Clarke, brings this claim as mother and next friend of Kira Lynn Clarke, her minor daughter.

136.    (a) Plaintiff, Gennaro Companatico, is an individual who at times material hereto lived in Warwick, Rhode Island. Mr. Companatico was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Gennaro Companatico, brings this claim as father and next friend of Samantha Companatico and Genna Companatico, his minor children.

137.    (a) Plaintiff, Richard Cook, is an individual who at times material hereto lived in Westerly, Rhode Island. Mr. Cook was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Sarah Amy Cook, brings this claim as wife of Richard Cook. (c) Plaintiffs Richard Cook and Sarah Amy Cook bring this claim as parents and next friends of their minor child, Cooper R. Cook.

138.    (a) Plaintiff, Richard DelSanto, is an individual who at times material hereto lived in Warwick, Rhode Island. Mr. DelSanto was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff Richard Delsanto brings this claim as parent and next friend of his minor children, Jarred Ferrara and Evan Parr.

139.    Plaintiff, Joseph A. DiBona, Jr., is an individual who at times material hereto lived in West Warwick, Rhode Island. Mr. DiBona was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

140.    (a) Plaintiff, Linda M. Fisher, is an individual who at times material hereto lived in Cranston, Rhode Island. Mrs. Fisher was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b) Plaintiff, Linda M. Fisher, and her

husband, Kevin J. Fisher, bring this claim as parents and next friends of Amber Fisher, their

daughter, a minor. (c)  Plaintiff, Kevin J. Fisher, brings this claim as husband of Linda M. Fisher.

141.   Plaintiff, Joseph M. Flynn, is an individual who at times material hereto lived in

Webster, Massachusetts. Mr. Flynn was lawfully on the premises of The Station nightclub on

February 20, 2003 where he was injured in the fire.

142.   (a)  Plaintiff, Lisa C. Hale, is an individual who at times material hereto lived in

Hope Valley, Rhode Island.  Ms. Hale was lawfully on the premises of The Station nightclub on

February 20, 2003 where she was injured in the fire. (b)  Plaintiff, Lisa C. Hale, brings a claim as

mother and next friend of her minor child, Kylen Hale.

143.   (a)  Plaintiff, Laurie A. Hussey, in an individual who at times material hereto

lived in North Kingstown, Rhode Island.  Mrs. Hussey was lawfully on the premises of The

Station nightclub on February 20, 2003 where she was injured in the fire. (b)  Plaintiffs, Laurie

A. Hussey and John Edward Hussey, Jr., bring this claim as parents and next friends of their

minor children, Hallie Ann Hussey and Rayanna Leigh Hussey. (c)  Plaintiff, John Edward

Hussey, Jr., brings this claim as husband of Laurie A. Hussey.

144.   Plaintiff, Marc A. Lucier, is an individual who at times material hereto lived in

Danielson, Connecticut.  Mr. Lucier was lawfully on the premises of The Station nightclub on

February 20, 2003 where he was injured in the fire.

145.   (a)  Plaintiff, Matthew Mallette, is an individual who at times material hereto

lived in Webster, Massachusetts. Mr. Mallette was lawfully on the premises of The Station

nightclub on February 20, 2003 where he was injured in the fire. (b)  Plaintiffs, Matthew

Mallette and Jessica Mallette, bring this claim as parents and next friends of their minor children,

Joshua Mallette and Cameron Mallette. (c) Plaintiff, Jessica Mallette, brings this claim as wife of Matthew Mallette.

146.    Plaintiff, John Mangan, Jr., is an individual who at times material hereto lived in Cranston, Rhode Island. Mr. Mangan was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

147.    Plaintiff, Frances P. McMurray, is an individual who at times material hereto lived in Cranston, Rhode Island. Ms. McMurray was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

148.    Plaintiff, Christopher J. Nowicki, is an individual who at times material hereto lived in East Greenwich, Rhode Island. Mr. Nowicki was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

149.    Plaintiff, Paul M. Pelletier, is an individual who at times material hereto lived in Lincoln, Rhode Island. Mr. Pelletier was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

150.    Plaintiff, Michael Perreault, is an individual who at times material hereto lived in Coventry, Rhode Island. Mr. Perreault was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

151.    Plaintiff, Christopher A. Peters, is an individual who at times material hereto lived in Peabody, Massachusetts. Mr. Peters was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

152.    Plaintiff, Jonathan Petrin, is an individual who at times material hereto lived in Albion, Rhode Island. Mr. Petrin was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

153.    Plaintiff, Jason Piscopio, is an individual who at times material hereto lived in West Warwick, Rhode Island. Mr. Piscopio was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

154.    (a) Plaintiff, John A. Rezendes, is an individual who at times material hereto lived in Jamestown, Rhode Island. Mr. Rezendes was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, John A. Rezendes, brings this claim as father and next friend of Leah M. Rezendes and Cameron M. Rezendes, his minor children

155.    (a) Plaintiff, Catherine C. Sagesta, is an individual who at times material hereto lived in Taunton, Massachusetts. Ms. Sagesta was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b) Plaintiff, Catherine C. Sagesta, brings this claim as mother and next friend of Christin Cameron and Samantha Cameron, her minor children.

156.    Plaintiff, George Solitro, is an individual who at times material hereto lived in West Warwick, Rhode Island. Mr. Solitro was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

157.    (a) Plaintiff, Gary Stein, is an individual who at times material hereto lived in Norton, Massachusetts. Mr. Stein was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Gary Stein, brings this claim as father and next friend of Victoria Stein and Joshua Stein, his minor children.

158.    Plaintiff, Melissa A. Stephenson, is an individual who at times material hereto lived in Coventry, Rhode Island. Ms. Stephenson was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

159.   (a) Plaintiff, Ray F. Beauchaine, Jr., is an individual who at all times material hereto lived in West Warwick, Rhode Island. Ray F. Beauchaine, Jr. was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Ray Beauchaine, Jr., brings claims as father and next friend of his minor children Ray F. Beauchaine, III, Christopher R. Beauchaine and Ashley Beauchaine.

160.   Plaintiff, Julie Belson, is an individual who at all times material hereto lived in Danvers, Massachusetts. Julie Belson was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

161.   Plaintiff, Kevin Blom, is an individual who at all times material hereto lived in Cranston, Rhode Island. Kevin Blom was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

162.   (a) Plaintiff, Milisa Bump, is an individual who at all times material hereto lived in Worcester, Massachusetts. Milisa Bump was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b) Plaintiff, Milisa Bump, brings claims as mother and next friend of her minor children Dereck Bump and Sandra Dunn.

163.   Plaintiff, Jennifer Choquette, is an individual who at all times material hereto lived in South Dartmouth, Massachusetts. Jennifer Choquette was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

164.   Plaintiff, Nicole Conant, is an individual who at all times material hereto lived in Medford, Massachusetts. Nicole Conant was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

165.    Plaintiff, Stephanie Conant, is an individual who at all times material hereto lived in Medford, Massachusetts. Stephanie Conant was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

166.    Plaintiff, Arthur J. Conway, III, is an individual who at all times material hereto lived in Plymouth, Massachusetts. Arthur J. Conway, III, was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

167.    Plaintiff, Robert Cushman, is an individual who at all times material hereto lived in Warwick, Rhode Island. Robert Cushman was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

168.    (a) Plaintiff, Shauna Dell, is an individual who at all times material hereto lived in Warwick, Rhode Island. Shauna Dell was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b)  Plaintiff, Claude Richard, brings this claim as husband of Shauna Dell.

169.    (a) Plaintiff, Claude Richard, is an individual who at all times material hereto lived in Warwick, Rhode Island. Claude Richard was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Shauna Dell, brings this claim as wife of Claude Richard.

170.    Plaintiff, Richard Dufour, Jr., is an individual who at all times material hereto lived in Coventry, Rhode Island. Richard Dufour, Jr. was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

171.    (a)  Plaintiff, James Dufresne, is an individual who at all times material hereto lived in Oxford, Massachusetts. James Dufresne was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b)  Plaintiff, James Dufresne,

- 56 -

brings claims as father and next friend of his minor children James J. Dufresne, Jr. and Bryan Dufresne.

172.    Plaintiff, John Gibbs, is an individual who at all times material hereto lived in Attleboro, Massachusetts. John Gibbs was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

173.    Plaintiff, Gregory Gray, is an individual who at all times material hereto lived in Pawcatuck, Connecticut. Gregory Gray was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

174.    Plaintiff, Grant Hall, is an individual who at all times material hereto lived in Saunderstown, Rhode Island. Grant Hall was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

175.    Plaintiff, Michael Iannone, is an individual who at all times material hereto lived in Johnston, Rhode Island. Michael Iannone was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

176.    Plaintiff, Adrian Krasinskas, is an individual who at all times material hereto lived in Oxford, Massachusetts. Adrian Krasinskas was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

177.    Plaintiff, Joseph LoBianco, is an individual who at all times material hereto lived in North Providence, Rhode Island. Joseph LoBianco was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

178.    Plaintiff, David McGinn, is an individual who at all times material hereto lived in Cranston, Rhode Island. David McGinn was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire..

179.    (a)  Plaintiff, Deborah Peduzzi, is an individual who at all times material hereto lived in Sutton, Massachusetts.  Deborah Peduzzi was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b)  Plaintiffs, Deborah Peduzzi and Robert Peduzzi, bring these claims as parents and next friends of Joseph Peduzzi and Ashley Peduzzi, their minor children.

180.    (a)  Plaintiff, Dawn Perry, is an individual who at all times material hereto lived in Johnston, Rhode Island.  Dawn Perry was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b)  Plaintiff, Stephen Perry, brings this claim as husband of Dawn Perry.

181.    (a)  Plaintiff, Stephen Perry, is an individual who at all times material hereto lived in Johnston, Rhode Island.  Stephen Perry was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.  (b) Plaintiff, Dawn Perry, brings this claim as wife of Stephen Perry.

182.    (a)  Plaintiff, Robin Precourt, is an individual who at all times material hereto lived in Lincoln, Rhode Island.  Robin Precourt was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.  (b)  Plaintiff, Justina Martin, brings this claim as daughter and beneficiary of Robin Precourt.

183.    (a)  Plaintiff, Gina Russo, is an individual who at all times material hereto lived in Cranston, Rhode Island.  Gina Russo was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.  (b)  Plaintiff, Gina Russo, brings claims as mother and next friend of her minor children Alex Odsen and Nicholas Odsen.

184. Plaintiff, Milton Servis, II, is an individual who at all times material hereto lived in Mashpee, Massachusetts. Milton Servis, II was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

185. Plaintiff, Derrick Silva, is an individual who at all times material hereto lived in Fairhaven, Massachusetts. Derrick Silva was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

186. Plaintiff, Erik Sippy, is an individual who at all times material hereto lived in Warwick, Rhode Island. Erik Sippy was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

187. (a) Plaintiff, David Steets, is an individual who at all times material hereto lived in Johnston, Rhode Island. David Steets was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, David Steets, brings this claim as father and next friend of his minor child, David M. Steets.

188. (a) Plaintiff, Raul Vargas, is an individual who at all times material hereto lived in Johnston, Rhode Island. Raul Vargas was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Melanie Vargas, brings this claim as wife of Raul Vargas. (c) Plaintiffs, Raul Vargas, and his wife, Melanie Vargas, bring this claim as parents and next friends of Bryan Vargas, their son, a minor.

189. Plaintiff, Jennifer Vieira, is an individual who at all times material hereto lived in Cranston, Rhode Island. Jennifer Vieira was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

190. (a) Plaintiff, Andrew S. Richardson, Trustee in Bankruptcy, for Debra and Brian Wagner, brings this claim on behalf of Debra Wagner, who is an individual who at all times

material hereto lived in Warwick, Rhode Island. Debra Wagner was lawfully on the premises of

The Station nightclub on February 20, 2003 where she was injured in the fire. Andrew S.

Richardson was named Trustee in Bankruptcy for Debra and Brian Wagner by the United States

Bankruptcy Court for the District of Rhode Island on February 3, 2004 (b) Plaintiff, Andrew S.

Richardson, Trustee in Bankruptcy, for Debra and Brian Wagner, brings this claim on behalf of

Brian Wagner, as husband of Debra Wagner. (c) Plaintiffs, Debra Wagner, and her husband,

Brian Wagner, bring this claim as parents and next friends of Krystal Wagner, their daughter, a

minor.

191.    (a) Plaintiff, Gina M. Gauvin, is an individual who at all times material hereto

lived in Johnston, Rhode Island. Gina M. Gauvin was lawfully on the premises of The Station

nightclub on February 20, 2003 where she was injured in the fire. (b) Plaintiff, Gina M. Gauvin,

brings claims as mother and next friend of her minor children Shayna S. Gauvin and Joseph

Jordan.

192.    (a) Plaintiff, Scott C. Moresco, is an individual who at all times material hereto

lived in Pawtucket, Rhode Island. Scott C. Moresco was lawfully on the premises of The Station

nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 where he

was injured in the fire. (b) Plaintiff, Scott C. Moresco, brings this claim as father and next

friend of Tatiana Abel, his minor child.

193.    (a) Plaintiff, Mario B. Cardillo, is an individual who at times material hereto

lived in Providence, Rhode Island. Mario B. Cardillo was lawfully on the premises of The

Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003

where he was injured in the fire. (b) Plaintiff, Kathleen M. Cardillo, brings this claim as wife of

Mario B. Cardillo.

194.    (a) Plaintiff, Kathleen M. Cardillo, is an individual who at times material hereto lived in Providence, Rhode Island. Kathleen M. Cardillo was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 where she was injured in the fire. (b) Plaintiff, Mario B. Cardillo, brings this claim as husband of Kathleen M. Cardillo.

195.    Plaintiff, Tammy M. St. Hilaire, is an individual who at all times material hereto lived in Lincoln, Rhode Island. Tammy M. St. Hilaire was lawfully on the premises of The Station nightclub on Cowesett Avenue, West Warwick, Rhode Island on February 20, 2003 where she was injured in the fire.

196.    Plaintiff, Robert P. Feeney is an individual who at all times material hereto lived in Plymouth, Massachusetts. Robert P. Feeney was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

197.    (a) Plaintiff, David D. Brennan, is an individual who at times material hereto lived in West Warwick, Rhode Island. Mr. Brennan was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff Susan Brennan brings this claim as wife of David D. Brennan.

198.    Plaintiff, Robert M. Cripe, is an individual who at times material hereto lived in West Warwick, Rhode Island. Mr. Cripe was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

199.    Plaintiff, Neil E. Cronin, is an individual who at times material hereto lived in Warwick, Rhode Island. Mr. Cronin was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

200. Plaintiff, Karen M. Gordon, is an individual who at times material hereto lived in West Warwick, Rhode Island. Ms. Gordon was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

201. Plaintiff, Paul R. Gordon, is an individual who at times material hereto lived in West Warwick, Rhode Island. Mr. Gordon was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

202. Plaintiff, Joseph A. Jones, is an individual who at times material hereto lived in Cranston, Rhode Island. Mr. Jones was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

203. Plaintiff, Lee A. Karvonen, is an individual who at times material hereto lived in Greene, Rhode Island. Mr. Karvonen was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

204. Plaintiff, Theresia M. LaBree, is an individual who at times material hereto lived in Pawtucket, Rhode Island. Ms. LaBree was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

205. (a) Plaintiff, Melissa J. Minor, is an individual who at times material hereto lived in West Warwick, Rhode Island. Ms. Minor was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b) Plaintiff John Minor brings this claim as husband of Melissa Minor.

206. Plaintiff, Charles A. Oberg, is an individual who at times material hereto lived in Coventry, Rhode Island. Mr. Oberg was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

207.    Plaintiff, Linda A. Ormerod, is an individual who at times material hereto lived in Providence, Rhode Island. Ms. Ormerod was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

208.    Plaintiff, John S. Pinkham, is an individual who at times material hereto lived in Pawtucket, Rhode Island. Mr. Pinkham was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

209.    Plaintiff, Victoria L. Potvin, is an individual who at times material hereto lived in West Warwick, Rhode Island. Ms. Potvin was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

210.    Plaintiff, Kerrie A. Rock, is an individual who at times material hereto lived in West Warwick, Rhode Island. Ms. Rock was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

211.    Plaintiff, Timothy J. Rossano, is an individual who at times material hereto lived in Warwick, Rhode Island. Mr. Rossano was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

212.    (a) Plaintiff, Nancy S. Trautz, is an individual who at times material hereto lived in South Dartmouth, Massachusetts. Ms. Trautz was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b) Plaintiff Chris C. Trautz brings this claim as husband of Nancy S. Trautz.

213.    (a) Plaintiff, Donovan Williams, is an individual who at times material hereto lived in Coventry, Rhode Island. Mr. Williams was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff, Donovan

Williams, brings these claims as father and next friend of his three minor children, Zachary, Hayley and Dylan Williams.

214.    Plaintiff, Sharon A. Wilson, is an individual who at times material hereto lived in West Warwick, Rhode Island. Ms. Wilson was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

215.    Plaintiff, Melanie Fontaine, is an individual who at times material hereto lived in Johnston, Rhode Island. Ms. Fontaine was lawfully on the premises of The Station nightclub on February 20, 2003 where she injured in the fire.

216.    (a) Plaintiff, Shawn Lourenco, is an individual who at times material hereto lived in New Bedford, Massachusetts. Mr. Lourenco was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.  (b) Plaintiff, Mary Lourenco, as legal guardian brings this claim on behalf of Shawn Lourenco's minor children, Brett Lourenco, Bryan Lourenco and Brad Lourenco.

217.    Plaintiff, Ashley A. Poland, is an individual who at times material hereto lived in Wakefield, Rhode Island. Ms. Poland was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire.

218.    Plaintiff, Joseph Cristina, is an individual who at times material hereto lived in East Bridgewater, Massachusetts. Mr. Cristina was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

219.    Plaintiff, William Rancourt, is an individual who at times material hereto lived in Providence, Rhode Island. Mr. Rancourt was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

220. Plaintiff, Matthew Dussault, is an individual who at times material hereto lived in Coventry, Rhode Island. Mr. Dussault was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

221. Plaintiff, Paul Bertolo, is an individual who at times material hereto lived in Brockton, Massachusetts. Mr. Bertolo was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire.

222. (a) Plaintiff Cynthia A. Nobles is an individual who at times material hereto lived in North Kingstown, Rhode Island. Cynthia A. Nobles was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b) Plaintiff Edward D. Nobles brings this claim as husband of Cynthia A. Nobles.

223. (a) Plaintiff Edward D. Nobles is an individual who at times material hereto lived in North Kingstown, Rhode Island. Edward D. Nobles was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff Cynthia A. Nobles brings this claim as wife of Edward D. Nobles.

224. (a) Plaintiff Donald N. Trudeau is an individual who at times material hereto lived in Warwick, Rhode Island. Donald N. Trudeau was lawfully on the premises of The Station nightclub on February 20, 2003 where he was injured in the fire. (b) Plaintiff Roberta Trudeau brings this claim as wife of Donald N. Trudeau.

225. Plaintiffs Jane C. Sylvester and Robert L. Sylvester, Co-Administrators of the Estate of Jason Sylvester, bring this claim on behalf of the Estate and wrongful death beneficiaries of Jason Sylvester, who lived in Coventry, Rhode Island. Jason Sylvester was lawfully on the premises of The Station nightclub on February 20, 2003 and died of injuries sustained in the fire. Jane C. Sylvester and Robert L. Sylvester were appointed Co-

Administrators of the plaintiff Estate by the Probate Court of the Town of Coventry on July 24, 2003.

226.    (a) Plaintiff Erin Pucino is an individual who at times material hereto lived in North Kingstown, Rhode Island. Ms. Pucino was lawfully on the premises of The Station nightclub on February 20, 2003 where she was injured in the fire. (b) Plaintiff Erin Pucino brings this claim as mother and next friend of her minor child, Sterling Pucino.

(Plaintiff paragraph numbers 227 through 270 reserved)

## GENERAL ALLEGATIONS AS TO ALL DEFENDANTS

271.    On February 20, 2003, because of the carelessness and negligence of the defendants, and each of them, by their agents, servants, employees, officers and directors, and by reason of the breach by some of the defendants of contractual obligations to which the plaintiffs are third-party beneficiaries, and by reason of the breach by some of the defendants of their strict product liability obligations, a fire was caused to spread throughout and to consume the premises at 211 Cowesett Avenue, West Warwick, exposing plaintiffs, plaintiffs' decedents and other persons from which the plaintiffs derive rights to sue to fire, smoke, noxious and poisonous fumes and gases, molten materials, trampling and other dangers, as a result of which the plaintiffs were caused to sustain injuries and/or death and other damages.

## JEFFREY DERDERIAN

272.    Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

273.    The defendant Jeffrey Derderian is an individual who at times material hereto resided in Narragansett, Washington County, Rhode Island. At times material hereto Jeffrey

- 66 -

Derderian acted individually and as an agent of defendant DERCO, LLC and as an agent of LIN

Television Corporation.

274.    The defendant Jeffrey Derderian was negligent, both individually and as an agent

of defendant DERCO, LLC, in the management, maintenance, supervision, control and

inspection of The Station.  Without limitation, defendant Jeffrey Derderian:

      a.      contributed to the over-crowding of The Station of February 20, 2003;

      b.      installed and maintained defective material, including flammable foam and
            other interior finish, in The Station which caused and contributed to fire
            spread;

      c.      failed to ensure compliance with Rhode Island's laws for the permit and use of
            pyrotechnics;

      d.      failed to provide numerous fire prevention, detection, and suppression
            materials at The Station; and

      e.      failed to provide proper means of egress and adequate and operable lighting to
            illuminate such means of egress during the fire.

275.    Defendant Jeffrey Derderian's negligence, both individually and as an agent of

DERCO, LLC caused deaths and severe personal injuries to plaintiffs.

276.    On February 20, 2003, Jeffrey Derderian acted at times material hereto as an

investigative reporter for WPRI Channel 12, owned by LIN Television Corporation ("LIN").

Together with Channel 12 photographer Brian Butler, also employed by LIN, Jeffrey Derderian

was investigating and preparing an analysis of nightclub safety for his employer, LIN, intended

to be aired in the wake of a fatal Chicago nightclub fire.

277.    Jeffrey Derderian knew of several hazardous conditions in The Station nightclub

on February 20th prior to 11:00 p.m., including without limitation that the club was substantially

overcrowded, that it lacked adequate and lawful egress, that non-flame-retardant and defective

egg crate foam had been placed on the interior finish of the walls surrounding the stage where the

band would perform, and that Great White would use pyrotechnics in close proximity to these walls.

278.   Had Jeffrey Derderian been investigating any other nightclub but one he owned and operated, he would have, armed with this knowledge, brought it to the attention of the owners and operators of the nightclub in an effort to aggressively promote a newsworthy story and/or to promote safety and prevent tragedy.

279.   Jeffrey Derderian's failure to call attention to these defects as an individual, as owner of DERCO, LLC, and as an investigative reporter for LIN Television Corporation working for WPRI Channel 12, caused deaths of and severe personal injuries to plaintiffs.

## COUNT I
## JEFFREY DERDERIAN – NEGLIGENCE

280.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

281.   This Count seeks damages on behalf of all plaintiffs from Jeffrey Derderian arising out of his negligence as an individual, as an agent of DERCO, LLC, and as an agent of LIN Television Corporation.

## COUNT II
## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

282.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

283.   Several of Defendant's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

## MICHAEL DERDERIAN

284.   The defendant Michael Derderian is an individual who at times material hereto resided in Saunderstown, Washington County, Rhode Island.  At times material hereto Michael Derderian acted individually and as an agent of defendant DERCO, LLC.

285.   The defendant Michael Derderian was negligent, both individually and as an agent of defendant DERCO, LLC, in the management, maintenance, supervision, control and inspection of The Station.  Without limitation, defendant Michael Derderian:

     a.     contributed to the overcrowding of The Station on February 20, 2003;

     b.     installed and maintained defective material, including flammable foam and other interior finish, in The Station which caused and contributed to the fire spread;

     c.     failed to ensure compliance with Rhode Island's laws for the permit and use of pyrotechnics;

     d.     failed to provide numerous fire prevention, detection and suppression materials at The Station; and

     e.     failed to provide proper means of egress and adequate and operable lighting to illuminate such means of egress during the fire.

286.   Defendant Michael Derderian's negligence, both individually and as an agent of DERCO, LLC, caused deaths of and severe personal injuries to plaintiffs.

## COUNT III
## MICHAEL DERDERIAN – NEGLIGENCE

287.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

288.   This Count seeks damages on behalf of all plaintiffs from Michael Derderian arising out of his negligence as an individual and as an agent of DERCO, LLC.

## COUNT IV
## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

289.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

290.   Several of Defendant's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

### DERCO, LLC

291.   The defendant DERCO, LLC is a Rhode Island Corporation with a principal place of business in West Warwick.  DERCO, LLC does business as The Station and is owned by defendants Jeffrey Derderian and Michael Derderian.

292.   The defendant DERCO, LLC, through its agents, servants and employees, was negligent in the management, maintenance, supervision, control and inspection of The Station, which it owned and operated.  DERCO, LLC's negligence included, without limitation:

   a.   allowing The Station to be overcrowded on February 20, 2003;

   b.   allowing the installation and maintenance of defective material, including flammable foam and other interior finish, in The Station which caused and contributed to fire spread;

   c.   failing to ensure compliance with Rhode Island's laws for the permit and use of pyrotechnics;

   d.   failing to provide numerous fire prevention, detection and suppression materials at The Station; and

   e.   failing to provide proper means of egress and adequate and operable lighting to illuminate such means of egress during the fire.

293.   Defendant DERCO, LLC's negligence caused deaths of and severe personal injuries to plaintiffs.

- 70 -

## COUNT V
## DERCO, LLC – NEGLIGENCE

294.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this

Complaint.

295.   This Count seeks damages on behalf of all plaintiffs from DERCO, LLC arising

out of its negligence.

## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

296.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this

Complaint.

297.   Several of Defendant's actions or omissions constitute the commission of a crime

or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions

pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

## HOWARD JULIAN

298.   The defendant Howard Julian is an individual who at times material hereto resided

in Hope Valley, Washington County, Rhode Island.  At times material hereto Howard Julian

acted individually and as an agent and owner of defendant La Villa Strangiato, Inc.

299.   From December 5, 1995 through March 7, 2000, the defendant Howard Julian,

individually and as an agent and owner of La Villa Strangiato, Inc. negligently managed,

maintained, supervised, controlled and inspected premises at 211 Cowesett Avenue, West

Warwick, while such premises were being leased from the defendant, Triton Realty Limited

Partnership.  Julian's negligence included the installation and maintenance of defective material,

including interior finish, on the premises, which caused and contributed to fire spread on

- 71 -

February 20, 2003. Defendant Howard Julian's negligence, both individually and as an agent of La Villa Strangiato, Inc. caused deaths of and severe personal injuries to plaintiffs.

## COUNT VI
## HOWARD JULIAN - NEGLIGENCE

300.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

301.   This Count seeks damages on behalf of all plaintiffs from Howard Julian arising out of his negligence as an individual and as an agent of La Villa Strangiato, Inc.

## COUNT VII
## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

302.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

303.   Several of Defendant's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

## TRITON REALTY LIMITED PARTNERSHIP

304.   Triton Realty Limited Partnership is a limited partnership organized under the laws of Massachusetts, registered to do business in and having a principal place of business in Rhode Island. At all relevant times Triton Realty Limited Partnership owned property at 211 Cowesett Avenue, West Warwick, Rhode Island, and leased property to various individuals and entities for the operation of restaurants and nightclubs.

305.   As property owner Triton Realty Limited Partnership had an obligation to keep the premises reasonably safe for all persons lawfully on the property. As landlord, Triton Realty Limited Partnership retained the right to approve or reject any and all alterations or repairs made

by the tenant. Triton Realty Limited Partnership retained sufficient control over the leased premises to impose upon it a duty to correct defective and nuisance conditions created by tenants both prior to renewal of leases and after lease renewal but prior to the fire of February 20, 2003.

306.   Triton Realty Limited Partnership breached the aforementioned duties and obligations by negligently failing to correct and remove defective conditions on the premises, including without limitation, defective material installed on the premises, including interior finish, and failing to correct open and obvious building and fire code violations on the premises. Defendant Triton Realty Limited Partnership's negligence caused deaths of and severe personal injuries to plaintiffs.

307.   On information and belief, Defendant Triton Realty Limited Partnership has transferred assets with the intent to hinder, delay or defraud Plaintiffs.

## COUNT VIII
## TRITON REALTY LIMITED PARTNERSHIP – NEGLIGENCE

308.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

309.   This Count seeks damages on behalf of all plaintiffs from Triton Realty Limited Partnership arising out of its negligence.

## COUNT IX
## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

310.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

311.   Several of Defendant's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

## TRITON REALTY, INC.

312.   Triton Realty, Inc. is a corporation organized under the laws of Massachusetts and registered to do business in and having a principal place of business in Rhode Island.  At relevant times Triton Realty, Inc. was the General Partner of Triton Realty Limited Partnership, which limited partnership owned property at 211 Cowesett Avenue, West Warwick, Rhode Island and leased the property to various individuals and entities for the operations of restaurants and nightclubs.

313.   As general partner of Triton Realty Limited Partnership, Triton Realty, Inc. had an obligation to keep the premises at 211 Cowesett Avenue in West Warwick, Rhode Island reasonably safe for all persons lawfully on the property.  As general partner of the landlord, Triton Realty Limited Partnership, Triton Realty, Inc. retained the right to approve or reject any and all alterations or repairs made by the tenant.  Triton Realty, Inc., as general partner of Triton Realty Limited Partnership, retained sufficient control over the leased premises to impose upon it a duty to correct defects and nuisance conditions created by tenants both prior to renewal of leases and after lease renewal but prior to the fire of February 20, 2003.

314.   Triton Realty, Inc., as general partner of Triton Realty Limited Partnership, breached the aforementioned duties and obligations by negligently failing to correct and remove defective conditions on the premises, including without limitation, defective material installed on the premises, including interior finish, and failing to correct open and obvious building and fire code violations.  Defendant Triton Realty, Inc.'s negligence caused deaths of and severe personal injuries to plaintiffs.

315.   On information and belief Defendant Triton Realty, Inc. has transferred assets with the intent to hinder, delay or defraud Plaintiffs.

## COUNT X
## TRITON REALTY, INC. – NEGLIGENCE

316.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

317.   This Count seeks damages on behalf of all plaintiffs from Triton Realty, Inc. arising out of its negligence.

## COUNT XI
## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

318.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

319.   Several of Defendant's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

### RAYMOND J. VILLANOVA

320.   Raymond J. Villanova ("Villanova") is a resident of Warwick, Kent County, Rhode Island. At relevant times Raymond J. Villanova was General Partner of Triton Realty Limited Partnership, the owner of property at 211 Cowesett Avenue, West Warwick, Rhode Island.

321.   As general partner of the property owner Triton Realty Limited Partnership, Villanova had an obligation to keep the premises reasonably safe for all persons lawfully on the property. As general partner to the landlord, Triton Realty Limited Partnership, Villanova retained the right to approve or reject any and all alterations or repairs made by the tenant. As general partner of Triton Realty Limited Partnership, Villanova retained sufficient control over the leased premises to impose upon it a duty to correct defects and nuisance conditions created

by the tenants both prior to renewal of leased and after lease renewal but prior the fire of February 20, 2003.

322.    Villanova as general partner of Triton Realty Limited Partnership breached the aforementioned duties and obligations by negligently failing to correct and remove defective conditions on the premises, including without limitation, defective material installed on the premises, including interior finish, failing to correct open and obvious building and fire code violations.  Defendant Villanova's negligence caused deaths of and severe personal injuries to plaintiffs.

323.    On information and belief Defendant Villanova has transferred assets with the intent to hinder, delay or defraud Plaintiffs.

## COUNT XII
## RAYMOND J. VILLANOVA – NEGLIGENCE

324.    Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

325.    This Count seeks damages on behalf of all plaintiffs from Raymond J. Villanova arising out of his negligence.

## COUNT XIII
## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

326.    Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

327.    Several of Defendant's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

## JACK RUSSELL

328.   The defendant Jack Russell is a resident of California, and was on February 20, 2003, the lead singer of the Band Great White.  Defendant Russell individually managed and controlled many aspects of the Band's performance, including its use of pyrotechnics.

329.   The defendant Russell had a duty to exercise reasonable care for the safety of the patrons at The Station nightclub in connection with a concert performed there by Great White on February 20, 2003.

330.   The defendant Russell failed to use reasonable care and failed to comply with the laws of the State of Rhode Island including, without limitation:

    a.   the failure to obtain a valid certificate of competency from the State Fire Marshal for the possession and display of pyrotechnics;

    b.   the failure to obtain a permit for the use and display of proximate pyrotechnics;

    c.   the failure to comply with the Rhode Island Fire Safety Code for Fireworks and Pyrotechnics (chapter 23-28.11-3 -- 11-10); and

    d.   failure to display pyrotechnics in accordance with the requirements of the National Fire Protection Association Standard 1126, entitled "Use of Pyrotechnics Before a Proximate Audience."

331.   Defendant Jack Russell's failure to use reasonable care and violation of the laws of the State of Rhode Island and the requirements of NFPA 1126 caused deaths of and severe personal injuries to plaintiffs.

## COUNT XIV
## JACK RUSSELL – NEGLIGENCE

332.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

333.   This Count seeks damages on behalf of all plaintiffs from Jack Russell arising out of his negligence.

## COUNT XV
## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

334.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.Several of Defendant's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

## JACK RUSSELL TOURING, INC.

335.   The defendant, Jack Russell Touring, Inc. is a California corporation that employed Jack Russell and other members of the band Great White in February of 2003. Jack Russell Touring, Inc. managed and controlled many aspects of the band Great White's performance, including its use of pyrotechnics. Jack Russell Touring, Inc. had a duty to exercise reasonable care for the safety of the patrons of The Station and a duty to comply with the laws of Rhode Island in connection with a concert performed by Great White at The Station on February 20, 2003.

336.   The defendant Jack Russell Touring, Inc. failed to use reasonable care and failed to comply with the laws of the State of Rhode Island, including without limitation:

   a.   the failure to obtain a valid certificate of competency from the State Fire Marshal for the possession and display of pyrotechnics;

   b.   the failure to obtain a permit for the use and display of proximate pyrotechnics;

   c.   the failure to comply with the Rhode Island Fire Safety Code for Fireworks and Pyrotechnics (chapter 23-28.11-3 -- 11-10); and

d.  failure to display pyrotechnics in accordance with the requirements of the National Fire Protection Association Standard 1126, entitled "Use of Pyrotechnics Before a Proximate Audience."

337.  Additionally, Defendant Jack Russell Touring, Inc., through its agents, servants and employees, transported more than 25 kilograms of explosive material (fireworks) in interstate commerce and into Rhode Island without registration or permit, state or federal, allowing same to be used by unlicensed persons in close proximity to the public, within a confined, highly flammable space.

338.  Said actions by Jack Russell Touring, Inc. were negligent and in violation of state and federal laws, including but not limited to R.I.G.L. Title 11, Chapter 13, Section 8 and 49 C.F.R. §107.601(a)(2).

339.  Plaintiffs bring the following claims under common law of negligence and under R.I.G.L. §9-1-2. The negligence and violations of criminal law by Jack Russell Touring, Inc. were a proximate cause of Plaintiffs' deaths and injuries.

## COUNT XVI
## JACK RUSSELL TOURING, INC. – NEGLIGENCE

340.  Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

341.  This Count seeks damages on behalf of all plaintiffs from Jack Russell Touring, Inc. arising out of its negligence.

## COUNT XVII
## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

342.  Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

343.   Several of Defendant's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

## PAUL WOOLNOUGH

344.   The defendant Paul Woolnough is a resident of the State of California, and a principal of Knight Records, Inc. and Manic Music Management, Inc.  The defendant Woolnough, individually and through Knight Records, Inc. and Manic Music Management, Inc. managed and controlled many aspects of the band Great White's performance on February 20, 2003, including its use of pyrotechnics.

345.   The defendant Paul Woolnough had a duty to exercise reasonable care for the safety of patrons of The Station nightclub and to comply with the laws of Rhode Island in connection with a concert performed at The Station by Great White on February 20, 2003.

346.   The defendant Paul Woolnough failed to use reasonable care and failed to comply with the laws of the State of Rhode Island, including without limitation:

a.   the failure to obtain a valid certificate of competency from the State Fire Marshal for the possession and display of pyrotechnics;

b.   the failure to obtain a permit for the use and display of proximate pyrotechnics;

c.   the failure to comply with the Rhode Island Fire Safety Code for Fireworks and Pyrotechnics (chapter 23-28.11-3 -- 11-10); and

d.   failure to display pyrotechnics in accordance with the requirements of the National Fire Protection Association Standard 1126, entitled "Use of Pyrotechnics Before a Proximate Audience."

347.   Defendant Paul Woolnough's negligence, both individually and as an agent of Knight Records, Inc. and Manic Music Management, Inc., caused deaths of and severe personal injuries to plaintiffs.

## COUNT XVIII
## PAUL WOOLNOUGH – NEGLIGENCE

348. Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

349. This Count seeks damages on behalf of all plaintiffs from Paul Woolnough arising out of its negligence.

## COUNT XIX
## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

350. Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

351. Several of Defendant's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

## MANIC MUSIC MANAGEMENT, INC.

352. The defendant Manic Music Management, Inc. is a corporation organized under the laws of California. At relevant times the defendant Manic Music Management, Inc. managed and controlled many aspects of the band Great White's performance, including its use of pyrotechnics.

353. The defendant Manic Music Management, Inc. had a duty to exercise reasonable care for the safety of patrons of The Station and comply with the laws of Rhode Island in connection with a concert performed at The Station on February 20, 2003 by Great White.

354.   The defendant Manic Music Management, Inc. failed to use reasonable care and failed to comply with the laws of the State of Rhode Island, including without limitation:

a.   the failure to obtain a valid certificate of competency from the State Fire Marshal for the possession and display of pyrotechnics;

b.   the failure to obtain a permit for the use and display of proximate pyrotechnics;

c.   the failure to comply with the Rhode Island Fire Safety Code for Fireworks and Pyrotechnics (chapter 23-28.11-3 -- 11-10); and

d.   failure to display pyrotechnics in accordance with the requirements of the National Fire Protection Association Standard 1126, entitled "Use of Pyrotechnics Before a Proximate Audience."

355.   Defendant Manic Music Management's negligence caused deaths of and severe personal injuries to plaintiffs.

## COUNT XX
## MANIC MUSIC MANAGEMENT, INC. – NEGLIGENCE

356.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

357.   This Count seeks damages on behalf of all plaintiffs from Manic Music Management, Inc. arising out of its negligence.

## COUNT XXI
## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

358.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

359.   Several of Defendant's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

## KNIGHT RECORDS, INC.

360.   The defendant Knight Records, Inc. is a corporation organized under the laws of California.  At relevant times Knight Records, Inc. managed and controlled many aspects of the band Great White's performance, including its use of pyrotechnics.

361.   The defendant Knight Records, Inc. had a duty to exercise reasonable care for the safety of patrons at The Station and to comply with the laws of Rhode Island in connection with a concert performed at The Station by Great White on February 20, 2003.

362.   The defendant Knight Records, Inc. failed to exercise reasonable care and failed to comply with the laws of the State of Rhode Island, including without limitation:

a.   the failure to obtain a valid certificate of competency from the State Fire Marshal for the possession and display of pyrotechnics;

b.   the failure to obtain a permit for the use and display of proximate pyrotechnics;

c.   the failure to comply with the Rhode Island Fire Safety Code for Fireworks and Pyrotechnics (chapter 23-28.11-3 -- 11-10); and

d.   failure to display pyrotechnics in accordance with the requirements of the · National Fire Protection Association Standard 1126, entitled "Use of Pyrotechnics Before a Proximate Audience."

363.   Defendant Knight Records, Inc.'s negligence caused deaths of and severe personal injuries to plaintiffs.

## COUNT XXII
## KNIGHT RECORDS, INC. – NEGLIGENCE

364.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

365.   This Count seeks damages on behalf of all plaintiffs from Knight Records, Inc. arising out of its negligence.

## COUNT XXIII
## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

366.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

367.   Several of Defendant's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

### DANIEL BIECHELE

368.   The defendant Daniel Biechele is a resident of the State of California and was at relevant times tour manager of the band Great White and agent for Knight Records, Inc., Manic Music Management, Inc. and Jack Russell Touring, Inc.

369.   The defendant Daniel Biechele had a duty to exercise reasonable care for the safety of patrons at The Station and to comply with the laws of Rhode Island in connection with a concert performed at The Station by Great White on February 20, 2003.

370.   The defendant Daniel Biechele was negligent in the ignition of pyrotechnics before a proximate audience, failed to exercise reasonable care and failed to comply with the laws of the State of Rhode Island, including without limitation:

    a.   the failure to obtain a valid certificate of competency from the State Fire Marshal for the possession and display of pyrotechnics;

    b.   the failure to obtain a permit for the use and display of proximate pyrotechnics;

    c.   the failure to comply with the Rhode Island Fire Safety Code for Fireworks and Pyrotechnics (chapter 23-28.11-3 -- 11-10); and

    d.   failure to display pyrotechnics in accordance with the requirements of the National Fire Protection Association Standard 1126, entitled "Use of Pyrotechnics Before a Proximate Audience."

371.   Defendant, Daniel Biechele's negligence, both individually and as an agent of Jack Russell Touring, Inc., Knight Records, Inc., and Manic Music Management, Inc. caused deaths of and severe personal injuries to plaintiffs.

## COUNT XXIV
### DANIEL BIECHELE – NEGLIGENCE

372.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

373.   This Count seeks damages on behalf of all plaintiffs from Daniel Biechele arising out of his negligence as an individual, and as an agent of Jack Russell Touring, Inc., Knight Records, Inc. and Manic Music Management, Inc.

## COUNT XXV
### VIOLATION OF RHODE ISLAND GENERAL LAWS
### TITLE 9, CHAPTER 1, SECTION 2

374.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

375.   Several of Defendant's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

## ANHEUSER-BUSCH, INCORPORATED and

## ANHEUSER-BUSCH COMPANIES, INCORPORATED

376.   The defendants Anheuser-Busch, Incorporated and Anheuser-Busch Companies, Incorporated (hereinafter collectively "Anheuser-Busch") are foreign corporations with a principal place of business in St. Louis, Missouri.  Anheuser-Busch is registered to do business

in Rhode Island and conducts business in Rhode Island both independently and through an

exclusive distributing agency, defendant McLaughlin & Moran, Inc.

377.   Defendant Anheuser-Busch owns the registered trademark "Budweiser" and

through written and verbal agreements with agents such as McLaughlin & Moran, Inc. grants the

right to use the Budweiser trademark under circumstances which Anheuser-Busch controls.

These circumstances include, upon information and belief, the requirement that Anheuser-

Busch's trademark Budweiser not be used for or in support of or in sponsorship or promotion of

an illegal activity.

378.   Anheuser-Busch derives direct and indirect economic benefit from the use of the

Budweiser trademark in circumstances where Anheuser-Busch can promote brand awareness,

and encourage consumption of Budweiser and other Anheuser-Busch products.  These

circumstances include the use of the Budweiser trademark to invite individuals to crowded clubs,

to concerts, and to places of public assembly where target age-groups gather that are known and

predicted by Anheuser-Busch to consume its products.

379.   Anheuser-Busch had at all material times a special awareness of the need to

regulate and insure the safe use of pyrotechnic special effects at indoor locations.  Senior

officials of Anheuser-Busch serve as members and alternates on the Technical Committee on

Special Effects, the drafter of NFPA 1126, the national standard for the use of pyrotechnics

before a proximate audience.

380.   By early January 2003, Anheuser-Busch, directly and through its agent

McLaughlin & Moran, Inc., had determined that it would grant the use of the trademark

Budweiser to promote, sponsor and endorse a concert by the heavy metal band Great White at

The Station in West Warwick, Rhode Island on February 20, 2003. Anheuser-Busch agreed to

do this by:

     a.     advertising its promotion and sponsorship in print and on the radio;

     b.     printing a banner which announced the concert and expressly invited patrons to "party with Budweiser" and hanging it outside the concert venue days prior to February 20, 2003;

     c.     determining and advertising that it would specifically distribute Budweiser product that was bottled, or "born on," the date of the concert, February 20, 2003 and delivering said beer to The Station on 2/20/03;

     d.     distributing hats, tee shirts and other Budweiser products within the concert venue at The Station during the concert on February 20, 2003;

     e.     meeting with others who were promoting the concert, including the club owners and operators, officials and employees of the radio station WHJY and its parent Clear Channel, Inc., and coordinating the timing of these promotional activities prior to and during the concert of February 20, 2003.

     381.    Anheuser-Busch knew or should have known that the concert that it promoted

involved a band that customarily utilized pyrotechnics, and that Great White had repeatedly,

openly and illegally used unlicensed pyrotechnics on its tour on numerous occasions prior to

February 20, 2003. Minimal inquiry by Anheuser-Busch would have disclosed the inherently

dangerous nature of the band's performance, a performance that began with the setting off of

illegal fireworks.

     382.    By virtue of these special circumstances, Anheuser-Busch owed a duty as a

promoter and sponsor of the concert Great White was to perform in West Warwick at The

Station on February 20, 2003, to make that minimal inquiry sufficient to discover the dangers of

the band's performance.

383.   This duty derived from their special role in supporting and promoting the concert, and from their superior knowledge of the dangers of improperly licensed and regulated proximate pyrotechnics in this setting.

384.   Anheuser-Busch breached their duty to patrons at the Great White concert at The Station in West Warwick on February 20, 2003, and their negligence caused deaths of and severe personal injuries to plaintiffs.  Moreover, Anheuser-Busch's actions substantially contributed to the unlawful and dangerous overcrowding of the premises, and to the patrons' difficulties in escaping the burning building.

## ANHEUSER-BUSCH – NEGLIGENCE

385.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

386.   This Count seeks, on behalf of all plaintiffs, damages from Anheuser-Busch arising out of its negligence as an entity and through its agent, McLaughlin & Moran, Inc.

## McLAUGHLIN & MORAN

387.   McLaughlin & Moran, Inc. is a Rhode Island corporation with a principal place of business in Cranston, County of Providence, Rhode Island.  At all relevant times McLaughlin & Moran, Inc. was the exclusive distributor for Anheuser-Busch in Rhode Island, acting as its agent with respect to all matters, including without limitation, agreements for the use of the Budweiser trademark owned by Anheuser-Busch.

388.   By early January 2003, McLaughlin & Moran, Inc., acting individually and as the agent of Anheuser-Busch, determined that it would grant the use the trademark Budweiser to promote, sponsor and endorse a concert by the heavy metal band Great White at The Station in

West Warwick, Rhode Island on February 20, 2003.  McLaughlin & Moran, Inc. agreed to do

this by:

     a.      advertising its promotion and sponsorship in print and on the radio on behalf of Budweiser;

     b.      printing a banner which announced the concert and expressly invited patrons to "party with Budweiser" and hanging it outside the concert venue days prior to February 20, 2003;

     c.      determining and advertising that it would specifically distribute Budweiser product that was bottled, or "born on," the date of the concert, February 20, 2003;

     d.      providing its employees to distribute tee shirts and other Budweiser products within the concert venue at The Station during the concert on February 20, 2003; and

     e.      meeting with others who were promoting the concert, including the club owners and operators, officials and employees of the radio station WHJY and its parent Clear Channel, Inc., and coordinating the timing of these promotional activities prior to and during the concert of February 20, 2003.

389.    McLaughlin & Moran, Inc., both individually and as the agent of Anheuser-Busch,

knew or should have known that the concert that it chose to promote involved a band that

customarily utilized pyrotechnics, and that Great White had repeatedly, openly and illegally used

unlicensed pyrotechnics on its tour on numerous occasions prior to February 20, 2003.  Minimal

inquiry by McLaughlin & Moran, Inc., individually and as agent of Anheuser-Busch, would have

disclosed the inherently dangerous nature of the band's performance, a performance that began

with the setting off of illegal fireworks.

390.    By virtue of these special circumstances, McLaughlin & Moran, Inc., both

individually and as agent of Anheuser-Busch, owed a duty as a promoter and sponsor of the

concert Great White was to perform in West Warwick at The Station on February 20, 2003, to

make that minimal inquiry sufficient to discover the dangers of the band's performance.

391.   This duty derived from the special role that McLaughlin & Moran, individually and as agent of Anheuser-Busch played in supporting and promoting the concert, and from the superior knowledge of Anheuser-Busch relating to the dangers of improperly licensed and regulated proximate pyrotechnics in this setting.

392.   McLaughlin & Moran, Inc. breached their duty to patrons of the Great White concert at The Station in West Warwick on February 20, 2003, and their negligence caused deaths of and severe personal injuries to plaintiffs.

## McLAUGHLIN & MORAN, INC. – NEGLIGENCE

393.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

394.   This Count seeks, on behalf of all plaintiffs, damages from the defendant McLaughlin & Moran, Inc., both individually and as an agent of Anheuser-Busch.

## WHJY, INC.

395.   The defendant WHJY, Inc. is a Rhode Island corporation with a principal place of business in San Antonio, TX.  WHJY, Inc. operates WHJY-FM in Providence, Rhode Island. WHJY, Inc. is a wholly owned subsidiary of the defendant Clear Channel Broadcasting, Inc.

396.   Defendant WHJY was in early 2003 a radio station that broadcast, among other types of music, heavy metal rock music.  The defendant was sufficiently familiar with the band known as Great White to be aware of the style and manner of its musical performance and stage production.  Specifically, WHJY, Inc., through its agents, servants and employees had specific knowledge that the band Great White used pyrotechnics before proximate audiences at its concerts.

397.   By early January 2003, defendant WHJY, Inc. had determined that it would promote, sponsor and endorse a concert by the heavy metal band Great White at The Station in West Warwick, Rhode Island on February 20, 2003.   WHJY, Inc. agreed to accomplish this by:

    a.    advertising its promotion and sponsorship in print and on the radio;

    b.    authorizing a banner which announced the concert and expressly invited patrons to "party with WHJY" and hanging it outside the concert venue days prior to February 20, 2003;

    c.    distributing free tickets to the concert through its radio station;

    d.    providing its employee Mike Gonsalves to be master of ceremonies and to introduce the band Great White, as well as providing various interns to assist at The Station during the concert with promotion and sponsorship;

    e.    meeting with others who were promoting the concert, including club owners and operators, and employees of defendants Anheuser-Busch and McLaughlin & Moran, Inc., and coordinating the timing of these promotional activities prior to and during the concert of February 20, 2003.

398.   WHJY, Inc. knew or should have known that the concert and band that it promoted was one that customarily utilized pyrotechnics and that Great White had repeatedly, openly and illegally used unlicensed pyrotechnics on its tour on numerous occasions prior to February 20, 2003.  Minimal inquiry by WHJY, Inc. would have disclosed the inherently dangerous nature of the band's performance, a performance that WHJY knew or should have known would begin with the setting off of illegal pyrotechnics before a proximate audience.

399.   By virtue of these special circumstances, WHJY, Inc. owed a duty as the promoter and sponsor of the concert Great White was to perform in West Warwick at The Station on February 20, 2003, to make minimal inquiry sufficient to discover the dangers of the band's performance.

400.   WHJY, Inc.'s duty derived from its special role in supporting and promoting the concert and from its superior knowledge of the likelihood and probability that Great White

would utilize proximate pyrotechnics in an illegal fashion in a proximate setting such as that at The Station.

401. WHJY, Inc. breached its duty to patrons of the Great White concert at The Station in West Warwick on February 20, 2003, and their negligence caused deaths and severe personal injuries to plaintiffs.

## WHJY, INC. – NEGLIGENCE

402. Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

403. This Count seeks on behalf of all plaintiffs, damages from WHJY, Inc. arising out of its negligence.

## CLEAR CHANNEL BROADCASTING, INC.

404. The defendant Clear Channel Broadcasting, Inc. is a Nevada corporation with a principal place of business in San Antonio, Texas. Upon information and belief, Clear Channel Broadcasting, Inc. is engaged in the business of ownership and operation of radio stations and owns WHJY, Inc.

405. Clear Channel, in addition to owning WHJY, Inc., directly manages and controls the day-to-day affairs and policies of the radio station, WHJY-FM, including without limitation, decisions made with respect to promotion and sponsorship of concerts such as that which occurred at The Station on February 20, 2003.

406. Clear Channel is directly responsible as principal for the actions of its agent, WHJY, Inc., as more specifically set out in Count XXXI.

407. Defendant Clear Channel's negligence, both individually and as principal of the agent WHJY, Inc., caused deaths of and severe personal injuries to plaintiffs.

## COUNT XXVI
## CLEAR CHANNEL BROADCASTING, INC. – NEGLIGENCE

408.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this

Complaint.

409.   This Count seeks damages on behalf of all plaintiffs from Clear Channel

Broadcasting, Inc. arising out of its negligence.

## DENIS P. LAROCQUE, ANTHONY BETTENCOURT AND DIANE DERUOSI, IN HER
## CAPACITY AS TREASURER OF THE
## TOWN OF WEST WARWICK

410.   The defendant Denis Larocque is a resident of West Warwick, Kent County,

Rhode Island and is and was at relevant times Fire Inspector for the Town of West Warwick and

responsible for enforcement of fire safety laws in the Town.

411.   Defendant Anthony Bettencourt is an individual who, at all times material hereto,

was employed as a police officer by the Town of West Warwick, Rhode Island.

412.   Diane DeRuosi is Treasurer of the Town of West Warwick, a municipal

corporation organized and existing under the laws of the State of Rhode Island.

413.   Denis Larocque as Fire Inspector was responsible for inspecting commercial

structures in the Town of West Warwick and for enforcing the fire code and building laws of the

State of Rhode Island within West Warwick.

414.   Denis Larocque, Fire Inspector, negligently failed to properly inspect the premises

at 211 Cowesett Avenue in West Warwick, Rhode Island at various times prior to February 20,

2003.

415.   As a proximate result of Defendant Denis P. Larocque's negligence plaintiffs

suffered injuries or death.

416.   On February 20, 2003, Anthony Bettencourt was employed as a special detail officer to provide security services, and enforce the law, at The Station nightclub before and during the Great White Concert.

417.   Defendant Anthony Bettencourt negligently failed to use reasonable care in carrying out his duties, failed to monitor and enforce occupancy restrictions, and permitted dangerous and unlawful overcrowding of the premises, failed to enforce Rhode Island's laws for the permit and use of pyrotechnics and otherwise negligently failed to perform his functions intended to protect the patrons of The Station, including plaintiffs.

418.   As a direct and proximate result of Anthony Bettencourt's negligence plaintiffs suffered injuries or death.

419.   The negligence of the Town of West Warwick, by and through its agents, servants and employees, included without limitation:

   a.      failing to adequately inspect The Station for safety hazards and violations;

   b.      failing to enforce fire safety laws, regulations and standards;

   c.      allowing unsafe numbers of persons on the premises during the performance;

   d.      allowing the use of dangerous pyrotechnic devices during performances at The Station;

   e.      allowing a public nuisance and a fire hazard to exist for an unreasonable period of time, namely, The Station nightclub;

   f.      failing to provide sufficient security and fire protection for a function at which they knew or should have known large numbers of people would be in attendance;

   g.      knowing of numerous dangerous conditions and fire hazards at The Station and failing to remedy those conditions or ordering them to be remedied;

   h.      failing to protect members of the public for the foreseeable risk of serious injury or death at The Station;

i.      failing to adequately oversee, supervise, monitor, evaluate, train and/or retrain those performing inspections of The Station;

j.      through the actions and inactions of its "detail policeman" Anthony Bettencourt who was performing a non-governmental function typically performed by private security services on the night of the fire, allowing (a) through (i), above; and

k.      responsibility for other acts and failures to act that may become apparent after discovery.

420.   The negligence of Denis P. Larocque and the Town of West Warwick was egregious.

421.   The negligence of Anthony Bettencourt was egregious.

422.   The negligence of all other agents, servants and employees of the Town of West Warwick including, without limitation, that of Building Inspector Stephen D. Murray, was egregious.

423.   All plaintiffs provided the Town of West Warwick with a Notice of Presentment of Claim, pursuant to Rhode Island General Laws Section 45-15-5.

424.   The egregious negligence of the Town of West Warwick through Denis Larocque, and/or Anthony Bettencourt and/or Stephen D. Murray (or other agents, servants or employees) was a proximate cause of plaintiffs' deaths and injuries.

## COUNT XXVII
## DIANE DERUOSI, IN HER CAPACITY AS TREASURER OF THE TOWN OF WEST WARWICK – NEGLIGENCE

425.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

426.   This Count seeks, on behalf of all plaintiffs, damages from Diane DeRuosi in her capacity as Treasurer of the Town of West Warwick for the town's negligence.

## COUNT XXVIII
## DENIS P. LAROCQUE, FIRE INSPECTOR – NEGLIGENCE

427.  Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

428.  This Count seeks, on behalf of all plaintiffs, damages from Denis Larocque, Fire Inspector of the Town West Warwick, individually and in his official capacity, arising out of his negligence.

## COUNT XXIX
## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

429.  Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

430.  Several of Defendant Larocque's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

## COUNT XXX
## ANTHONY BETTENCOURT – NEGLIGENCE

431.  Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

432.  This Count seeks, on behalf of all plaintiffs, damages from Anthony Bettencourt individually and in his official capacity for his negligence.

## STATE OF RHODE ISLAND AND

## IRVING J. OWENS, FIRE MARSHAL

433.  The defendant, State of Rhode Island, is a body politic and through its Fire Marshal, Irving J. Owens, is directly responsible for the enactment and enforcement of fire safety

laws within the State of Rhode Island.  In particular, the State of Rhode Island and Irving J.

Owens, Fire Marshal are responsible for inspecting commercial structures such as The Station in

the Town of West Warwick and for enforcing fire code and building code laws of the State of

Rhode Island with respect to said structures.

434.   The State of Rhode Island and Fire Marshal Irving J. Owens negligently and

carelessly failed to properly inspect The Station and enforce the laws of the State of Rhode

proximately causing injuries and deaths to plaintiffs.  Such negligence included failing to enforce

appropriate capacity limitations and exit requirements, failing to discover and order remedied

highly flammable interior finish within the building and failing to properly train and supervise

state personnel responsible for enforcing the fire safety laws of Rhode Island.

435.   The negligence of the State of Rhode Island and Irving J. Owens, Fire Marshal,

was egregious.

## COUNT XXXI
## STATE OF RHODE ISLAND – NEGLIGENCE

436.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this

Complaint.

437.   This Count seeks, on behalf of all plaintiffs, damages from the State of Rhode

Island arising out of its egregious negligence.

## COUNT XXXII
## IRVING J. OWENS – NEGLIGENCE

438.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this

Complaint.

439.   This Count seeks, on behalf of all plaintiffs, damages from Irving J. Owens,

individually and in his official capacity, arising from his egregious negligence.

## BRIAN BUTLER

440.   The defendant Brian Butler is a resident of Rhode Island.   Butler was on February 20, 2003 an employee of WPRI Channel 12 and of LIN Television Corporation.

441.   On February 20, 2003, Brian Butler, at the direction of Jeffrey Derderian, a Channel 12 investigative reporter for WPRI, and in the course of his employment with WPRI Channel 12 and LIN Television Corporation, was acting as a cameraman and filming within The Station and documenting its condition and operation as a nightclub.   At relevant times Butler was directed by Derderian in the course of his employment as to what and where he should film with a large videocamera with an attached lighting source.

442.   Butler filmed both before and after the instant when the fire ignited polyurethane foam on the stage of The Station.   Rather than leaving the building, or assisting patrons of The Station to escape, Butler stood within the building, directly in an egress route, and filmed distressed patrons trying to leave the nightclub.   Butler's actions directly impeded the exit of patrons and contributed to the slowdown, backup and additional log jam for those attempting to leave through the main exit.

443.   Defendant Brian Butler's negligence, both individually and as an employee of LIN Television Corporation and WPRI Channel 12, caused deaths of and severe personal injuries to plaintiffs.

### COUNT XXXIII
### BRIAN BUTLER – NEGLIGENCE

444.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

445.   This Count seeks damages on behalf of all plaintiffs from Brian Butler arising out of his negligence as an individual and agent of LIN Television Corporation and WPRI Channel 12.

## LIN TELEVISION CORPORATION

446.   The defendant LIN Television Corporation is a Delaware corporation with a principal place of business in Providence, Rhode Island.

447.   At relevant times LIN Television Corporation employed defendant Jeffrey Derderian as an investigative reporter and defendant Brian Butler as a cameraman.

448.   The defendant LIN Television Corporation is vicariously responsible for the actions of defendant Butler and defendant Derderian on February 20, 2003, performed in the course of their employment for LIN T.V. and WPRI Channel 12.

449.   Defendant LIN T.V.'s negligence, by and through the actions of its agents, servants and employees Jeffrey Derderian and Brian Butler, caused deaths of and severe personal injuries to plaintiffs.

### COUNT XXXIV
### LIN TELEVISION CORPORATION – NEGLIGENCE

450.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

451.   This Count seeks damages on behalf of all plaintiffs from LIN Television Corporation arising out of its negligence.

### CBS BROADCASTING, INC. d/b/a WPRI – CHANNEL 12

452.   CBS Broadcasting, Inc. is a New York corporation doing business in Rhode Island as WPRI – Channel 12.

453.   At relevant times CBS Broadcasting, Inc. employed defendant Jeffrey Derderian as an investigative reporter and defendant Brian Butler as cameraman.

454.   Defendant CBS Broadcasting, Inc. is vicariously responsible for the actions of defendant Butler and defendant Derderian on February 20, 2003, performed in the course of their employment.

455.   Defendant CBS Broadcasting, Inc.'s negligence, by and through the actions of its agents, servants and employees Butler and Derderian caused deaths of and personal injuries to plaintiffs.

## COUNT XXXV
## CBS BROADCASTING, INC. – NEGLIGENCE

456.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

457.   This Count seeks damages on behalf of all plaintiffs from CBS Broadcasting, Inc. arising out of its negligence.

### BARRY H. WARNER

458.   The defendant Barry H. Warner resides in West Warwick, Kent County, Rhode Island.

459.   At relevant times defendant Barry H. Warner was acting within the scope of his employment by American Foam Corporation.

460.   Defendant Barry H. Warner sold foam plastic, upon information and belief polyurethane foam, as an acoustical foam to defendants Jeffrey Derderian, Michael Derderian and DERCO, LLC to be used at The Station.  Such sale took place prior to February 20, 2003.

461.   The foam that Warner sold on behalf of American Foam was highly flammable, non-flame-retardant, toxic, inappropriate for acoustical use and inappropriate for interior finish in places of public assembly.

462.   Defendant Barry H. Warner negligently expressly or impliedly represented that the foam was safe for its intended purpose and failed to provide appropriate warnings despite his knowledge of the dangerous characteristics of the foam. Defendant Barry H. Warner did all this both as an individual and as an agent, servant or employee of American Foam Corporation.

463.   Warner's negligence caused deaths of and severe personal injuries to plaintiffs.

## COUNT XXXVI
## BARRY H. WARNER – NEGLIGENCE

464.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

465.   This Count seeks damages on behalf of all plaintiffs from Barry H. Warner arising out of his negligence.

## COUNT XXXVII
## VIOLATION OF RHODE ISLAND GENERAL LAWS
## TITLE 9, CHAPTER 1, SECTION 2

466.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

467.   Several of Defendant's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

## LUNA TECH, INC. – NEGLIGENCE

468.   The defendant Luna Tech, Inc. is an Alabama corporation with a principal place of business at Owens Cross Roads, Alabama, and having sufficient minimum contact with Rhode Island to be subject to this Court's jurisdiction.

469.   Luna Tech manufactured the pyrotechnics used by the band Great White at The Station on February 20, 2003.

470.   At all material times defendant owed a duty of care to ultimate users or recipients of its pyrotechnics, including plaintiffs, in designing, manufacturing, testing, inspecting, marketing, producing, selling it or distributing the pyrotechnics.

471.   The injuries sustained by plaintiffs were the direct and proximate result of defendant's negligent breach of its duties including but not limited to:

    a.    failure to use due care in the manufacture, sale or distribution of the pyrotechnics;

    b.    failure to make or cause to be made reasonable research and/or testing as to the effects of the pyrotechnics;

    c.    failure to otherwise adequately test the pyrotechnics before providing it, distributing it or selling it;

    d.    failure to warn potential and actual users of the product of its potential hazards;

    e.    failure to properly and adequately educate users about the use and hazards of the pyrotechnics.

    f.    failing to provide adequate protection for persons coming into contact with the pyrotechnics, such as plaintiffs, from suffering the injuries which plaintiffs suffered; and

    g.    otherwise failing to use due care in the design, manufacture, testing, inspecting, marketing advertising, labeling, packaging, provision, distribution and/or sale of the pyrotechnics.

## COUNT XXXVIII
## LUNA TECH, INC. – STRICT LIABILITY

472.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

473.   The pyrotechnics sold and/or distributed by defendant contained defects making them unreasonably dangerous to all actual and potential users or recipients of the pyrotechnics, including plaintiffs.

474.   Plaintiffs had no knowledge of the defective condition of the pyrotechnics.

475.   The pyrotechnics were in substantially the same condition, when used, as when they left defendant's control.

476.   As a direct and proximate result of the failure of the pyrotechnics sold and/or distributed by defendant, plaintiffs suffered death or injuries.

## COUNT XXXIX
## HIGH TECH SPECIAL EFFECTS, INC. – NEGLIGENCE

477.   The defendant High Tech Special Effects, Inc. is a Tennessee corporation with a principal place of business in Bartlett, Tennessee and having sufficient minimum contact with Rhode Island to be subject to this Court's jurisdiction.

478.   High Tech Special Effects, Inc. sold to Great White the pyrotechnics that Great White used at The Station on February 20, 2003.

479.   At all material times defendant owed a duty of care to ultimate users or recipients of its pyrotechnics, including plaintiffs, in designing, manufacturing, testing, inspecting, marketing, producing, selling it or distributing the pyrotechnics.

480.   The injuries sustained by plaintiffs were the direct and proximate result of defendant's negligent breach of its duties including but not limited to:

    a.    failure to use due care in the manufacture, sale or distribution of the pyrotechnics;

    b.    failure to make or cause to be made reasonable research and/or testing as to the effects of the pyrotechnics;

    c.    failure to otherwise adequately test the pyrotechnics before providing it, distributing it or selling it;

    d.    failure to warn potential and actual users of the product of its potential hazards;

    e.    failure to properly and adequately educate users about the use and hazards of the pyrotechnics.

    f.    failing to provide adequate protection for persons coming into contact with the pyrotechnics, such as plaintiffs, from suffering the injuries which plaintiffs suffered; and

    g.    otherwise failing to use due care in the design, manufacture, testing, inspecting, marketing advertising, labeling, packaging, provision, distribution and/or sale of the pyrotechnics.

## COUNT XL
## HIGH TECH SPECIAL EFFECTS, INC.
## STRICT LIABILITY

481.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

482.   The pyrotechnics sold and/or distributed by defendant contained defects making them unreasonably dangerous to all actual and potential users or recipients of the pyrotechnics, including plaintiffs.

483.   Plaintiffs had no knowledge of the defective condition of the pyrotechnics.

484.   The pyrotechnics were in substantially the same condition, when used, as when it left defendant's control.

485.   As a direct and proximate result of the failure of the pyrotechnics sold and/or distributed by defendant, plaintiffs suffered death or injuries.

**COUNT XLI**
**AMERICAN FOAM CORPORATION – NEGLIGENCE**

486.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

487.   Defendant American Foam Corporation is a Rhode Island corporation with a principal place of business in Johnston, Rhode Island.

488.   Defendant American Foam Corporation distributed, sold and placed into the stream of commerce a foam plastic which was, upon information and belief, polyurethane foam. American Foam Corporation's employee, Barry H. Warner, acting within the scope of his employment, sold said foam to be used as acoustical interior finish at The Station nightclub. Such sale took place prior to February 20, 2003. The foam that was sold was highly flammable, non-flame-retardant, toxic, inappropriate for use as an acoustical foam and inappropriate for use on interior finish in places of public assembly.

489.   Defendant American Foam Corporation, both individually and through its employee Barry Warner, negligently represented that the foam was safe and appropriate for its intended use.

490.   At all material times, defendant owed a duty of care to ultimate users or recipients of the foam product, including plaintiffs, in designing, manufacturing, testing, inspecting, marketing, producing, selling and/or distributing the foam product.

491.   The injuries sustained by plaintiffs were the direct and proximate result of defendant's negligent breach of its duties including but not limited to its:

   a.      failure to use due care in the sale or distribution of the foam product;

b.     failure to make or cause to be made reasonable research and/or testing as to the effects of the foam product;

c.     failure to otherwise adequately test the foam product before providing it, distributing it or selling it;

d.     failure to warn potential and actual users of the product of its potential hazards;

e.     failure to properly and adequately educate users about the use and hazards of the foam product.

f.     failing to provide adequate protection for persons coming into contact with the foam product, such as plaintiffs, from suffering the injuries which plaintiffs suffered; and

g.     otherwise failing to use due care in the testing, inspecting, marketing advertising, packaging, labeling, provision, distribution and/or sale of the foam product.

## COUNT XLII
## AMERICAN FOAM CORPORATION
## STRICT LIABILITY

492.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

493.   The foam product sold and/or distributed by defendant contained defects making it unreasonably dangerous to all actual and potential users or recipients of the foam product, including plaintiffs.

494.   Plaintiffs had no knowledge of the defective condition of the foam product.

495.   The foam product was in substantially the same condition, when used, as when it left defendant's control.

496.   As a direct and proximate result of the failure of the foam product sold and/or distributed by defendant, plaintiffs suffered death or injuries.

## COUNT XLIII
## LEGGETT & PLATT INCORPORATED – NEGLIGENCE

497.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

498.   Leggett & Platt Incorporated is a Missouri corporation doing business as Crest-Hood Foam Company, Inc. and Crest Foam.

499.   Leggett & Platt manufactured and/or distributed and/or sold foam product to American Foam Corporation, which product caused severe injuries and death to plaintiffs.

500.   Defendant, at all material times, owed a duty of due care to ultimate users and/or recipients of the foam product, including plaintiffs, in the design, manufacture, testing, inspecting, marketing, producing, selling or distributing of the foam product.

501.   The injuries sustained by plaintiffs were the direct and proximate result of defendant's negligent breach of its duties including, but not limited to, defendant's:

   a.   failure to use due care in the manufacture, sale or distribution of the foam product.

   b.   failure to make or cause to be made reasonable research and/or testing as to the effects of the foam product;

   c.   failure to otherwise adequately test the foam product before providing it, distributing it or selling it;

   d.   failure to warn potential and actual users of the product of its potential hazards;

   e.   failure to properly and adequately educate users about the use and hazards of the foam product.

   f.   failing to provide adequate protection for persons coming into contact with the foam product, such as plaintiffs, from suffering the injuries which plaintiffs suffered; and

g.   otherwise failing to use due care in the design, manufacture, testing, inspecting, marketing advertising, packaging, labeling, provision, distribution and/or sale of the foam product.

## COUNT XLIV
## LEGGETT & PLATT CORPORATION
## STRICT LIABILITY

502.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

503.   The foam product sold and/or distributed by defendant contained defects making it unreasonably dangerous to all actual and potential users or recipients of the foam product, including plaintiffs.

504.   Plaintiffs had no knowledge of the defective condition of the foam product.

505.   The foam product was in substantially the same condition, when used, as when it left defendant's control.

506.   As a direct and proximate result of the failure of the foam product sold and/or distributed by defendant, plaintiffs suffered death or injuries.

## COUNT XLV
## L & P FINANCIAL SERVICES CO. – NEGLIGENCE

507.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

508.   L&P Financial Services Co. is a Delaware corporation which, in conjunction with defendant Leggett & Platt, sold foam product which injured plaintiffs.

509.   Defendant, at all material times, owed a duty of due care to ultimate users and/or recipients, and/or people coming in contact with the foam product in the design, manufacture, testing, inspecting, marketing, producing, selling and/or distributing of the foam product.

510.   The injuries suffered by the plaintiffs were a direct and proximate result of

Defendant's negligent breach of its duties including but not limited to Defendant's:

a.   failure to use due care in the manufacture, sale or distribution of the foam
     product.

b.   failure to make or cause to be made reasonable research and/or testing as to
     the effects of the foam product;

c.   failure to otherwise adequately test the foam product before providing it,
     distributing it or selling it;

d.   failure to warn potential and actual users of the product of its potential
     hazards;

e.   failure to properly and adequately educate users about the use and hazards of
     the foam product.

f.   failing to provide adequate protection for persons coming into contact with the
     foam product, such as plaintiffs, from suffering the injuries which plaintiffs
     suffered; and

g.   otherwise failing to use due care in the design, manufacture, testing,
     inspecting, marketing advertising, packaging, provision, distribution and/or
     sale of the foam product.

## COUNT XLVI
## L&P FINANCIAL SERVICES CO. – STRICT LIABILITY

511.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this

Complaint.

512.   The foam product sold and/or distributed by defendant contained defects making it

unreasonably dangerous to all actual and potential users or recipients of the foam product,

including plaintiffs.

513.   Plaintiffs had no knowledge of the defective condition of the foam product.

514.   The foam product was in substantially the same condition, when used, as when it

left defendant's control.

515.   As a direct and proximate result of the failure of the foam product sold and/or distributed by defendant, plaintiffs suffered death or injuries.

## COUNT XLVII
## GENERAL FOAM CORPORATION. – NEGLIGENCE

516.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

517.   Defendant General Foam Corporation is a Delaware corporation which manufactured, designed, advertised, marketed, sold or otherwise distributed foam product which injured plaintiffs.

518.   Defendant, at all material times, owed a duty of due care to ultimate users and/or recipients, and/or people coming in contact with the foam product in the design, manufacture, testing, inspecting, marketing, producing, selling and/or distributing of the foam product.

519.   The injuries suffered by the plaintiffs were a direct and proximate result of defendant's negligent breach of its duties including but not limited to defendant's:

a.   failure to use due care in the manufacture, sale or distribution of the foam product.

b.   failure to make or cause to be made reasonable research and/or testing as to the effects of the foam product;

c.   failure to otherwise adequately test the foam product before providing it, distributing it or selling it;

d.   failure to warn potential and actual users of the product of its potential hazards;

e.   failure to properly and adequately educate users about the use and hazards of the foam product.

f.   failing to provide adequate protection for persons coming into contact with the foam product, such as plaintiffs, from suffering the injuries which plaintiffs suffered; and

g.   otherwise failing to use due care in the design, manufacture, testing, inspecting, marketing advertising, packaging, provision, distribution and/or sale of the foam product.

## COUNT XLVIII
## GENERAL FOAM CORPORATION – STRICT LIABILITY

520.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

521.   The foam product sold and/or distributed by defendant contained defects making it unreasonably dangerous to all actual and potential users or recipients of the foam product, including plaintiffs.

522.   Plaintiffs had no knowledge of the defective condition of the foam product.

523.   The foam product was in substantially the same condition, when used, as when it left defendant's control.

524.   As a direct and proximate result of the failure of the foam product sold and/or distributed by defendant, plaintiffs suffered death or injuries.

## COUNT XLIX
## GFC FOAM, LLC – NEGLIGENCE

525.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

526.   Defendant GFC Foam, LLC is a Delaware limited liability company which at times material hereto, sold defective foam product which injured plaintiffs to American Foam Corporation.

527.   On information and belief GFC Foam LLC manufactured foam product which injured plaintiffs.

528.   Defendant, at all material times, owed a duty of due care to ultimate users and/or recipients, and/or people coming in contact with the foam product in the design, manufacture, testing, inspecting, marketing, producing, selling and/or distributing of the foam product.

529.   The injuries suffered by the plaintiffs were a direct and proximate result of defendant's negligent breach of its duties including but not limited to defendant's:

    a.    failure to use due care in the manufacture, sale or distribution of the foam product.

    b.    failure to make or cause to be made reasonable research and/or testing as to the effects of the foam product;

    c.    failure to otherwise adequately test the foam product before providing it, distributing it or selling it;

    d.    failure to warn potential and actual users of the product of its potential hazards;

    e.    failure to properly and adequately educate users about the use and hazards of the foam product.

    f.    failing to provide adequate protection for persons coming into contact with the foam product, such as plaintiffs, from suffering the injuries which plaintiffs suffered; and

    g.    otherwise failing to use due care in the design, manufacture, testing, inspecting, marketing advertising, packaging, provision, distribution and/or sale of the foam product.

## COUNT L
## GFC FOAM, LLC – STRICT LIABILITY

530.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

531.   The foam product sold and/or distributed by defendant contained defects making it unreasonably dangerous to all actual and potential users or recipients of the foam product, including plaintiffs.

532.   Plaintiffs had no knowledge of the defective condition of the foam product.

533.   The foam product was in substantially the same condition, when used, as when it left defendant's control.

534.   As a direct and proximate result of the failure of the foam product sold and/or distributed by defendant, plaintiffs suffered death or injuries.

### COUNT LI
### FOAMEX LP – SUCCESSOR LIABILITY FOR GENERAL FOAM CORPORATION

535.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

536.   Defendant Foamex LP is a Delaware limited partnership and is the successor entity to General Foam Corporation and is legally responsible to respond to plaintiff's claims in this action against General Foam Corporation.

### COUNT LII
### FOAMEX INTERNATIONAL INC. – NEGLIGENCE

537.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

538.   Foamex International Inc. is a Delaware corporation which, on information and belief, is a general partner, and owns 100% of defendant Foamex LP.

539.   Foamex International Inc. so dominates and controls the affairs of Foamex LP that its acts as the alter ego Foamex LP and is responsible to plaintiffs to respond to their claims in this action.

540.   Defendant, at all material times, owed a duty of due care to ultimate users and/or recipients, and/or people coming in contact with the foam product in the design, manufacture, testing, inspecting, marketing, producing, selling and/or distributing of the foam product.

541. The injuries suffered by the plaintiff were a direct and proximate result of defendant's negligent breach of its duties including but not limited to defendants:

   a.  failure to use due care in the manufacture, sale or distribution of the foam product.

   b.  failure to make or cause to be made reasonable research and/or testing as to the effects of the foam product;

   c.  failure to otherwise adequately test the foam product before providing it, distributing it or selling it;

   d.  failure to warn potential and actual users of the product of its potential hazards;

   e.  failure to properly and adequately educate users about the use and hazards of the foam product.

   f.  failing to provide adequate protection for persons coming into contact with the foam product, such as plaintiffs, from suffering the injuries which plaintiffs suffered; and

   g.  otherwise failing to use due care in the design, manufacture, testing, inspecting, marketing advertising, packaging, provision, distribution and/or sale of the foam product.

## COUNT LIII
## FOAMEX INTERNATIONAL INC. – STRICT LIABILITY

542. Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

543. The foam product sold and/or distributed by defendant contained defects making it unreasonably dangerous to all actual and potential users or recipients of the foam product, including plaintiffs.

544. Plaintiffs had no knowledge of the defective condition of the foam product.

545. The foam product was in substantially the same condition, when used, as when it left defendant's control.

546.   As a direct and proximate result of the failure of the foam product sold and/or distributed by defendant, plaintiffs suffered death or injuries.

## COUNT LIV
## FMXI, INC. – LIABILITY AS GENERAL PARTNER

547.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

548.   Defendant FMXI, Inc. is, on information and belief, a corporation organized in the State of Delaware and at times material hereto, was the managing general partner of Foamex LP.

549.   FMXI, Inc., as general partner, is responsible for the liability of Foamex LP and is legally responsible to respond to plaintiffs' claims in this action.

## COUNT LV
## PMC, INC.

550.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

551.   Defendant PMC, Inc. is, on information and belief, a Delaware corporation, a subsidiary of PMC Global, Inc., and, on information and belief, the parent company of General Foam Corporation.

552.   Defendant PMC, Inc. so dominated and controlled the affairs of General Foam Corporation to make it legally responsible for the actions of General Foam Corporation as alleged in this complaint.

## COUNT LVI
## PMC GLOBAL, INC.

553.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

554.   Defendant, PMC Global, Inc. is a Delaware corporation which, on information and belief, owns 100% of the capital stock of PMC, Inc.

555.   Defendant PMC Global, Inc. so dominated and controlled the affairs of its wholly owned subsidiary, PMC, Inc. to make it legally responsible to respond the plaintiffs for the claims asserted in this complaint.

## JBL INCORPORATED f/k/a James B. Lansing Sound, Incorporated d/b/a JBL Professional - NEGLIGENCE

556.   JBL INCORPORATED, formerly known as James B. Lansing Sound, Incorporated d/b/a JBL Professional (hereinafter "JBL") is a foreign corporation duly organized and existing under the laws of the State of Delaware, and has sufficient minimum contacts with Rhode Island to be subject to this Court's jurisdiction.

557.   At all times material hereto on and prior to February 20, 2003, JBL through its agents, employees, and/or assigns was in the business of designing, manufacturing, testing, inspecting, marketing, producing, distributing, and selling encased electronic devices utilized for the amplification of sound (hereinafter "Amplifiers") and intended, at least in part, for use in various venues of public assembly.

558.   At all times material hereto on and prior to February 20, 2003, JBL knew or should have known of the use of said amplifiers and speakers as stage furnishings in close proximity to performers and members of the general public and of the dangerous characteristics and properties of materials contained in and on such amplifiers and speakers.

559.   At all times material hereto on and prior to February 20, 2003, JBL owed a duty to purchasers, users and to persons for whom exposure to said amplifiers and speakers was reasonably foreseeable, to exercise due care in the design, manufacture, testing, inspection, marketing, production, distribution and sale of said amplifiers.

560.   The injuries suffered by the plaintiff were a direct and proximate result of defendant's negligent breach of its duties including but not limited to defendant's:

a.   failure to use due care in the manufacture, sale or distribution of the amplifiers;

b.   failure to make or cause to be made reasonable research and/or testing as to the effects of the amplifiers;

c.   failure to otherwise adequately test the amplifiers before providing them, distributing them or selling them;

d.   failure to warn potential and actual users of the product of its potential hazards;

e.   failure to properly and adequately educate users about the use and hazards of the product.

f.   failing to provide adequate protection for persons coming into contact with the product, such as plaintiffs, from suffering the injuries which plaintiffs suffered; and

g.   otherwise failing to use due care in the design, manufacture, testing, inspecting, marketing advertising, packaging, provision, distribution and/or sale of the product.

561.   On or about February 20, 2003, Plaintiffs and/or decedents were exposed to the dangerous characteristics and properties of said amplifiers/speakers in the combustion of, inter alia, highly flammable foam on and within the speakers.

562.   Plaintiffs and/or decedents were at all times material hereto, in the exercise of due care.

563.   Prior to February 20, 2003, JBL through its agents and/or employees, breached its said duty owed in that it was negligent in their manner of designing, manufacturing, testing, inspecting, marketing, producing, distributing and selling said amplifiers/speakers.

564.   As a direct and proximate result of the negligence of JBL and/or its agents, employees, and/or assigns, said amplifiers were a proximate cause of the personal injuries of the Plaintiffs and/or deaths of the decedents in the combustion of the so-called Station Nightclub.

## COUNT LVII
## JBL INCORPORATED - STRICT LIABILITY

565.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

566.   At the time JBL sold and/or distributed said amplifiers they were unreasonably dangerous in their characteristics and properties to all users and/or to all persons for whom exposure to said amplifiers was reasonably foreseeable.

567.   At all times material hereto, Plaintiffs and/or the decedents had no knowledge of the said dangerous characteristics and properties of said amplifiers.

568.   At all times when said amplifiers were used and/or when those persons and/or Plaintiffs for whom exposure to said amplifiers was reasonably foreseeable, were actually exposed, said amplifiers were in essentially the same condition as when they left the care custody and/or control of JBL.

569.   As a direct and proximate result of using and/or being exposed to the dangerous characteristics and properties of said amplifiers, which were sold and/or distributed by JBL, Plaintiffs and/or the decedents suffered severe personal injuries and/or death.

## ESSEX INSURANCE COMPANY, MULTI-STATE INSPECTIONS, INC. AND HIGH CALIBER INSPECTIONS, INC.

570.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

571.   The Essex Insurance Company (hereinafter "Essex") is a corporation licensed to sell liability and property and casualty insurance in the State of Rhode Island.  It issued a policy of commercial liability insurance number 3CH 0430 to Michael Derderian, effective from March 24, 2002 to March 24, 2003 for The Station at 211 Cowesett Ave., West Warwick.

572.   Multi-State Inspections, Inc. (hereinafter "Multi-State") is a corporation organized under the laws of the State of Rhode Island for the business of performing insurance inspections.

573.   High Caliber Inspections, Inc. (hereinafter "High Caliber") is a corporation organized under the laws of the State of Rhode Island for the business of performing insurance inspections.

574.   At various times, including but not limited to April 4, 1996, March 25, 1998 and October 8, 2002, Essex, through its agents and servants, Multi-State and High Caliber, conducted inspections of the premises at 211 Cowesett Ave. Essex, Multi-State and High Caliber were negligent in performing said inspections. Their negligence included without limitation:

   a.   failing to adequately inspect The Station for safety hazards and fire/building code violations;

   b.   failing to note the presence of highly flammable surface treatments;

   c.   failing to note the inadequacy of exits;

   d.   failing to note practices of overcrowding;

   e.   allowing the use of dangerous pyrotechnic devices during performances at The Station;

   f.   knowing of numerous dangerous conditions and fire hazards at The Station and failing to remedy those conditions or order the insureds to remedy them;

   g.   failing to protect members of the public for the foreseeable risk of serious injury or death at The Station;

   h.   failing to adequately oversee, supervise, monitor, evaluate, train and/or retrain those performing inspections of The Station; and

   i.   other acts and failures to act that may become apparent after discovery.

575.   The negligence of Essex, Multi-State and High Caliber, and each of them, were a proximate cause of Plaintiffs' deaths and injuries.

## ESSEX INSURANCE COMPANY – NEGLIGENCE

576.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

577.   This Count seeks, on behalf of all plaintiffs, damages from Essex Insurance Company for its negligence.

## COUNT LVIII
## MULTI-STATE INSPECTIONS, INC. – NEGLIGENCE

578.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

579.   This Count seeks, on behalf of all plaintiffs, damages from Multi-State Inspections, Inc. for its negligence.

## COUNT LIX
## HIGH CALIBER INSPECTIONS, INC. – NEGLIGENCE

580.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

581.   This Count seeks, on behalf of all plaintiffs, damages from High Caliber Inspections, Inc. for its negligence.

## UNDERWRITERS AT LLOYD'S, LONDON AND
## GRESHAM & ASSOCIATES OF R.I., INC.

582.   Underwriters at Lloyd's, London (hereinafter, "Lloyd's") is a surplus lines insurer approved to issue policies in the State of Rhode Island, having a designated agent for service in Rhode Island, and having sufficient minimum contacts with Rhode Island to be subject to this Court's jurisdiction.

583.   Lloyd's issued a policy of liability insurance to Michael Derderian for his business at The Station numbered 05409 and effective March 24, 2000 to March 24, 2001.

584. Gresham & Associates of R.I., Inc. (hereinafter "Gresham"), previously known as Excess Insurance Underwriters of R.I., Inc., is a corporation organized under the laws of the State of Rhode Island in the business of selling insurance.

585. At various times, including but not limited to May-June, 2000 Lloyd's, through its agents and servants Excess Insurance Underwriters of R.I., Inc. (and others) conducted inspections of the insured premises.

586. Lloyd's and Gresham (then known as Excess) were negligent in performing said inspections. Their negligence included without limitation:

    a.    failing to adequately inspect The Station for safety hazards and fire/building code violations;

    b.    failing to note the presence of highly flammable surface treatments;

    c.    failing to note the inadequacy of exits;

    d.    failing to note practices of overcrowding;

    e.    allowing the use of dangerous pyrotechnic devices during performances at The Station;

    f.    knowing of numerous dangerous conditions and fire hazards at The Station and failing to remedy those conditions or order the insureds to remedy them;

    g.    failing to protect members of the public for the foreseeable risk of serious injury or death at The Station;

    h.    failing to adequately oversee, supervise, monitor, evaluate, train and/or retrain those performing inspections of The Station;

    i.    other acts and failures to act that may become apparent after discovery.

587. The negligence of Lloyd's and Gresham, and each of them, were a proximate cause of Plaintiffs' deaths and injuries.

### UNDERWRITERS AT LLOYD'S, LONDON – NEGLIGENCE

588.    Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

589.    This Count seeks, on behalf of all plaintiffs, damages from Underwriters at Lloyd's, London for its negligence.

### COUNT LX
### GRESHAM & ASSOCIATES OF R.I., INC – NEGLIGENCE

590.    Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

591.    This Count seeks, on behalf of all plaintiffs, damages from Gresham & Associates of R.I., Inc. for its negligence.

### FOUR SEASONS COACH LEASING, INC.

592.    Four Seasons Coach Leasing, Inc. (hereinafter "Four Seasons") is a corporation organized under the laws of the state of Tennessee and having sufficient contact with the State of Rhode Island to be subject to this Court's jurisdiction.  At all times relevant to the instant case it provided transportation of Great White's personnel and equipment into, and within, the State of Rhode Island.  It is a common carrier providing bus transportation in interstate commerce.

593.    On or about February 20, 2003 Four Seasons, through its agents, servants and employees, transported more than 25 kilograms of explosive material (fireworks) in interstate commerce and into Rhode Island without registration or permit, state or federal, allowing same to be used by unlicensed persons in close proximity to the public, within a confined, highly flammable space.

594.   Said actions by Four Seasons were negligent and in violation of state and federal laws, including but not limited to R.I.G.L. Title 11, Chapter 13, Section 8 and 49 C.F.R. §107.601(a)(2).

595.   Plaintiffs bring the following claims under common law of negligence and under R.I.G.L. §9-1-2.  The negligence and violations of criminal law by Four Seasons were a proximate cause of Plaintiffs' deaths and injuries.

### COUNT LXI
### FOUR SEASONS COACH LEASING, INC. – NEGLIGENCE

596.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

597.   This Count seeks, on behalf of all plaintiffs, damages from Four Seasons Coach Leasing, Inc., for its negligence.

### COUNT LXII
### VIOLATION OF RHODE ISLAND GENERAL LAWS
### TITLE 9, CHAPTER 1, SECTION 2

598.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

599.   Several of Defendant's actions or omissions constitute the commission of a crime or offense and, accordingly, plaintiffs may recover damages in this action for defendant's actions pursuant to Rhode Island General Laws Title 9, Chapter 1, Section 2.

### COUNT LXIII
### "JOHN DOE" DEFENDANTS – NEGLIGENCE

600.   Plaintiffs repeat and incorporate by reference herein all prior paragraphs of this Complaint.

601.   "John Doe" defendants are unknown defendants who manufactured, distributed, sold or installed non-flame-retardant foam or other defective products in use at The Station nightclub on February 20, 2003.

602.   "John Doe" defendants are, further, unknown defendants who inspected the premises after installation of the foam prior to February 20, 2003.

603.   "John Doe" defendants are, further, unknown defendants who promoted, managed, or produced the appearance of Great White at The Station nightclub on February 20, 2003.

604.   "John Doe" defendants are, further, unknown defendants who received property from Triton Realty-related persons or entities with intent to hinder, delay or defraud Plaintiffs.

605.   "John Doe" defendants, individually and collectively, were negligent and such negligence was a proximate cause of plaintiffs' injuries or death.

## COUNT LXIV
## "JOHN DOE" DEFENDANTS – STRICT LIABILITY

606.   Plaintiffs repeat  and incorporate by reference herein all prior paragraphs of this Complaint.

607.   The products manufactured, distributed, sold or installed by "John Doe" defendants contained defects making them unreasonably dangerous to all actual and potential users or recipients of the foam products, including plaintiffs.

608.   Plaintiffs had no knowledge of the defective condition of the products.

609.   The products were in substantially the same condition, when used, as when they left these defendants' control.

610.   As a direct and proximate result of the failure of the products plaintiffs suffered death or injuries.

## PRAYERS FOR RELIEF

**WHEREFORE:**

**Claims of Decedents' Estates**

(a) All Plaintiffs representing estates of decedents pray for compensatory damages on behalf of said estates for the decedents' medical expenses, funeral expenses, lost wages and lost earning capacity during survival period, pain and suffering both physical and mental and loss of life's enjoyment against all defendants*, pursuant to R.I.G.L. §10-7-5, et seq., jointly and severally, in such amounts as a jury deems proper, plus interest and costs;

**Wrongful Death Claims**

(b) All Plaintiffs representing wrongful death beneficiaries pray for damages against all defendants* pursuant to R.I.G.L. §10-7-1, et seq., jointly and severally, in such amounts as a jury deems proper, plus interest and costs;

**Death Cases – Loss of Spousal Consortium**

(c) All Plaintiffs suing in their capacities as surviving spouses, or representatives of surviving spouses, of decedents pray for damages against all defendants* for loss of spousal consortium pursuant to R.I.G.L. § 10-7-1.2(a), jointly and severally, in such amounts as a jury deems proper, plus interest and costs;

**Death Cases – Loss of Parental Society and Companionship**

(d) All Plaintiffs suing in their capacities as surviving minor children, or representatives of surviving minor children, of decedents pray for damages against all defendants* for loss of parental society and companionship pursuant to R.I.G.L. §10-7-1.2(b), jointly and severally, in such amounts as a jury deems proper, plus interest and costs;

**Personal Injuries**

    (e) All Plaintiffs suing individually, or representatives of plaintiffs suing individually, who were injured in The Station nightclub fire hereby pray for compensatory damages against all defendants* for their personal injuries sustained as a result of the fire including, but not limited to, medical expenses, lost wages and loss of earning capacity, pain and suffering both physical and mental, scarring, deformity, and disability, all of which may be permanent, jointly and severally, in such amounts as a jury deems proper, plus interest and costs;

**Personal Injuries – Loss of Spousal Consortium**

    (f) All Plaintiffs suing in their capacity as spouse, or representatives of a spouse, of a person who was injured in The Station nightclub fire pray for damages for loss of consortium pursuant to R.I.G.L. §9-1-41(a) against all defendants*, jointly and severally, in such amounts as a jury deems proper, plus interest and costs.

**Personal Injuries – Loss of Parental Society and Companionship**

    (g) All Plaintiffs suing in their capacity as minor children or as representatives of minor children of persons injured in The Station nightclub fire pray for damages for loss of parental society and companionship pursuant to R.I.G.L. §9-1-41(b), against all defendants*, jointly and severally, in such amounts as a jury deems proper, plus interest and costs;

**Bystander Emotional Distress**

    (h) All Plaintiffs who are closely related to a victim of The Station nightclub fire and who suffered emotional distress from perceiving their loved ones' pain and suffering

during and after the fire pray for compensatory damages against all defendants*,

jointly and severally, in such amounts as a jury deems proper, plus interest and costs;

* Plaintiffs #38 (Cordier) make no claims against Defendant D16; Plaintiffs #50 (King), #72 (DeMaio), #100 (Arpin), #102 (Beese) and #163 (Choquette) make no claims against Defendants D1, D2 and D3; Plaintiffs #164 (N. Conant) and #165 (S. Conant) make no claims against Defendant D8; Plaintiff #224 (Trudeau) makes no claims against Defendants D14, D15 or D16.

## JURY TRIAL CLAIM

Plaintiffs claim trial by jury on all issues so triable.

### Plaintiffs #13d and e, #17 through #63, inclusive, #133 through #190, inclusive and #225 and #226,

By their attorneys and Co-Chairs, Plaintiffs' Steering Committee,

Mark S. Mandell, Esq. #0502
Mandell, Schwartz & Boisclair, Ltd.
One Park Row
Providence, RI 02903
Tel: 401-273-8330
Fax: 401-751-7830
[email:  msmandell@msb.com]

Max Wistow, Esq. #0330
John P. Barylick, Esq. #1907
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903-2824
Tel: 401-831-2700
Fax: 401-272-9752
[email:  mw@wistbar.com]

### Plaintiffs #1 through #12, #13a,b and c, #14 through #16, inclusive, #80 through #132, inclusive, and #222 and #223,

By their attorney and Vice-Chair, Plaintiffs' Steering Committee,

Patrick T. Jones, Esq. #6636
Cooley Manion Jones LLP
21 Custom House Street
Boston, MA 02110
Tel: 617-737-3100
Fax: 617-737-3113
[email:  pjones@cmj-law.com]

**Plaintiff #191,**

By her attorney,

Charles N. Redihan, Jr., Esq. #1810
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, RI 02903
Tel: 401-831-2900
Fax: 401-331-7123
[email: credihan@kprlaw.com]


**Plaintiffs #64, #65(a), #66 through #68, inclusive and #192 through #195, inclusive,**

By their attorney,

Stephen E. Breggia, Esq. #2865
Breggia, Bowen & Grande
395 Smith Street
Providence, RI 02908-3734
Tel: 401-831-1900
Fax: 401-831-0129
[email: sbreggia@bbglaw.us]


**Plaintiffs #69, #70 and #199,**

By their attorney,

Eva-Marie Mancuso, Esq. #3564
Hamel, Waxler, Allen & Collins
387 Atwells Avenue
Providence, RI 02909
Tel: 401-455-3800
Fax: 401-455-3806
[email: emancuso@hwac.com]

**Plaintiffs #65(b), #71 through #75, inclusive, #196 through #215, inclusive and #224,**

By their attorney,

Michael A. St. Pierre, Esq. #2553
Revens, Revens & St. Pierre, P.C.
946 Centerville Road
Warwick, RI 02886
Tel: 401-822-2900
Fax: 401-826-3245
[email:  mikesp@rrsplaw.com]


**Plaintiffs #76 through #79, inclusive and #215 through #221, inclusive,**

By their attorney,

Steven A. Minicucci, Esq. #4155
Calvino Law Associates
373 Elmwood Avenue
Providence, RI 02907
Tel: 401-785-9400
Fax: 401-941-1550
[email:  sminicucci@calvinolaw.com]

A

# Numerical Victim List

| plaintiff number | last name | first name | middle initial | suffix | attorney | Injury |
|---|---|---|---|---|---|---|
| 1 | Gray | Derek | | | Jones | death |
| 2 | O'Neill | Nicholas | | | Jones | death |
| 3 | Morton | Jason | R. | | Jones | death |
| 4 | Barnett | Thomas | A. | | Jones | death |
| 5 | Mitchell | Donna | M. | | Jones | death |
| 6 | Vieira | Kelly | Lynn | | Jones | death |
| 7 | Avilez | Eugene | | | Jones | death |
| 8 | Young | Robert | D. | | Jones | death |
| 9 | Angers | Stacie | J. | | Jones | death |
| 10 | Marion | Thomas | Frank | Jr. | Jones | death |
| 11 | Fresolo | Michael | | | Jones | death |
| 12 | Longley | Ty | | | Jones | death |
| 13a,b &c | Shubert | Mitchell | | | Jones | death |
| 13d & e | Shubert | Mitchell | | | Mandell/Wistow | death |
| 14 | DiBonaventura | Albert | | | Jones | death |
| 15 | Frederickson | Daniel | | | Jones | death |
| 16 | Croteau | Robert | J. | | Jones | death |
| 17 | Baker | Mary | H. | | Mandell/Wistow | death |
| 18 | Bonardi | William | C. | III | Mandell/Wistow | death |
| 19 | Crisostomi | Alfred | C. | | Mandell/Wistow | death |
| 20 | Dunn | Kevin | | | Mandell/Wistow | death |
| 21 | Durante | Lori | K. | | Mandell/Wistow | death |
| 22 | Gooden | James | F. | | Mandell/Wistow | death |
| 23 | Hamelin | Bonnie | L. | | Mandell/Wistow | death |
| 24 | Hoban | Andrew | R. | | Mandell/Wistow | death |
| 25 | Hoogasian | Michael | B. | | Mandell/Wistow | death |
| 26 | Hoogasian | Sandy | L. | | Mandell/Wistow | death |
| 27 | Latulippe | Dale | L. | | Mandell/Wistow | death |
| 28 | Longiaru | John | M. | | Mandell/Wistow | death |
| 29 | Mancini | Keith | A. | | Mandell/Wistow | death |
| 30 | Mancini | Steven | R. | | Mandell/Wistow | death |
| 31 | Morin | Ryan | M. | | Mandell/Wistow | death |
| 32 | Prouty | Christopher | | | Mandell/Wistow | death |
| 33 | Anderson | Kevin | | | Mandell/Wistow | death |
| 34 | Beauchaine | Laureen | | | Mandell/Wistow | death |
| 35 | Blom | Steven | | | Mandell/Wistow | death |
| 36 | Cabral | Richard | | Jr. | Mandell/Wistow | death |
| 37 | Cartwright | William | W. | | Mandell/Wistow | death |
| 38 | Cordier | Michael | | | Mandell/Wistow | death |
| 39 | D'Andrea | Lisa | | | Mandell/Wistow | death |

1

APPENDIX A

# Numerical Victim List

| plaintiff number | last name | first name | middle initial | suffix | attorney | Injury |
|---|---|---|---|---|---|---|
| 40 | DiRienzo | Christina | | | Mandell/Wistow | death |
| 41 | Fick | Charline | E. | | Mandell/Wistow | death |
| 42 | Fleming | Thomas | J. | | Mandell/Wistow | death |
| 43 | Florio-DePietro | Rachel | K. | | Mandell/Wistow | death |
| 44 | Gahan | James | C. | IV | Mandell/Wistow | death |
| 45 | Greene | Scott | C. | | Mandell/Wistow | death |
| 46 | Griffith | Scott | S. | | Mandell/Wistow | death |
| 47 | Hoisington | Abbie | L. | | Mandell/Wistow | death |
| 48 | Howorth | Carlton | L. | III | Mandell/Wistow | death |
| 49 | Kelly | Lisa | | | Mandell/Wistow | death |
| 50 | King | Tracy | F. | | Mandell/Wistow | death |
| 51 | Kulz | Michael | J. | | Mandell/Wistow | death |
| 52 | Lapierre | Keith | R. | | Mandell/Wistow | death |
| 53 | McQuarrie | Kristen | L. | | Mandell/Wistow | death |
| 54 | Moreau | Leigh | Ann | | Mandell/Wistow | death |
| 55 | Moscynski | Beth | | | Mandell/Wistow | death |
| 56 | Rakoski | Theresa | L. | | Mandell/Wistow | death |
| 57 | Reisner | Robert | L. | III | Mandell/Wistow | death |
| 58 | Shaw | Rebecca | | | Mandell/Wistow | death |
| 59 | Stark | Victor | L. | | Mandell/Wistow | death |
| 60 | Suffoletto | Benjamin | J. | Jr. | Mandell/Wistow | death |
| 61 | Suffoletto | Linda | D. | | Mandell/Wistow | death |
| 62 | Washburn | Kevin | R. | | Mandell/Wistow | death |
| 63 | Woodmansee | Everett | T. | III | Mandell/Wistow | death |
| 64 | Darby | Matthew | P. | | Breggia | death |
| 65a | Romanoff | Tracey | L. | | Breggia | death |
| 65b | Romanoff | Tracey | L. | | St. Pierre | death |
| 66 | Hyer | Eric | J. | | Breggia | death |
| 67 | Sanetti | Bridget | M. | | Breggia | death |
| 68 | Gillett | Laura | L. | | Breggia | death |
| 69 | Martin | Jeffrey | Wood | | Mancuso | death |
| 70 | Stowers | Jennifer | L. | | Mancuso | death |
| 71 | Corbett | Edward | B. | Jr. | St. Pierre | death |
| 72 | DeMaio | Dina | A. | | St. Pierre | death |
| 73 | Johnson | Derek | B. | | St. Pierre | death |
| 74 | Jacavone-Mancini | Andrea | L. | | St. Pierre | death |
| 75 | Smith | Dennis | J. | | St. Pierre | death |
| 76 | Arruda | Christopher | G. | | Minicucci | death |
| 77 | Fontaine | Mark | A. | | Minicucci | death |
| 78 | Libera | Stephen | M. | | Minicucci | death |

# Numerical Victim List

| plaintiff number | last name | first name | middle initial | suffix | attorney | Injury |
|---|---|---|---|---|---|---|
| 79 | Ervanian | Edward | E. | | Minicucci | death |
| 80 | Sullivan | Kathleen | | | Jones | injuries |
| 81 | Vieira | Scott | J. | | Jones | injuries |
| 82 | Chamberlin | Susan | H. | | Jones | injuries |
| 83 | Van Deusen | John | F. | III | Jones | injuries |
| 84 | Luxton | Robert | J. | | Jones | injuries |
| 85 | Arruda | Elizabeth | | | Jones | injuries |
| 86 | Rager | Robert | W. | | Jones | injuries |
| 87 | Kinan | Joseph | K. | | Jones | injuries |
| 88 | Fairbairn | John | F. | | Jones | injuries |
| 89 | Fairbairn | Andrea | F. | | Jones | injuries |
| 90 | Demos | Jose | R. | | Jones | injuries |
| 91 | O'Melia | Roberta | | | Jones | injuries |
| 92 | Vallante | Fredrick | P. | Jr. | Jones | injuries |
| 93 | Beers | Kerrie-Lynn | | | Jones | injuries |
| 94 | Canillas | Francis | J. | | Jones | injuries |
| 95 | Ciccone | David | | | Jones | injuries |
| 96 | Travis | Christopher | J. | | Jones | injuries |
| 97 | Schmidt | Jon | R. | | Jones | injuries |
| 98 | MacDonald | David | B. | | Jones | injuries |
| 99 | du Fosse' | Paul | | | Jones | injuries |
| 100 | Arpin | John | R. | | Jones | injuries |
| 101 | Gould | Paula | | | Jones | injuries |
| 102 | Beese | Kevin | J. | Sr. | Jones | injuries |
| 103 | O'Donnell | Shaun | | | Jones | injuries |
| 104 | Loftus | Brian | | | Jones | injuries |
| 105 | Costa | Christopher | | | Jones | injuries |
| 106 | Giroux-Brown | Georgette | | | Jones | injuries |
| 107 | Zannella | Stephanie | | | Jones | injuries |
| 108 | Prete | Roberta | J. | | Jones | injuries |
| 109 | Randall | Catherine | | | Jones | injuries |
| 110 | Pezzelli | Edward | | Jr. | Jones | injuries |
| 111 | Pezzelli | Paul | | | Jones | injuries |
| 112 | Barber | Joseph | P. | | Jones | injuries |
| 113 | Gershelis | Irina | M. | | Jones | injuries |
| 114 | Gaumitz | Rodney | J. | | Jones | injuries |
| 115 | Reis | Donna | | | Jones | injuries |
| 116 | Schoepfer | Ronald | S. | | Jones | injuries |
| 117 | Grace | Richard | J. | | Jones | injuries |
| 118 | Kelly | Tawnya | | | Jones | injuries |

# Numerical Victim List

| plaintiff number | last name | first name | middle initial | suffix | attorney | Injury |
|---|---|---|---|---|---|---|
| 119 | Dufour | Gregory | Scott | | Jones | injuries |
| 120 | Wigginton | John | D. | | Jones | injuries |
| 121 | Dunbar | Scott | | | Jones | injuries |
| 122 | Lusardi | Joseph | | | Jones | injuries |
| 123 | Kudryk | John | | | Jones | injuries |
| 124 | Fravala | Brandon | | | Jones | injuries |
| 125 | Fravala | David | | | Jones | injuries |
| 126 | Petrarca | Robin | | | Jones | injuries |
| 127 | Stefani | Michael | | | Jones | injuries |
| 128 | Pomfret | Hollie | A. | | Jones | injuries |
| 129 | Pomfret | Justin | | | Jones | injuries |
| 130 | Prudhomme | Al | | | Jones | injuries |
| 131 | Prudhomme | Charlene | | | Jones | injuries |
| 132 | Harrington | Robert | | | Jones | injuries |
| 133 | Barlow | Robert | A. | | Mandell/Wistow | injuries |
| 134 | Brown | Kristen | A. | | Mandell/Wistow | injuries |
| 135 | Clarke | Patricia | L. | | Mandell/Wistow | injuries |
| 136 | Companatico | Gennaro | | | Mandell/Wistow | injuries |
| 137 | Cook | Richard | | | Mandell/Wistow | injuries |
| 138 | DelSanto | Richard | | | Mandell/Wistow | injuries |
| 139 | DiBona | Joseph | A. | Jr. | Mandell/Wistow | injuries |
| 140 | Fisher | Linda | M. | | Mandell/Wistow | injuries |
| 141 | Flynn | Joseph | M. | | Mandell/Wistow | injuries |
| 142 | Hale | Lisa | C. | | Mandell/Wistow | injuries |
| 143 | Hussey | Laurie | A. | | Mandell/Wistow | injuries |
| 144 | Lucier | Marc | A. | | Mandell/Wistow | injuries |
| 145 | Mallette | Matthew | | | Mandell/Wistow | injuries |
| 146 | Mangan | John | | Jr. | Mandell/Wistow | injuries |
| 147 | McMurray | Frances | P. | | Mandell/Wistow | injuries |
| 148 | Nowicki | Christopher | J. | | Mandell/Wistow | injuries |
| 149 | Pelletier | Paul | M. | | Mandell/Wistow | injuries |
| 150 | Perreault | Michael | | | Mandell/Wistow | injuries |
| 151 | Peters | Christopher | A. | | Mandell/Wistow | injuries |
| 152 | Petrin | Jonathan | | | Mandell/Wistow | injuries |
| 153 | Piscopio | Jason | | | Mandell/Wistow | injuries |
| 154 | Rezendes | John | A. | | Mandell/Wistow | injuries |
| 155 | Sagesta | Catherine | C. | | Mandell/Wistow | injuries |
| 156 | Solitro | George | | | Mandell/Wistow | injuries |
| 157 | Stein | Gary | | | Mandell/Wistow | injuries |
| 158 | Stephenson | Melissa | A. | | Mandell/Wistow | injuries |

# Numerical Victim List

| plaintiff number | last name | first name | middle initial | suffix | attorney | Injury |
|---|---|---|---|---|---|---|
| 159 | Beauchaine | Ray | F. | Jr. | Mandell/Wistow | injuries |
| 160 | Belson | Julie | | | Mandell/Wistow | injuries |
| 161 | Blom | Kevin | | | Mandell/Wistow | injuries |
| 162 | Bump | Milisa | | | Mandell/Wistow | injuries |
| 163 | Choquette | Jennifer | | | Mandell/Wistow | injuries |
| 164 | Conant | Nicole | | | Mandell/Wistow | injuries |
| 165 | Conant | Stephanie | | | Mandell/Wistow | injuries |
| 166 | Conway | Arthur | J. | III | Mandell/Wistow | injuries |
| 167 | Cushman | Robert | | | Mandell/Wistow | injuries |
| 168 | Dell | Shauna | | | Mandell/Wistow | injuries |
| 169 | Richard | Claude | | | Mandell/Wistow | injuries |
| 170 | Dufour | Richard | | Jr. | Mandell/Wistow | injuries |
| 171 | Dufresne | James | | | Mandell/Wistow | injuries |
| 172 | Gibbs | John | | | Mandell/Wistow | injuries |
| 173 | Gray | Gregory | | | Mandell/Wistow | injuries |
| 174 | Hall | Grant | | | Mandell/Wistow | injuries |
| 175 | Iannone | Michael | | | Mandell/Wistow | injuries |
| 176 | Krasinskas | Adrian | | | Mandell/Wistow | injuries |
| 177 | LoBianco | Joseph | | | Mandell/Wistow | injuries |
| 178 | McGinn | David | | | Mandell/Wistow | injuries |
| 179 | Peduzzi | Deborah | | | Mandell/Wistow | injuries |
| 180 | Perry | Dawn | | | Mandell/Wistow | injuries |
| 181 | Perry | Stephen | | | Mandell/Wistow | injuries |
| 182 | Precourt | Robin | | | Mandell/Wistow | injuries |
| 183 | Russo | Gina | | | Mandell/Wistow | injuries |
| 184 | Servis | Milton | | II | Mandell/Wistow | injuries |
| 185 | Silva | Derrick | | | Mandell/Wistow | injuries |
| 186 | Sippy | Erik | | | Mandell/Wistow | injuries |
| 187 | Steets | David | | | Mandell/Wistow | injuries |
| 188 | Vargas | Raul | | | Mandell/Wistow | injuries |
| 189 | Vieira | Jennifer | | | Mandell/Wistow | injuries |
| 190 | Wagner | Debra | | | Mandell/Wistow | injuries |
| 191 | Gauvin | Gina | M. | | Redihan | injuries |
| 192 | Moresco | Scott | C. | | Breggia | injuries |
| 193 | Cardillo | Mario | B. | | Breggia | injuries |
| 194 | Cardillo | Kathleen | M. | | Breggia | injuries |
| 195 | St. Hilaire | Tammy | M. | | Breggia | injuries |
| 196 | Feeney | Robert | P. | | Mancuso | injuries |
| 197 | Brennan | David | D. | | St. Pierre | injuries |
| 198 | Cripe | Robert | M. | | St. Pierre | injuries |

# Numerical Victim List

| plaintiff number | last name | first name | middle initial | suffix | attorney | Injury |
|---|---|---|---|---|---|---|
| 199 | Cronin | Neil | E. | | St. Pierre | injuries |
| 200 | Gordon | Karen | M. | | St. Pierre | injuries |
| 201 | Gordon | Paul | R. | | St. Pierre | injuries |
| 202 | Jones | Joseph | A. | | St. Pierre | injuries |
| 203 | Karvonen | Lee | A. | | St. Pierre | injuries |
| 204 | LaBree | Theresia | M. | | St. Pierre | injuries |
| 205 | Minor | Melissa | J. | | St. Pierre | injuries |
| 206 | Oberg | Charles | A. | | St. Pierre | injuries |
| 207 | Ormerod | Linda | A. | | St. Pierre | injuries |
| 208 | Pinkham | John | S. | | St. Pierre | injuries |
| 209 | Potvin | Victoria | L. | | St. Pierre | injuries |
| 210 | Rock | Kerrie | A. | | St. Pierre | injuries |
| 211 | Rossano | Timothy | J. | | St. Pierre | injuries |
| 212 | Trautz | Nancy | S. | | St. Pierre | injuries |
| 213 | Williams | Donovan | | | St. Pierre | injuries |
| 214 | Wilson | Sharon | A. | | St. Pierre | injuries |
| 215 | Fontaine | Melanie | | | Minicucci | injuries |
| 216 | Lourenco | Shawn | | | Minicucci | injuries |
| 217 | Poland | Ashley | A. | | Minicucci | injuries |
| 218 | Cristina | Joseph | | | Minicucci | injuries |
| 219 | Rancourt | William | | | Minicucci | injuries |
| 220 | Dussault | Matthew | | | Minicucci | injuries |
| 221 | Bertolo | Paul | | | Minicucci | injuries |
| 222 | Nobles | Cynthia | A. | | Jones | injuries |
| 223 | Nobles | Edward | D. | | Jones | injuries |
| 224 | Trudeau | Donald | N. | | St. Pierre | injuries |
| 225 | Sylvester | Jason | | | Mandell/Wistow | death |
| 226 | Pucino | Erin | | | Mandell/Wistow | injuries |

B

# Alpha Victim Index

| last name | first name | middle initial | suffix | plaintiff number | attorney | Injury |
|---|---|---|---|---|---|---|
| Anderson | Kevin | | | 33 | Mandell/Wistow | death |
| Angers | Stacie | J. | | 9 | Jones | death |
| Arpin | John | R. | | 100 | Jones | injuries |
| Arruda | Christopher | G. | | 76 | Minicucci | death |
| Arruda | Elizabeth | | | 85 | Jones | injuries |
| Avilez | Eugene | | | 7 | Jones | death |
| Baker | Mary | H. | | 17 | Mandell/Wistow | death |
| Barber | Joseph | P. | | 112 | Jones | injuries |
| Barlow | Robert | A. | | 133 | Mandell/Wistow | injuries |
| Barnett | Thomas | A. | | 4 | Jones | death |
| Beauchaine | Laureen | | | 34 | Mandell/Wistow | death |
| Beauchaine | Ray | F. | Jr. | 159 | Mandell/Wistow | injuries |
| Beers | Kerrie-Lynn | | | 93 | Jones | injuries |
| Beese | Kevin | J. | Sr. | 102 | Jones | injuries |
| Belson | Julie | | | 160 | Mandell/Wistow | injuries |
| Bertolo | Paul | | | 221 | Minicucci | injuries |
| Blom | Kevin | | | 161 | Mandell/Wistow | injuries |
| Blom | Steven | | | 35 | Mandell/Wistow | death |
| Bonardi | William | C. | III | 18 | Mandell/Wistow | death |
| Brennan | David | D. | | 197 | St. Pierre | injuries |
| Brown | Kristen | A. | | 134 | Mandell/Wistow | injuries |
| Bump | Milisa | | | 162 | Mandell/Wistow | injuries |
| Cabral | Richard | | Jr. | 36 | Mandell/Wistow | death |
| Canillas | Francis | J. | | 94 | Jones | injuries |
| Cardillo | Kathleen | M. | | 194 | Breggia | injuries |
| Cardillo | Mario | B. | | 193 | Breggia | injuries |
| Cartwright | William | W. | | 37 | Mandell/Wistow | death |
| Chamberlin | Susan | H. | | 82 | Jones | injuries |
| Choquette | Jennifer | | | 163 | Mandell/Wistow | injuries |
| Ciccone | David | | | 95 | Jones | injuries |
| Clarke | Patricia | L. | | 135 | Mandell/Wistow | injuries |
| Companatico | Gennaro | | | 136 | Mandell/Wistow | injuries |
| Conant | Nicole | | | 164 | Mandell/Wistow | injuries |
| Conant | Stephanie | | | 165 | Mandell/Wistow | injuries |
| Conway | Arthur | J. | III | 166 | Mandell/Wistow | injuries |
| Cook | Richard | | | 137 | Mandell/Wistow | injuries |
| Corbett | Edward | B. | Jr. | 71 | St. Pierre | death |
| Cordier | Michael | | | 38 | Mandell/Wistow | death |
| Costa | Christopher | | | 105 | Jones | injuries |
| Cripe | Robert | M. | | 198 | St. Pierre | injuries |

# Alpha Victim Index

| last name | first name | middle initial | suffix | plaintiff number | attorney | Injury |
|---|---|---|---|---|---|---|
| Crisostomi | Alfred | C. | | 19 | Mandell/Wistow | death |
| Cristina | Joseph | | | 218 | Minicucci | injuries |
| Cronin | Neil | E. | | 199 | St. Pierre | injuries |
| Croteau | Robert | J. | | 16 | Jones | death |
| Cushman | Robert | | | 167 | Mandell/Wistow | injuries |
| D'Andrea | Lisa | | | 39 | Mandell/Wistow | death |
| Darby | Matthew | P. | | 64 | Breggia | death |
| Dell | Shauna | | | 168 | Mandell/Wistow | injuries |
| DelSanto | Richard | | | 138 | Mandell/Wistow | injuries |
| DeMaio | Dina | A. | | 72 | St. Pierre | death |
| Demos | Jose | R. | | 90 | Jones | injuries |
| DiBona | Joseph | A. | Jr. | 139 | Mandell/Wistow | injuries |
| DiBonaventura | Albert | | | 14 | Jones | death |
| DiRienzo | Christina | | | 40 | Mandell/Wistow | death |
| du Fosse' | Paul | | | 99 | Jones | injuries |
| Dufour | Gregory | Scott | | 119 | Jones | injuries |
| Dufour | Richard | | Jr. | 170 | Mandell/Wistow | injuries |
| Dufresne | James | | | 171 | Mandell/Wistow | injuries |
| Dunbar | Scott | | | 121 | Jones | injuries |
| Dunn | Kevin | | | 20 | Mandell/Wistow | death |
| Durante | Lori | K. | | 21 | Mandell/Wistow | death |
| Dussault | Matthew | | | 220 | Minicucci | injuries |
| Ervanian | Edward | E. | | 79 | Minicucci | death |
| Fairbairn | Andrea | F. | | 89 | Jones | injuries |
| Fairbairn | John | F. | | 88 | Jones | injuries |
| Feeney | Robert | P. | | 196 | Mancuso | injuries |
| Fick | Charline | E. | | 41 | Mandell/Wistow | death |
| Fisher | Linda | M. | | 140 | Mandell/Wistow | injuries |
| Fleming | Thomas | J. | | 42 | Mandell/Wistow | death |
| Florio-DePietro | Rachel | K. | | 43 | Mandell/Wistow | death |
| Flynn | Joseph | M. | | 141 | Mandell/Wistow | injuries |
| Fontaine | Mark | A. | | 77 | Minicucci | death |
| Fontaine | Melanie | | | 215 | Minicucci | injuries |
| Fravala | Brandon | | | 124 | Jones | injuries |
| Fravala | David | | | 125 | Jones | injuries |
| Frederickson | Daniel | | | 15 | Jones | death |
| Fresolo | Michael | | | 11 | Jones | death |
| Gahan | James | C. | IV | 44 | Mandell/Wistow | death |
| Gaumitz | Rodney | J. | | 114 | Jones | injuries |
| Gauvin | Gina | M. | | 191 | Redihan | injuries |

# Alpha Victim Index

| last name | first name | middle initial | suffix | plaintiff number | attorney | Injury |
|-----------|-----------|----------------|--------|------------------|----------|--------|
| Gershelis | Irina | M. | | 113 | Jones | injuries |
| Gibbs | John | | | 172 | Mandell/Wistow | injuries |
| Gillett | Laura | L. | | 68 | Breggia | death |
| Giroux-Brown | Georgette | | | 106 | Jones | injuries |
| Gooden | James | F. | | 22 | Mandell/Wistow | death |
| Gordon | Karen | M. | | 200 | St. Pierre | injuries |
| Gordon | Paul | R. | | 201 | St. Pierre | injuries |
| Gould | Paula | | | 101 | Jones | injuries |
| Grace | Richard | J. | | 117 | Jones | injuries |
| Gray | Derek | | | 1 | Jones | death |
| Gray | Gregory | | | 173 | Mandell/Wistow | injuries |
| Greene | Scott | C. | | 45 | Mandell/Wistow | death |
| Griffith | Scott | S. | | 46 | Mandell/Wistow | death |
| Hale | Lisa | C. | | 142 | Mandell/Wistow | injuries |
| Hall | Grant | | | 174 | Mandell/Wistow | injuries |
| Hamelin | Bonnie | L. | | 23 | Mandell/Wistow | death |
| Harrington | Robert | | | 132 | Jones | injuries |
| Hoban | Andrew | R. | | 24 | Mandell/Wistow | death |
| Hoisington | Abbie | L. | | 47 | Mandell/Wistow | death |
| Hoogasian | Michael | B. | | 25 | Mandell/Wistow | death |
| Hoogasian | Sandy | L. | | 26 | Mandell/Wistow | death |
| Howorth | Carlton | L. | III | 48 | Mandell/Wistow | death |
| Hussey | Laurie | A. | | 143 | Mandell/Wistow | injuries |
| Hyer | Eric | J. | | 66 | Breggia | death |
| Iannone | Michael | | | 175 | Mandell/Wistow | injuries |
| Jacavone-Mancini | Andrea | L. | | 74 | St. Pierre | death |
| Johnson | Derek | B. | | 73 | St. Pierre | death |
| Jones | Joseph | A. | | 202 | St. Pierre | injuries |
| Karvonen | Lee | A. | | 203 | St. Pierre | injuries |
| Kelly | Lisa | | | 49 | Mandell/Wistow | death |
| Kelly | Tawnya | | | 118 | Jones | injuries |
| Kinan | Joseph | K. | | 87 | Jones | injuries |
| King | Tracy | F. | | 50 | Mandell/Wistow | death |
| Krasinskas | Adrian | | | 176 | Mandell/Wistow | injuries |
| Kudryk | John | | | 123 | Jones | injuries |
| Kulz | Michael | J. | | 51 | Mandell/Wistow | death |
| LaBree | Theresia | M. | | 204 | St. Pierre | injuries |
| Lapierre | Keith | R. | | 52 | Mandell/Wistow | death |
| Latulippe | Dale | L. | | 27 | Mandell/Wistow | death |
| Libera | Stephen | M. | | 78 | Minicucci | death |

# Alpha Victim Index

| last name | first name | middle initial | suffix | plaintiff number | attorney | Injury |
|---|---|---|---|---|---|---|
| LoBianco | Joseph | | | 177 | Mandell/Wistow | injuries |
| Loftus | Brian | | | 104 | Jones | injuries |
| Longiaru | John | M. | | 28 | Mandell/Wistow | death |
| Longley | Ty | | | 12 | Jones | death |
| Lourenco | Shawn | | | 216 | Minicucci | injuries |
| Lucier | Marc | A. | | 144 | Mandell/Wistow | injuries |
| Lusardi | Joseph | | | 122 | Jones | injuries |
| Luxton | Robert | J. | | 84 | Jones | injuries |
| MacDonald | David | B. | | 98 | Jones | injuries |
| Mallette | Matthew | | | 145 | Mandell/Wistow | injuries |
| Mancini | Keith | A. | | 29 | Mandell/Wistow | death |
| Mancini | Steven | R. | | 30 | Mandell/Wistow | death |
| Mangan | John | | Jr. | 146 | Mandell/Wistow | injuries |
| Marion | Thomas | Frank | Jr. | 10 | Jones | death |
| Martin | Jeffrey | Wood | | 69 | Mancuso | death |
| McGinn | David | | | 178 | Mandell/Wistow | injuries |
| McMurray | Frances | P. | | 147 | Mandell/Wistow | injuries |
| McQuarrie | Kristen | L. | | 53 | Mandell/Wistow | death |
| Minor | Melissa | J. | | 205 | St. Pierre | injuries |
| Mitchell | Donna | M. | | 5 | Jones | death |
| Moreau | Leigh | Ann | | 54 | Mandell/Wistow | death |
| Moresco | Scott | C. | | 192 | Breggia | injuries |
| Morin | Ryan | M. | | 31 | Mandell/Wistow | death |
| Morton | Jason | R. | | 3 | Jones | death |
| Moscynski | Beth | | | 55 | Mandell/Wistow | death |
| Nobles | Cynthia | A. | | 222 | Jones | injuries |
| Nobles | Edward | D. | | 223 | Jones | injuries |
| Nowicki | Christopher | J. | | 148 | Mandell/Wistow | injuries |
| O'Donnell | Shaun | | | 103 | Jones | injuries |
| O'Melia | Roberta | | | 91 | Jones | injuries |
| O'Neill | Nicholas | | | 2 | Jones | death |
| Oberg | Charles | A. | | 206 | St. Pierre | injuries |
| Ormerod | Linda | A. | | 207 | St. Pierre | injuries |
| Peduzzi | Deborah | | | 179 | Mandell/Wistow | injuries |
| Pelletier | Paul | M. | | 149 | Mandell/Wistow | injuries |
| Perreault | Michael | | | 150 | Mandell/Wistow | injuries |
| Perry | Dawn | | | 180 | Mandell/Wistow | injuries |
| Perry | Stephen | | | 181 | Mandell/Wistow | injuries |
| Peters | Christopher | A. | | 151 | Mandell/Wistow | injuries |
| Petrarca | Robin | | | 126 | Jones | injuries |

| last name | first name | middle initial | suffix | plaintiff number | attorney | Injury |
|---|---|---|---|---|---|---|
| Petrin | Jonathan | | | 152 | Mandell/Wistow | injuries |
| Pezzelli | Edward | | Jr. | 110 | Jones | injuries |
| Pezzelli | Paul | | | 111 | Jones | injuries |
| Pinkham | John | S. | | 208 | St. Pierre | injuries |
| Piscopio | Jason | | | 153 | Mandell/Wistow | injuries |
| Poland | Ashley | A. | | 217 | Minicucci | injuries |
| Pomfret | Hollie | A. | | 128 | Jones | injuries |
| Pomfret | Justin | | | 129 | Jones | injuries |
| Potvin | Victoria | L. | | 209 | St. Pierre | injuries |
| Precourt | Robin | | | 182 | Mandell/Wistow | injuries |
| Prete | Roberta | J. | | 108 | Jones | injuries |
| Prouty | Christopher | | | 32 | Mandell/Wistow | death |
| Prudhomme | Al | | | 130 | Jones | injuries |
| Prudhomme | Charlene | | | 131 | Jones | injuries |
| Pucino | Erin | | | 226 | Mandell/Wistow | injuries |
| Rager | Robert | W. | | 86 | Jones | injuries |
| Rakoski | Theresa | L. | | 56 | Mandell/Wistow | death |
| Rancourt | William | | | 219 | Minicucci | injuries |
| Randall | Catherine | | | 109 | Jones | injuries |
| Reis | Donna | | | 115 | Jones | injuries |
| Reisner | Robert | L. | III | 57 | Mandell/Wistow | death |
| Rezendes | John | A. | | 154 | Mandell/Wistow | injuries |
| Richard | Claude | | | 169 | Mandell/Wistow | injuries |
| Rock | Kerrie | A. | | 210 | St. Pierre | injuries |
| Romanoff | Tracey | L. | | 65a | Breggia | death |
| Romanoff | Tracey | L. | | 65b | St. Pierre | death |
| Rossano | Timothy | J. | | 211 | St. Pierre | injuries |
| Russo | Gina | | | 183 | Mandell/Wistow | injuries |
| Sagesta | Catherine | C. | | 155 | Mandell/Wistow | injuries |
| Sanetti | Bridget | M. | | 67 | Breggia | death |
| Schmidt | Jon | R. | | 97 | Jones | injuries |
| Schoepfer | Ronald | S. | | 116 | Jones | injuries |
| Servis | Milton | | II | 184 | Mandell/Wistow | injuries |
| Shaw | Rebecca | | | 58 | Mandell/Wistow | death |
| Shubert | Mitchell | | | 13a,b &c | Jones | death |
| Shubert | Mitchell | | | 13d & e | Mandell/Wistow | death |
| Silva | Derrick | | | 185 | Mandell/Wistow | injuries |
| Sippy | Erik | | | 186 | Mandell/Wistow | injuries |
| Smith | Dennis | J. | | 75 | St. Pierre | death |
| Solitro | George | | | 156 | Mandell/Wistow | injuries |

# Alpha Victim Index

| last name | first name | middle initial | suffix | plaintiff number | attorney | Injury |
|-----------|-----------|----------------|--------|------------------|----------|--------|
| St. Hilaire | Tammy | M. | | 195 | Breggia | injuries |
| Stark | Victor | L. | | 59 | Mandell/Wistow | death |
| Steets | David | | | 187 | Mandell/Wistow | injuries |
| Stefani | Michael | | | 127 | Jones | injuries |
| Stein | Gary | | | 157 | Mandell/Wistow | injuries |
| Stephenson | Melissa | A. | | 158 | Mandell/Wistow | injuries |
| Stowers | Jennifer | L. | | 70 | Mancuso | death |
| Suffoletto | Benjamin | J. | Jr. | 60 | Mandell/Wistow | death |
| Suffoletto | Linda | D. | | 61 | Mandell/Wistow | death |
| Sullivan | Kathleen | | | 80 | Jones | injuries |
| Sylvester | Jason | | | 225 | Mandell/Wistow | death |
| Trautz | Nancy | S. | | 212 | St. Pierre | injuries |
| Travis | Christopher | J. | | 96 | Jones | injuries |
| Trudeau | Donald | N. | | 224 | St. Pierre | injuries |
| Vallante | Fredrick | P. | Jr. | 92 | Jones | injuries |
| Van Deusen | John | F. | III | 83 | Jones | injuries |
| Vargas | Raul | | | 188 | Mandell/Wistow | injuries |
| Vieira | Jennifer | | | 189 | Mandell/Wistow | injuries |
| Vieira | Kelly | Lynn | | 6 | Jones | death |
| Vieira | Scott | J. | | 81 | Jones | injuries |
| Wagner | Debra | | | 190 | Mandell/Wistow | injuries |
| Washburn | Kevin | R. | | 62 | Mandell/Wistow | death |
| Wigginton | John | D. | | 120 | Jones | injuries |
| Williams | Donovan | | | 213 | St. Pierre | injuries |
| Wilson | Sharon | A. | | 214 | St. Pierre | injuries |
| Woodmansee | Everett | T. | III | 63 | Mandell/Wistow | death |
| Young | Robert | D. | | 8 | Jones | death |
| Zannella | Stephanie | | | 107 | Jones | injuries |

c

| attorney | last name | first name | middle initial | suffix | plaintiff number | Injury |
|---|---|---|---|---|---|---|
| Breggia | Cardillo | Kathleen | M. | | 194 | injuries |
| Breggia | Cardillo | Mario | B. | | 193 | injuries |
| Breggia | Darby | Matthew | P. | | 64 | death |
| Breggia | Gillett | Laura | L. | | 68 | death |
| Breggia | Hyer | Eric | J. | | 66 | death |
| Breggia | Moresco | Scott | C. | | 192 | injuries |
| Breggia | Romanoff | Tracey | L. | | 65a | death |
| Breggia | Sanetti | Bridget | M. | | 67 | death |
| Breggia | St. Hilaire | Tammy | M. | | 195 | injuries |
| Jones | Angers | Stacie | J. | | 9 | death |
| Jones | Arpin | John | R. | | 100 | injuries |
| Jones | Arruda | Elizabeth | | | 85 | injuries |
| Jones | Avilez | Eugene | | | 7 | death |
| Jones | Barber | Joseph | P. | | 112 | injuries |
| Jones | Barnett | Thomas | A. | | 4 | death |
| Jones | Beers | Kerrie-Lynn | | | 93 | injuries |
| Jones | Beese | Kevin | J. | Sr. | 102 | injuries |
| Jones | Canillas | Francis | J. | | 94 | injuries |
| Jones | Chamberlin | Susan | H. | | 82 | injuries |
| Jones | Ciccone | David | | | 95 | injuries |
| Jones | Costa | Christopher | | | 105 | injuries |
| Jones | Croteau | Robert | J. | | 16 | death |
| Jones | Demos | Jose | R. | | 90 | injuries |
| Jones | DiBonaventura | Albert | | | 14 | death |
| Jones | du Fosse' | Paul | | | 99 | injuries |
| Jones | Dufour | Gregory | Scott | | 119 | injuries |
| Jones | Dunbar | Scott | | | 121 | injuries |
| Jones | Fairbairn | Andrea | F. | | 89 | injuries |
| Jones | Fairbairn | John | F. | | 88 | injuries |
| Jones | Fravala | Brandon | | | 124 | injuries |
| Jones | Fravala | David | | | 125 | injuries |
| Jones | Frederickson | Daniel | | | 15 | death |
| Jones | Fresolo | Michael | | | 11 | death |
| Jones | Gaumitz | Rodney | J. | | 114 | injuries |
| Jones | Gershelis | Irina | M. | | 113 | injuries |
| Jones | Giroux-Brown | Georgette | | | 106 | injuries |
| Jones | Gould | Paula | | | 101 | injuries |
| Jones | Grace | Richard | J. | | 117 | injuries |
| Jones | Gray | Derek | | | 1 | death |
| Jones | Harrington | Robert | | | 132 | injuries |

APPENDIX C

# Attorney/Victim List

| attorney | last name | first name | middle initial | suffix | plaintiff number | Injury |
|---|---|---|---|---|---|---|
| Jones | Kelly | Tawnya | | | 118 | injuries |
| Jones | Kinan | Joseph | K. | | 87 | injuries |
| Jones | Kudryk | John | | | 123 | injuries |
| Jones | Loftus | Brian | | | 104 | injuries |
| Jones | Longley | Ty | | | 12 | death |
| Jones | Lusardi | Joseph | | | 122 | injuries |
| Jones | Luxton | Robert | J. | | 84 | injuries |
| Jones | MacDonald | David | B. | | 98 | injuries |
| Jones | Marion | Thomas | Frank | Jr. | 10 | death |
| Jones | Mitchell | Donna | M. | | 5 | death |
| Jones | Morton | Jason | R. | | 3 | death |
| Jones | Nobles | Cynthia | A. | | 222 | injuries |
| Jones | Nobles | Edward | D. | | 223 | injuries |
| Jones | O'Donnell | Shaun | | | 103 | injuries |
| Jones | O'Melia | Roberta | | | 91 | injuries |
| Jones | O'Neill | Nicholas | | | 2 | death |
| Jones | Petrarca | Robin | | | 126 | injuries |
| Jones | Pezzelli | Edward | | Jr. | 110 | injuries |
| Jones | Pezzelli | Paul | | | 111 | injuries |
| Jones | Pomfret | Hollie | A. | | 128 | injuries |
| Jones | Pomfret | Justin | | | 129 | injuries |
| Jones | Prete | Roberta | J. | | 108 | injuries |
| Jones | Prudhomme | Al | | | 130 | injuries |
| Jones | Prudhomme | Charlene | | | 131 | injuries |
| Jones | Rager | Robert | W. | | 86 | injuries |
| Jones | Randall | Catherine | | | 109 | injuries |
| Jones | Reis | Donna | | | 115 | injuries |
| Jones | Schmidt | Jon | R. | | 97 | injuries |
| Jones | Schoepfer | Ronald | S. | | 116 | injuries |
| Jones | Shubert | Mitchell | | | 13a,b &c | death |
| Jones | Stefani | Michael | | | 127 | injuries |
| Jones | Sullivan | Kathleen | | | 80 | injuries |
| Jones | Travis | Christopher | J. | | 96 | injuries |
| Jones | Vallante | Fredrick | P. | Jr. | 92 | injuries |
| Jones | Van Deusen | John | F. | III | 83 | injuries |
| Jones | Vieira | Kelly | Lynn | | 6 | death |
| Jones | Vieira | Scott | J. | | 81 | injuries |
| Jones | Wigginton | John | D. | | 120 | injuries |
| Jones | Young | Robert | D. | | 8 | death |
| Jones | Zannella | Stephanie | | | 107 | injuries |

| attorney | last name | first name | middle initial | suffix | plaintiff number | Injury |
|---|---|---|---|---|---|---|
| Mancuso | Feeney | Robert | P. | | 196 | injuries |
| Mancuso | Martin | Jeffrey | Wood | | 69 | death |
| Mancuso | Stowers | Jennifer | L. | | 70 | death |
| Mandell/Wistow | Anderson | Kevin | | | 33 | death |
| Mandell/Wistow | Baker | Mary | H. | | 17 | death |
| Mandell/Wistow | Barlow | Robert | A. | | 133 | injuries |
| Mandell/Wistow | Beauchaine | Laureen | | | 34 | death |
| Mandell/Wistow | Beauchaine | Ray | F. | Jr. | 159 | injuries |
| Mandell/Wistow | Belson | Julie | | | 160 | injuries |
| Mandell/Wistow | Blom | Kevin | | | 161 | injuries |
| Mandell/Wistow | Blom | Steven | | | 35 | death |
| Mandell/Wistow | Bonardi | William | C. | III | 18 | death |
| Mandell/Wistow | Brown | Kristen | A. | | 134 | injuries |
| Mandell/Wistow | Bump | Milisa | | | 162 | injuries |
| Mandell/Wistow | Cabral | Richard | | Jr. | 36 | death |
| Mandell/Wistow | Cartwright | William | W. | | 37 | death |
| Mandell/Wistow | Choquette | Jennifer | | | 163 | injuries |
| Mandell/Wistow | Clarke | Patricia | L. | | 135 | injuries |
| Mandell/Wistow | Companatico | Gennaro | | | 136 | injuries |
| Mandell/Wistow | Conant | Nicole | | | 164 | injuries |
| Mandell/Wistow | Conant | Stephanie | | | 165 | injuries |
| Mandell/Wistow | Conway | Arthur | J. | III | 166 | injuries |
| Mandell/Wistow | Cook | Richard | | | 137 | injuries |
| Mandell/Wistow | Cordier | Michael | | | 38 | death |
| Mandell/Wistow | Crisostomi | Alfred | C. | | 19 | death |
| Mandell/Wistow | Cushman | Robert | | | 167 | injuries |
| Mandell/Wistow | D'Andrea | Lisa | | | 39 | death |
| Mandell/Wistow | Dell | Shauna | | | 168 | injuries |
| Mandell/Wistow | DelSanto | Richard | | | 138 | injuries |
| Mandell/Wistow | DiBona | Joseph | A. | Jr. | 139 | injuries |
| Mandell/Wistow | DiRienzo | Christina | | | 40 | death |
| Mandell/Wistow | Dufour | Richard | | Jr. | 170 | injuries |
| Mandell/Wistow | Dufresne | James | | | 171 | injuries |
| Mandell/Wistow | Dunn | Kevin | | | 20 | death |
| Mandell/Wistow | Durante | Lori | K. | | 21 | death |
| Mandell/Wistow | Fick | Charline | E. | | 41 | death |
| Mandell/Wistow | Fisher | Linda | M. | | 140 | injuries |
| Mandell/Wistow | Fleming | Thomas | J. | | 42 | death |
| Mandell/Wistow | Florio-DePietro | Rachel | K. | | 43 | death |
| Mandell/Wistow | Flynn | Joseph | M. | | 141 | injuries |

# Attorney/Victim List

| attorney | last name | first name | middle initial | suffix | plaintiff number | Injury |
|----------|-----------|------------|----------------|--------|------------------|--------|
| Mandell/Wistow | Gahan | James | C. | IV | 44 | death |
| Mandell/Wistow | Gibbs | John | | | 172 | injuries |
| Mandell/Wistow | Gooden | James | F. | | 22 | death |
| Mandell/Wistow | Gray | Gregory | | | 173 | injuries |
| Mandell/Wistow | Greene | Scott | C. | | 45 | death |
| Mandell/Wistow | Griffith | Scott | S. | | 46 | death |
| Mandell/Wistow | Hale | Lisa | C. | | 142 | injuries |
| Mandell/Wistow | Hall | Grant | | | 174 | injuries |
| Mandell/Wistow | Hamelin | Bonnie | L. | | 23 | death |
| Mandell/Wistow | Hoban | Andrew | R. | | 24 | death |
| Mandell/Wistow | Hoisington | Abbie | L. | | 47 | death |
| Mandell/Wistow | Hoogasian | Michael | B. | | 25 | death |
| Mandell/Wistow | Hoogasian | Sandy | L. | | 26 | death |
| Mandell/Wistow | Howorth | Carlton | L. | III | 48 | death |
| Mandell/Wistow | Hussey | Laurie | A. | | 143 | injuries |
| Mandell/Wistow | Iannone | Michael | | | 175 | injuries |
| Mandell/Wistow | Kelly | Lisa | | | 49 | death |
| Mandell/Wistow | King | Tracy | F. | | 50 | death |
| Mandell/Wistow | Krasinskas | Adrian | | | 176 | injuries |
| Mandell/Wistow | Kulz | Michael | J. | | 51 | death |
| Mandell/Wistow | Lapierre | Keith | R. | | 52 | death |
| Mandell/Wistow | Latulippe | Dale | L. | | 27 | death |
| Mandell/Wistow | LoBianco | Joseph | | | 177 | injuries |
| Mandell/Wistow | Longiaru | John | M. | | 28 | death |
| Mandell/Wistow | Lucier | Marc | A. | | 144 | injuries |
| Mandell/Wistow | Mallette | Matthew | | | 145 | injuries |
| Mandell/Wistow | Mancini | Keith | A. | | 29 | death |
| Mandell/Wistow | Mancini | Steven | R. | | 30 | death |
| Mandell/Wistow | Mangan | John | | Jr. | 146 | injuries |
| Mandell/Wistow | McGinn | David | | | 178 | injuries |
| Mandell/Wistow | McMurray | Frances | P. | | 147 | injuries |
| Mandell/Wistow | McQuarrie | Kristen | L. | | 53 | death |
| Mandell/Wistow | Moreau | Leigh | Ann | | 54 | death |
| Mandell/Wistow | Morin | Ryan | M. | | 31 | death |
| Mandell/Wistow | Moscynski | Beth | | | 55 | death |
| Mandell/Wistow | Nowicki | Christopher | J. | | 148 | injuries |
| Mandell/Wistow | Peduzzi | Deborah | | | 179 | injuries |
| Mandell/Wistow | Pelletier | Paul | M. | | 149 | injuries |
| Mandell/Wistow | Perreault | Michael | | | 150 | injuries |
| Mandell/Wistow | Perry | Dawn | | | 180 | injuries |

## Attorney/Victim List

| attorney | last name | first name | middle initial | suffix | plaintiff number | Injury |
|---|---|---|---|---|---|---|
| Mandell/Wistow | Perry | Stephen | | | 181 | injuries |
| Mandell/Wistow | Peters | Christopher | A. | | 151 | injuries |
| Mandell/Wistow | Petrin | Jonathan | | | 152 | injuries |
| Mandell/Wistow | Piscopio | Jason | | | 153 | injuries |
| Mandell/Wistow | Precourt | Robin | | | 182 | injuries |
| Mandell/Wistow | Prouty | Christopher | | | 32 | death |
| Mandell/Wistow | Pucino | Erin | | | 226 | injuries |
| Mandell/Wistow | Rakoski | Theresa | L. | | 56 | death |
| Mandell/Wistow | Reisner | Robert | L. | III | 57 | death |
| Mandell/Wistow | Rezendes | John | A. | | 154 | injuries |
| Mandell/Wistow | Richard | Claude | | | 169 | injuries |
| Mandell/Wistow | Russo | Gina | | | 183 | injuries |
| Mandell/Wistow | Sagesta | Catherine | C. | | 155 | injuries |
| Mandell/Wistow | Servis | Milton | | II | 184 | injuries |
| Mandell/Wistow | Shaw | Rebecca | | | 58 | death |
| Mandell/Wistow | Shubert | Mitchell | | | 13d & e | death |
| Mandell/Wistow | Silva | Derrick | | | 185 | injuries |
| Mandell/Wistow | Sippy | Erik | | | 186 | injuries |
| Mandell/Wistow | Solitro | George | | | 156 | injuries |
| Mandell/Wistow | Stark | Victor | L. | | 59 | death |
| Mandell/Wistow | Steets | David | | | 187 | injuries |
| Mandell/Wistow | Stein | Gary | | | 157 | injuries |
| Mandell/Wistow | Stephenson | Melissa | A. | | 158 | injuries |
| Mandell/Wistow | Suffoletto | Benjamin | J. | Jr. | 60 | death |
| Mandell/Wistow | Suffoletto | Linda | D. | | 61 | death |
| Mandell/Wistow | Sylvester | Jason | | | 225 | death |
| Mandell/Wistow | Vargas | Raul | | | 188 | injuries |
| Mandell/Wistow | Vieira | Jennifer | | | 189 | injuries |
| Mandell/Wistow | Wagner | Debra | | | 190 | injuries |
| Mandell/Wistow | Washburn | Kevin | R. | | 62 | death |
| Mandell/Wistow | Woodmansee | Everett | T. | III | 63 | death |
| Minicucci | Arruda | Christopher | G. | | 76 | death |
| Minicucci | Bertolo | Paul | | | 221 | injuries |
| Minicucci | Cristina | Joseph | | | 218 | injuries |
| Minicucci | Dussault | Matthew | | | 220 | injuries |
| Minicucci | Ervanian | Edward | E. | | 79 | death |
| Minicucci | Fontaine | Mark | A. | | 77 | death |
| Minicucci | Fontaine | Melanie | | | 215 | injuries |
| Minicucci | Libera | Stephen | M. | | 78 | death |
| Minicucci | Lourenco | Shawn | | | 216 | injuries |

# Attorney/Victim List

| attorney | last name | first name | middle initial | suffix | plaintiff number | Injury |
|---|---|---|---|---|---|---|
| Minicucci | Poland | Ashley | A. | | 217 | injuries |
| Minicucci | Rancourt | William | | | 219 | injuries |
| Redihan | Gauvin | Gina | M. | | 191 | injuries |
| St. Pierre | Brennan | David | D. | | 197 | injuries |
| St. Pierre | Corbett | Edward | B. | Jr. | 71 | death |
| St. Pierre | Cripe | Robert | M. | | 198 | injuries |
| St. Pierre | Cronin | Neil | E. | | 199 | injuries |
| St. Pierre | DeMaio | Dina | A. | | 72 | death |
| St. Pierre | Gordon | Karen | M. | | 200 | injuries |
| St. Pierre | Gordon | Paul | R. | | 201 | injuries |
| St. Pierre | Jacavone-Mancini | Andrea | L. | | 74 | death |
| St. Pierre | Johnson | Derek | B. | | 73 | death |
| St. Pierre | Jones | Joseph | A. | | 202 | injuries |
| St. Pierre | Karvonen | Lee | A. | | 203 | injuries |
| St. Pierre | LaBree | Theresia | M. | | 204 | injuries |
| St. Pierre | Minor | Melissa | J. | | 205 | injuries |
| St. Pierre | Oberg | Charles | A. | | 206 | injuries |
| St. Pierre | Ormerod | Linda | A. | | 207 | injuries |
| St. Pierre | Pinkham | John | S. | | 208 | injuries |
| St. Pierre | Potvin | Victoria | L. | | 209 | injuries |
| St. Pierre | Rock | Kerrie | A. | | 210 | injuries |
| St. Pierre | Romanoff | Tracey | L. | | 65b | death |
| St. Pierre | Rossano | Timothy | J. | | 211 | injuries |
| St. Pierre | Smith | Dennis | J. | | 75 | death |
| St. Pierre | Trautz | Nancy | S. | | 212 | injuries |
| St. Pierre | Trudeau | Donald | N. | | 224 | injuries |
| St. Pierre | Williams | Donovan | | | 213 | injuries |
| St. Pierre | Wilson | Sharon | A. | | 214 | injuries |

True Copy Attest

*[signature]*

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island