UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALBERT L. GRAY, Administrator, et al.,  :
                         Plaintiffs,  :
                                         :
          v.                                :     CA 04-312L
                                         :
JEFFREY DERDERIAN, et al.,  :
                        Defendants.  :

ESTATE OF JUDE B. HENAULT, et al.,  :
                        Plaintiffs,  :
                                        :
          v.                                :     CA 03-483L
                                         :
AMERICAN FOAM CORPORATION, et al.,  :
                        Defendants.  :

**MEMORANDUM AND ORDER
DENYING MOTIONS
FOR RECONSIDERATION**

Before the court are four motions which have been filed in <u>Henault, et al. v. American Foam Corp., et al.</u>, CA 03-483L. Because the motions seek relief which would also impact the parties in <u>Gray, et al. v. Derderian, et al.</u>, CA 04-312L, this Memorandum and Order is issued in both cases.

**I. The Motions**

    A. Motion for Reconsideration and for Clarification of Court Order of August 22, 2005 (<u>Henault</u> Document ("Doc.") #297) ("Henault Motion");[1]

---

[1] All parties are reminded of the requirements of the Order Re Captioning and Filing of Documents dated 1/28/05 (<u>Gray</u> Doc. #315, <u>Henault</u> Doc. #197) ("Order of 1/28/05"). The Henault Motion is deficient in that the title does not include the name of the party filing it (or the word "Plaintiffs" followed immediately by a footnote which states concisely the parties on whose behalf the motion is filed). <u>See</u> Order of 1/28/05 at 3. Although not as problematic, the signature page also fails to comply with the Order of 1/28/05. <u>See</u>

    B.  Plaintiffs'[2] Motion to Join and to Adopt Motion of Henault for Reconsideration and for Clarification of Court Order of August 22, 2005 (<u>Henault</u> Doc. #301) ("Guindon Plaintiffs' Motion for Reconsideration");

    C.  Plaintiffs Charles and Carol Sweet, as Administrators of the Estate of Shawn Sweet; Charles and Carol Sweet, Individually, Motion to Join and to Adopt Motion of Henault for Reconsideration

---

<u>id.</u>
    Based on the signature page the court assumes the Henault Motion is brought on behalf of all parties represented by Attorneys Robert I. Reardon, Jr., and Ronald J. Creamer. <u>See</u> Henault Motion at unnumbered 11. According to the Notice of Adoption of First Amended Master Complaint (Station Nightclub Fire Litigation) (<u>Henault</u> Doc. #188) ("Henault Adoption"), these Plaintiffs (referred to hereafter as the "Henault Plaintiffs") are: the Estate of Jude B. Henault, by and through Chad M. Henault and Angela Boggs, Co-Administrators; Angela Boggs individually; Rachel M. Henault, a minor, by and through her father and next friend, Chad M. Henault; and Andrew J. Henault, a minor, by and through his father and next friend, Chad M. Henault; the Estate of Samuel A. Miceli, Jr., by and through Madeliene P. Miceli, Administratrix; the Estate of Melvin Gerfin, Jr., by and through Deborah Gerfin and Laura Gerfin, Co-Administrators; Deborah Gerfin individually; Laura Gerfin individually; Kelly Gerfin, a minor, by and through her mother and next friend, Deborah Gerfin; Meagan Gerfin, a minor, by and through her mother and next friend, Deborah Gerfin; the Estate of Sarah Jane Telgarsky, by and through Caroline Telgarsky, Administrator, and Sarah Jane Ballard, daughter of decedent Sarah Jane Telgarsky, individually; Glenn Johnson; Lisa Johnson; Melanie Holliday; and Nancy Noyes. <u>See</u> Henault Adoption (<u>Henault</u> Doc. #188) ¶¶ 1-8.

    [2] The Plaintiffs filing the motion (<u>Henault</u> Doc. #301) are identified as: George Guindon; Barbara Guindon, individually; Barbara Guindon, as mother and next friend to Erica Guindon, a minor; Tammy Ayer, as Guardian and next friend to Kayla Marie Dorothy Abbenante Ayer, a minor; Louis Rossi, as Administrator of the Estate of Joseph Rossi; Christopher Scot[t]; Julianna Giaven; Eric Malardo; Michelle Malardo; Richard Sanetti; Patricia Sanetti; Catherine Carignan, Edward Corbett, Jr., as Administrator of the Estate of Edward Corbett, III; Paul and Betty Roe, individually; Paul and Betty Roe, as Co-Administrators of the Estate of Lori K. Durante; Daniel Davidson; and Stephen Bruno. <u>See</u> Guindon Plaintiffs' Motion for Reconsideration (<u>Henault</u> Doc. #301).

2

and for Clarification of Court Order of August 22, 2005 (Henault Doc. #302) ("Sweet Plaintiffs' Motion for Reconsideration");

D. Plaintiff Linda Roderiques, as Administratrix of the Estate of Donald Roderiques; Linda Roderiques[,] Individually; Linda Roderiques, as Mother and Next Friend to Mandi Roderiques, minor's Motion to Join and Adopt Motion of Henault for Reconsideration and for Clarification of Court Order of August 22, 2005 (Henault Doc. #303) ("Roderiques Plaintiffs' Motion for Reconsideration").

## II. Adoption of Henault Motion and Arguments

The Guindon, Sweet, and Roderiques Plaintiffs all state that they "have reviewed the Henault Motion and Memorandum[3] and support the arguments therein." Plaintiffs'[] Memorandum of Law in Support of Their Motion to Join and to Adopt Motion of Henault for Reconsideration and for Clarification of Court Order of August 22, 2005, at 1; Memorandum in Support of Plaintiffs Charles and Carol Sweet, as Administrators of the Estate of Shawn Sweet; Charles and Carol Sweet, Individually, Motion to Join and to Adopt Motion of Henault for Reconsideration and for Clarification of Court Order of August 22, 2005, at 1; Memorandum of Law in Support of Plaintiffs Linda Roderiques, as Administratrix of the Estate of Donald Roderiques; Linda Roderiques Individually; Linda Roderiques, as Mother and Next Friend to Mandi Roderiques, minor's Motion to Join and to Adopt Motion of Henault for Reconsideration and for Clarification of

---

[3] Contrary to D.R.I. Local R. 12(a)(1), the Henault Plaintiffs did not file a separate memorandum of law in support of their motion. Their arguments are instead contained in the eleven page (not counting exhibits) motion. The court assumes that it is these arguments which the Guindon, Sweet, and Roderiques Plaintiffs state they support. While the court has overlooked this additional deficiency by the Henault Plaintiffs, they are advised that in the future their filings must comply with the local rules and with the Order of 1/28/05 (Gray Doc. #315, Henault Doc. #197).

3

Court Order of August 22, 2005, at 1. In view of the adoption of the Henault Motion and arguments by the other moving parties, the court refers to the four motions collectively as the "Motions for Reconsideration" or "Motions" and to the moving parties as the "Movants."

### III. Relief Sought

The Motions seek reconsideration and clarification of that part of the Order Re Motions Heard on August 22, 2005 (Gray Doc. #548, Henault Doc. #295) ("Order" or "Order Re Motions Heard 8/22/05"), which granted in part and denied in part the Henault Plaintiffs' Motion for Leave to Enter the Evidence Repository (Henault Doc. #288), see Order of 8/22/05 at 4-5. Specifically, the Motions request that the court: 1) "clarify its Order to delineate whether the Henault experts will be permitted to observe and participate in the development of testing protocols and execution of certain tests on the incident foam and control samples to be undertaken at the McCrone Laboratory and other scientific facilities," Henault Motion at unnumbered 2; 2) reconsider "its Order to distinguish the cost sharing obligations of the Henault plaintiffs with respect to evidence and artifacts assembled taken [sic] from the fire site by the Gray plaintiffs shortly after the Station fire, from the evidence and artifacts taken from the site by State and Federal officials that has [sic] been retained by the West Warwick Police Department for two and one half years, including the incident foam that was transferred to the repository a few weeks ago," id.; and 3) "reconsider its ruling with respect to the formula to be used to reimburse the Gray plaintiffs for past warehouse costs ...," id. at unnumbered 3.

### IV. Discussion

#### A. Testing of Incident Foam

To the extent that the Movants seek to observe and "to

4

participate in the development of testing protocols and execution of certain tests on the incident foam and control samples to be undertaken at the McCrone Laboratory and other scientific facilities," Henault Motion at unnumbered 2, the court has already ruled regarding what tests may be performed, see Memorandum and Order Granting in Part Amended Motion for Particularized Need Discovery (Gray Doc. #536) at 23 (granting leave to conduct the tests set forth in Memorandum of Law in Support of Plaintiffs' Amended Motion for Particularized Need Discovery).

    The Gray Plaintiffs have represented that they have no objection to the presence of the Henault experts at the testing of the incident foam and that they "do not ask for any payment with respect thereto." Revised Memorandum in Support of the Gray Plaintiffs' Objection to the Henault Plaintiffs' Motion for Reconsideration and for Clarification of Court Order of August 22, 2005 (Gray Doc. #550, Henault Doc. #300) ("Gray Revised Mem.") at 5. The court believes that it may confidently assume that the Gray Plaintiffs also do not object to presence of the other Movants' experts at the testing and that they similarly do not any ask for any payment with respect to those experts. This confidence is based on two considerations. First, the court cannot conceive of a reason why the Gray Plaintiffs would not allow the other Movants' experts access equal to that afforded the Heneault experts. Second, it has always been the court's understanding, based on statements made by Attorney Mark S. Mandell, a signatory of Plaintiffs' Amended Motion for Particularized Need Discovery (Gray Doc. #525) (the "Amended Motion"), that any party's attorney or expert who desired to observe the testing at McCrone Laboratories could do so. The court assumes that such persons may offer suggestions or ask questions, provided that it does not disrupt or delay the testing

5

and that they understand that the Gray Plaintiffs' attorneys and their experts will make the final determination regarding the protocols and testing procedures.

Given these circumstances, the court finds that the Movants' first request for clarification is moot.

**B.  Differentiating Cost Sharing Relative to Certain Items**

Movants request that the court reconsider its Order as to their cost sharing obligations so that a distinction is made between evidence which has been stored in the Evidence Repository since (or nearly since) its inception and evidence which was transferred to the Evidence Repository at a substantially later date. See Henault Motion at unnumbered 2.  As an example of the latter evidence, Movants cite the four square feet of incident foam which was transferred to the court's custody a few weeks ago.  See id.; see also Memorandum and Order Granting in Part Amended Motion for Particularized Need Discovery (Gray Doc. #536) at 23 n.22 (reflecting that the court granted permission on August 3, 2005, for the incident foam to be transferred from the custody of the state to this court's custody and placed in the Evidence Repository).

Other than the incident foam which was recently placed in the Evidence Repository, the court is not aware of any significant difference in the time that items of evidence have been stored in the Evidence Repository.  In light of the Gray Plaintiffs' willingness to allow the Henault experts to attend and observe the testing of the four pieces of incident foam at the McCrone Laboratory, the court sees no need to alter the Order of 8/22/05 in this respect at the present time.  If there are items of evidence in the Evidence Repository which were placed there at a substantially later date than the other items of evidence and as to which the Movants have been denied access unless they pay their full share of the cost of maintaining the

6

Evidence Repository, Movants may file a motion for access to such items and the court will consider it.

### C. Reconsideration of Cost Sharing Formula

Movants' final request is that the court reconsider its ruling with respect to the formula to be used to reimburse the Gray Plaintiffs for warehouse costs. See Henault Motion at unnumbered 3. They advance three arguments in making this request. First, Movants contend that the formula adopted by this court from the March 31, 2003, Order of Associate Justice Alice Bridget Gibney of Rhode Island Superior Court ("Judge Gibney's Order of 3/31/03") will result in counsel for the Henault Plaintiffs reimbursing the Gray Plaintiffs' counsel more than the Gray Plaintiffs' counsel have expended to maintain the warehouse, allegedly resulting in a profit to the Gray Plaintiffs' counsel of $12,313.89. See Henault Motion at unnumbered 3. Second, Movants assert that "counsel for the Henault plaintiffs were not permitted to participate in the chambers discussion to create this Evidence Repository or arrive at this formula, despite requesting permission to attend this conference." Henault Motion at unnumbered 4. Movants further assert that "the Rhode Island Superior Court took the position that the Henault plaintiffs had no standing to participate in the development or execution of Judge Gibney's Order." Id. Lastly, Movants argue that the most valuable forensic evidence in the case is in the custody of the State of Rhode Island at the West Warwick Police Department and "that the evidence and artifacts warehoused in the Evidence Repository maintained by the Gray counsel had much less significance during the initial phase of the investigation." Id. at unnumbered 8.

### 1. Alleged "Profit" of Gray Plaintiffs' Counsel

Movants contention that requiring them to contribute to the

7

cost of the Evidence Repository in accordance with the formula established by Judge Gibney will result in the Gray Plaintiffs' counsel realizing a profit appears to be based upon a misapprehension of the amount which the Gray Plaintiffs' counsel have paid to cover the cost of the Evidence Repository. That amount is $201,208.69, not $64,734.81 as Movants mistakenly allege. See Gray Revised Mem. at 3 (citing Henault Motion, Exhibit ("Ex.") A at 2 (Evidence Repository/Warehouse Expenses); see also Henault Motion at unnumbered 3.

The court agrees with the Gray Plaintiffs that:

> Under the formula ordered by Judge Gibney ... if all four Henault counsel seek to enter the repository the payment to be made by the last to enter will be $16,767.39 (not $16,462.53 as mistakenly computed in the Henault Exhibit A). Each and every counsel will at that point have advanced the same amount, i.e. one-twelfth (1/12) of the total costs, $201,208.69 ($16,767.39 x 12 = $201,208.68).

Gray Revised Mem. at 3. Movants' first argument for reconsideration is therefore rejected.

### 2. Exclusion from Prior Proceedings

In response to Movants' claim that they were excluded from the proceedings which resulted in Judge Gibney's Order of 3/31/03, the Gray Plaintiffs have submitted affidavits from Judge Gibney and eleven attorneys: Thomas Angelone, Mark Decof, Anthony DeMarco, Marc DeSisto, Eva Marie Mancuso, Mark Mandell, Steven Minicucci, Charles Redihan, James Ruggieri, Michael St. Pierre, and Max Wistow. See Memorandum in Support of the Gray Plaintiffs['] Objection to the Henault Plaintiffs' Motion for Reconsideration and for Clarification of Court Order of August 22, 2005 ("Gray Mem."), Ex. 1-11; Gray Revised Mem., Ex. 12. In particular, these affidavits address Movants' assertion:

> that at the time an Order adopted by this Court was entered by Judge Gibney in March, 2003 establishing a formula for paying for maintenance of the Evidence

8

> Repository, counsel for the Henault plaintiffs were not permitted to participate in the chambers discussion to create this Evidence Repository or arrive at this formula, despite requesting permission to attend this conference.

Henault Motion at unnumbered 3-4.

Regarding the above, Judge Gibney states:

> This representation is not true. All proceedings were in open court. Because of the catastrophic nature of the fire, I was especially sensitive to the need to give an opportunity to be heard to anyone who wished to do so, whether in open court or in chambers conferences. I expressly invited such participation. Any chambers conferences up to and including the conference of March 31, 2003 were limited entirely to scheduling issues. Moreover, I did not deny participation to any lawyer whether in open court or in chambers conferences. I recall Mr. Reardon quite well as he made a very negative impression upon me when I first met him on March 26, 2003 at the fire site. I can state categorically that I never refused him participation in the proceedings referred to.

Gray Mem., Ex. 1 (Affidavit of Alice Bridget Gibney) ¶ 5.

Judge Gibney further states:

> The [Henault Motion] is also signed by Mr. Creamer of Resmini Law Offices, Ltd. In fact, Ronald J. Resmini participated in the hearing of March 28, 2003 which hearing, in open court, resulted in the Order of March 31, 2003. I note that the [Henault Motion] was originally prepared for signature by Mr. Resmini, but his name and bar number were stricken and Mr. Creamer's name, signature and bar number substituted.

Id., Ex. 1 ¶ 6.

The eleven attorneys all affirm: 1) that they personally participated in the proceedings in the Rhode Island Superior Court which resulted in Judge Gibney's Order of 3/31/03, see id., Ex. 2-11 ¶ 2; Gray Revised Mem., Ex. 12 ¶ 2; 2) that the Order "which authorized, inter alia, the collection of potential evidence from the fire scene, the storage of such in a

9

repository, and the methodology to be used for the cost-sharing thereof was entered following and as a result of proceedings in open court before Judge Gibney," Gray Mem., Ex. 2-11 ¶ 3; Gray Revised Mem., Ex. 12 ¶ 3; and 3) "that Mrs. Justice Gibney allowed anyone to be heard who requested to be heard during such proceedings and invited comments from any and all interested persons," Gray Mem., Ex. 2-11 ¶ 4; Gray Revised Mem., Ex. 12 ¶ 4. Nine of the attorneys additionally affirm that the only chambers conferences which related to Judge Gibney's Order of 3/31/03 "involved issues relating exclusively to the scheduling of proceedings and Mrs. Justice Gibney invited any and all interested lawyers to attend those conferences if they so desired."[4]  Gray Mem., Ex. 3, 5-11 ¶ 5; Gray Revised Mem., Ex. 12 ¶ 5.

Movants' claim that they were excluded from the court proceedings which resulted in the entry of Judge Gibney's Order of 3/31/05, is completely unsupported. See Henault Motion at unnumbered 4. They do not cite to any affidavit, court transcript, or other evidence to substantiate their charges of exclusion. See id. Tellingly, in the face of the affidavits from Judge Gibney and other counsel (who represent both Plaintiffs and Defendants in this action), Movants have not submitted any counter-affidavits, nor they have filed any reply memoranda.[5]  Accordingly, the court rejects Movants' claims that

---

[4] Eight of the nine attorneys make this affirmation without qualification. See Gray Revised Mem., Ex. 3, 5-9, 11-12. One attorney, James Ruggieri, prefaces this paragraph of his Affidavit with the words: "To the best of my knowledge ...." Id., Ex. 10 ¶ 5.

[5] Movants' failure to provide any support for their allegations that counsel for the Henault Plaintiffs were excluded from the proceedings conducted by Judge Gibney in the Superior Court is troubling. Pursuant to Fed. R. Civ. P. 11(b), an attorney presenting a written motion to the court is certifying "that to the best of the person's knowledge, information, and belief, formed after an inquiry

they did not have the opportunity to participate in the proceedings which resulted in the creation of the Evidence Repository and the establishment of the cost sharing formula which they seek by the instant Motions to alter.

### 3. Value of Articles in Evidence Repository

As for Movants' seeming argument that the benefit they will receive by having access to the articles in the Evidence Repository is not sufficient to justify the contribution required for access, that contention requires no discussion. Movants are free to choose not to contribute to the cost of the Evidence Repository.

### V. Conclusion

For the reasons stated above, the court declines to reconsider its ruling with respect to the formula to be used to reimburse the Gray Plaintiffs for warehouse costs. Accordingly, the Motions for Reconsideration are DENIED.

So ordered.

ENTER:

*David L Martin*

DAVID L. MARTIN
UNITED STATES MAGISTRATE JUDGE
October 7, 2005

BY ORDER:

Deputy Clerk

---

reasonable under the circumstances ... (3) the allegations and other factual contentions have evidentiary support ...." Fed. R. Civ. P. 11(b). Movants are strongly cautioned that their filings must comply with Rule 11 as well as all other procedural requirements.

11