UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
ALBERT L. GRAY, Administrator, et al.,   :
                         Plaintiffs,     :
                                         :
         vs.                             :      CA 04-312L
                                         :
JEFFREY DERDERIAN, et al.,               :
                         Defendants.     :


ESTATE OF JUDE B. HENAULT, et al.,       :
                         Plaintiffs,     :
                                         :
         vs.                             :      CA 03-483L
                                         :
AMERICAN FOAM CORPORATION, et al.,       :
                         Defendants.     :
```

**MEMORANDUM AND ORDER
GRANTING PLAINTIFFS' MOTIONS TO VACATE STAY
AS TO DANIEL M. BIECHELE**

Before the Court are the following motions:

1. Plaintiffs'[1] Motion to Lift Stay of Discovery as to Defendant Daniel M. Biechele (<u>Henault</u> Doc. #781) ("Henault Motion to Vacate");

2. Gray Plaintiffs[2] Motion to Vacate Stay of Discovery as to Defendant Daniel M. Biechele (<u>Gray</u> Doc. #1469) ("Gray Motion to Vacate"); and

---

[1] All Plaintiffs in the <u>Henault</u>, <u>Kolasa</u>, <u>Long</u>, and <u>Malagrino</u> cases. <u>See</u> Plaintiffs'[1] Motion to Lift Stay of Discovery as to Defendant Daniel M. Biechele (<u>Henault</u> Doc. #781) ("Henault Motion to Vacate") at 1 n.1.

[2] All Plaintiffs in the <u>Gray</u> and <u>Napolitano</u> cases. <u>See</u> <u>Gray</u> Plaintiffs[] Motion to Vacate Stay of Discovery as to Defendant Daniel M. Biechele (<u>Gray</u> Doc. #1469) ("Gray Motion to Vacate") at 1 n.1.

3. Henault Plaintiffs'[3] Adoption of the Gray Plaintiffs' Motion to Vacate Stay of Discovery as to Defendant Daniel M. Biechele (Henault Doc. #834) ("Henault Adoption of Gray Motion to Vacate").[4]

Defendant Daniel M. Biechele ("Biechele") has filed objections to the motions. See Objection of Daniel Biechele to Henault Plaintiffs'[] Motion to Lift Stay of Discovery (Henault Doc. #815); Objection of Daniel Biechele to Gray Plaintiffs'[] Motion to Vacate Stay of Discovery (Gray Doc. #1522); Objection of Daniel Biechele to Henault Plaintiffs'[] Notice of Adoption of Gray Plaintiffs Motion to Vacate Stay (Henault Doc. #867).

A hearing on the Henault Motion to Vacate and the Gray Motion to Vacate was conducted on August 1, 2007. No separate additional hearing is required for the Henault Adoption of Gray Motion to Vacate as that filing merely adopts the Gray Motion to Vacate. See Henault Adoption of Gray Motion to Vacate. The Court refers collectively to these motions as the "Motions" and to the parties bringing the motions as "Movants."

**Discussion**

**I. Parties' positions**

The Motions seek to vacate Senior Judge Ronald R. Lagueux's order of March 29, 2005, staying all discovery against Biechele. See Motions; see also Order Granting Defendant Daniel Biechele's Motion for Protective Order (Gray Doc. #400) ("Order of 3/29/05"). Movants argue that the Order of 3/29/05 was entered because Biechele had been indicted for manslaughter and was

---

[3] The Henault Plaintiffs are identified in the Henault Plaintiffs'[] Adoption of the Gray Plaintiffs' Motion to Vacate Stay of Discovery as to Defendant Daniel M. Biechele (Henault Doc. #834) ("Henault Adoption of Gray Motion to Vacate") at 1 n.1.

[4] The Henault Adoption of Gray Motion to Vacate was docketed as a motion, see Henault Docket, and is included among the motions addressed in this Memorandum and Order for purposes of completeness.

2

facing prosecution in <u>State of Rhode Island v. Daniel M. Biechele</u>, Indictment K1-03/0653(A), in connection with his actions at the Station nightclub on the evening of February 20, 2003.  <u>See</u> Memorandum in Support of Gray Plaintiffs[] Motion to Vacate Stay of Discovery as to Defendant Daniel M. Biechele ("Gray Mem.") at 1.  They note that since that time he has pled guilty to the criminal charges lodged against him and been sentenced.[5]  <u>See</u> Henault Motion to Vacate at 1-2; Gray Mem. at 2-3.  Movants contend that "because of his final conviction on these charges in the state case and the absence of any known pending investigation against him at the federal level, there is no longer any reason to believe that his testimony in the instant case could subject him to further prosecution."  Gray Mem. at 5.

Biechele disputes this last contention.  He asserts that "[t]here is at least a reasonable possibility that in deposing [him] the Plaintiffs may develop evidence that could be used in a criminal prosecution."  Memorandum in Support of Objection of Daniel Biechele to Motion to Vacate Stay of Discovery ("Biechele Mem. Re Gray Motion") at 3.  While Biechele acknowledges that he "has resolved all pending criminal charges in the State of Rhode Island ...," <u>id.</u> at 1, he states that "his potential exposure to additional criminal liability is unclear," <u>id.</u>  The basis for such additional criminal liability, according to Biechele, is a federal prosecution, a possibility which he claims "remains open," <u>id.</u>, or a prosecution in some other state based on Biechele's alleged use, possession, and/or transportation of

---

[5] According to Movants, Biechele pled guilty on February 7, 2006. <u>See</u> Memorandum in Support of Gray Plaintiffs[] Motion to Vacate Stay of Discovery as to Defendant Daniel M. Biechele ("Gray Mem.") at 2. He was sentenced on May 10, 2006, to fifteen years at the Adult Correctional Institutions of which four years were to be served and the remaining eleven years were suspended with probation for three years. <u>See</u> Transcript of May 10, 2006, Superior Court Sentencing Hearing in <u>State of Rhode Island v. Biechele</u>, K1/03-0653(A) at 79.

3

fireworks in that state, <u>see</u> Tape of 8/1/07 Hearing.

**II.  Law**

The Fifth Amendment privilege against self-incrimination can be asserted in any proceeding, civil or criminal, "in which the witness reasonably believes that the information sought, or discoverable as a result of his testimony, could be used in a subsequent state or federal criminal proceeding." <u>United States v. Balsys</u>, 524 U.S. 666, 672, 118 S.Ct. 2218, 2222 (1998)(quoting <u>Kastigar v. United States</u>, 406 U.S. 441, 444-45, 92 S.Ct. 1653, 1656 (1972)); <u>see also</u> <u>Lefkowitz v. Turley</u>, 414 U.S. 70, 77, 94 S.Ct. 316, 322 (1973)("The Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.").

"[T]he prospective witness must show at the very least that he is faced with some authentic danger of incrimination." <u>United States v. Castro</u>, 129 F.3d 226, 229 (1st Cir. 1997).  "This is not a particularly onerous burden.  While chimerical fears will not suffice, the prospective witness need only limn some reasonable possibility that, by testifying, he may open himself to prosecution."  <u>Id.</u>; <u>see also</u> <u>Marchetti v. United States</u>, 390 U.S. 39, 53, 88 S.Ct. 697, 705 (1968)("The central standard for the privilege's application has been whether the claimant is confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination.")(internal quotation marks omitted); <u>United States v. Pratt</u>, 913 F.2d 982, 990 (1st Cir. 1990)("Anyone claiming the privilege ... must be confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination.")(internal quotation marks omitted).  "It is enough if there is a reasonable possibility of

4

prosecution, and if the testimony, although falling short of proving the crime in its entirety, will tend to a conviction when combined with evidence from other sources." In re Kave, 760 F.2d 343, 354 (1st Cir. 1985).

As a general rule, where there can be no further incrimination, there is no basis for the assertion of the privilege. Mitchell v. United States, 526 U.S. 314, 326, 119 S.Ct. 1307, 1314 (1999). This principle applies to cases in which the sentence has been fixed and the judgment of conviction has become final. Id. Nevertheless, "[a] criminal defendant who has been convicted retains the privilege [against self-incrimination] after imprisonment as long as his testimony may be used against him in a future trial for a crime of which he has not yet been convicted." Ainsworth v. Risley, 244 F.3d 209, 212-13 (1st Cir. 2001), vacated, Ainsworth v. Stanley, 536 U.S. 953, 122 S.Ct. 2652 (2002), on remand, 317 F.3d 1 (1st Cir. 2002); see also United States v. Johnson, 488 F.2d 1206, 1209 (1st Cir. 1973)(finding no error in district court's determination that witness retained privilege where his conviction for distributing cocaine "removed any claim of privilege based upon liability for that offense, [but he] remained open to a state or federal conspiracy prosecution")(internal citations omitted).

"The privilege cannot be invoked on a blanket basis. It operates question by question. Thus, the district court must conduct a 'particularized inquiry.'" United States v. Castro, 129 F.3d at 229 (internal citations omitted)(quoting United States v. Pratt, 913 F.2d at 990); see also In re Grand Jury Matters, 751 F.2d 13, 17 n.4 (1st Cir. 1984)("It is well established that blanket assertions of privilege ... are extremely disfavored and that persons claiming a privilege must establish the elements of privilege as to each record sought and each question asked so that ... the court can rule with

5

specificity.")(alterations in original)(internal quotation marks and citations omitted); cf. United States v. Castro, 129 F.3d at 230 (finding that the trial court "proceeded with commendable caution" in prohibiting the witness from invoking the Fifth Amendment on a wholesale scale and attempting to narrow the assertion of the privilege during a voire dire hearing).

### III. Analysis

Although the parties have concentrated their arguments on the question of whether Biechele still has a Fifth Amendment privilege, the precise issue before the Court is whether the existing stay of discovery against him should remain in effect. The legal landscape has changed considerably since the Order of 3/29/05 was entered. At that time, Biechele was facing criminal prosecution, and he had a justifiable need to be protected from having to respond to civil discovery requests as he prepared his defense to the criminal charges. It was also obvious to any knowledgeable observer that he had a valid Fifth Amendment privilege which would render futile virtually all attempts to obtain discovery from him. Given these considerations, it made eminent sense to grant Biechele's motion and to stay all discovery against him.

These circumstances, which presumably caused Judge Lagueux to grant Biechele's request, are no longer present. Biechele has resolved all the known criminal charges against him. Allowing Plaintiffs to seek discovery from him will not at this point interfere with the preparation of his criminal defense. Additionally, it is no longer obvious that Biechele may refuse to respond to discovery requests based on a Fifth Amendment privilege. Finally, there is now no reason why the Court should not conduct the "particularized inquiry," United States v. Castro, 129 F.3d at 229, into Biechele's assertion of the privilege which the First Circuit stated should be conducted, see

id.[6]

## Conclusion

Accordingly, **the Motions are granted, and the stay of discovery against Biechele which was entered on March 29, 2005, is vacated.** Plaintiffs will be free to direct discovery requests to Biechele after the Court has issued its forthcoming order on the coordination and control of discovery.[7] That order will be issued after the August 8, 2007, hearing.

So ordered.

ENTER:


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 3, 2007

---

[6] Presumably, because Biechele's criminal exposure was clear when he requested the stay, there was no need for the Court to conduct "a particularized inquiry into the reasons for the assertion of the privilege ...." United States v. Pratt, 913 F.2d 982, 990 (1st Cir. 1990); see also id. (noting the "general rule" for a particularized inquiry but finding that district court did not abuse its discretion in determining that witness had a valid Fifth Amendment claim without such inquiry).

[7] Thus, Biechele remains free to assert his Fifth Amendment privilege, and Plaintiffs are free to seek to compel his responses. Adherence to this procedure will allow the Court to conduct the "particularized inquiry," United States v. Pratt, 913 F.2d at 990, regarding Biechele's assertion of the privilege in the context of a specific discovery request. To spare the parties from having to repeat arguments which they have already made, they may incorporate by reference their filings in connection with the instant Motions.
    If it appears that the issue of the continuing validity of Biechele's Fifth Amendment privilege will be first joined at a deposition, Plaintiffs should delineate prior to the deposition the topics about which they intend to question him (and the probable questions they intend to ask). Biechele should then seek a protective order and explain further, if he chooses to do so, the basis for his contention that answering such questions will violate the privilege.