# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALBERT L. GRAY, ADMINISTRATOR, et al.,<br>Plaintiffs,<br>v.<br><br>JEFFREY DERDERIAN, et al.,<br>Defendants | C.A. No. 04-312-L |
| ESTATE OF JUDE B. HENAULT, et al.<br>Plaintiffs,<br>v.<br><br>AMERICAN FOAM CORPORATION, et al.<br>Defendants. | C.A. No. 03-483-L |

**MCLAUGHLIN & MORAN, INC.'S MOTION TO APPROVE "GOOD FAITH" SETTLEMENT IN ACCORDANCE WITH RHODE ISLAND GENERAL LAWS §§ 10-6-7 AND 10-6-8**

Now comes Defendant McLaughlin & Moran, Inc. ("McLaughlin & Moran") and moves for an order approving McLaughlin & Moran's $16,000,000 settlement with the Plaintiffs in the above-captioned lawsuits as a "good faith" settlement under §§ 10-6-7 and 10-6-8 of the Rhode Island General Laws. In support of its motion McLaughlin & Moran relies upon the accompanying memorandum of law.

McLAUGHLIN & MORAN, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor

Howard A. Merten (#3171)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200 / (401) 861-8210 FAX
hm@psh.com
rkt@psh.com

DATED: May 14, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing McLAUGHLIN & MORAN, INC.'S MOTION TO APPROVE "GOOD-FAITH" SETTLEMENT IN ACCORDANCE WITH RHODE ISLAND GENERAL LAWS §§ 10-6-7 AND 10-6-8 was electronically filed on the 14th day of May, 2009 with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing to the following counsel of record:

| | |
|---|---|
| John P. Barylick, Esq. | jpb@wistbar.com |
| Stephen E. Breggia, Esq. | sbreggia@bbglaw.com |
| Kevin F. Bowen, Esq. | kbowen@bbglaw.us |
| Joseph B. Burns, Esq. | jburns@rms-law.com |
| Mark D. Cahill, Esq. | mcahill@choate.com |
| Eric Bradford Hermanson, Esq. | stationfire@blishcavlaw.com |
| Joseph V. Cavanaugh, Jr., Esq. | stationfire@blishcavlaw.com |
| Kristin E. Rodgers, Esq. | stationfire@blishcavlaw.com |
| Edward M. Crane, Esq. | ecrane@skadden.com |
| Deborah Solmor, Esq. | dsolmor@skadden.com |
| Brian Cunha, Esq. | Brian@Briancunha.com |
| Karen A. Alegria, Esq. | Karen@Briancunha.com |
| Anthony F. DeMarco, Esq. | tdemarco@conversent.net |
| Mark T. Reynolds, Esq. | mtreynolds@conversent.net |
| Marc DeSisto, Esq. | stationfire@desistolaw.com |
| Robert Norton | rnorton@sloanewalsh.com |
| Edward Hinchey, Esq. | ehinchey@sloanewalsh.com |
| Stefanie DiMaio-Larivee, Esq. | fonia@msn.com |
| T. Dos Urbanski, Esq. | StationLitigation@melicklaw.com |
| Allen J. McCarthy, Esq. | StationLitigation@melicklaw.com |
| Michael J. Mazurczak, Esq. | StationLitigation@melicklaw.com |
| Christopher C. Fallon, Jr., Esq. | cfallon@cozen.com |
| Stephen P. Fogerty, Esq. | fogerty@halloran-sage.com |
| Mark Hadden, Esq. | mhadden@mhaddenlaw.com |
| Carl A. Henlein, Esq. | chenlein@fbtlaw.com |
| John R. Crockett, III, Esq. | jcrockett@fbtlaw.com |
| Susan S. Wettle, Esq. | swettle@fbtlaw.com |
| Edward T. Hinchey, Esq. | EHinchey@sloanewalsh.com |
| Daniel Horgan, Esq. | Horganlaw@snet.net |
| Patrick T. Jones, Esq. | pjones@cmj-law.com |
| Peter Schneider, Esq. | pschneider@cmj-law.com |
| Howard Julian | sohohomes@yahoo.com |
| Bruce P. Keller, Esq. | bkeller@debevois.com |
| Fred A. Kelly, Jr., Esq. | StationFireLitigation@nixonpeabody.com |
| Ian Ridlon, Esq. | StationFireLitigation@nixonpeabody.com |
| Joseph Krowski, Esq. | Josephkrowski.law@verizon.net |
| Donna M. Lamontagne, Esq. | Dlamontagne@zizikpowers.com |
| Ronald Langlois, Esq. | rlanglois@smithbrink.com |
| Lauren D. Wilkins, Esq. | lwilkins@smithbrink.com |
| Faith LaSalle, Esq. | flasalle@lasallelaw.com |

| | |
|---|---|
| James R. Lee, Esq. | jlee@riag.ri.gov |
| Thomas W. Lyons, Esq. | tlyons@straussfactor.com |
| Richard W. MacAdams, Esq. | rmacadams@mandwlaw.com |
| John R. Mahoney, Esq. | johnmahoney@amlawllp.com |
| Eva Marie Mancuso, Esq. | emancuso@hwac.com |
| Mark S. Mandell, Esq. | msmandell@msn.com |
| W. Thomas McGough, Jr., Esq. | tmcgough@reedsmith.com |
| James J. Restivo, Jr., Esq. | jrestivo@reedsmith.com |
| Joseph J. McGair, Esq. | jjm@petrarcamcgair.com |
| Edwin F. McPherson, Esq. | emcpherson@m-klaw.com |
| Matthew F. Medeiros, Esq. | mfm@lmkbw.com |
| Howard A. Merten, Esq. | Hmerten.station@psh.com |
| Steven A. Minicucci, Esq. | sminicucci@calvinolaw.com |
| William A. Filippo, Esq. | wfilippo@calvinolaw.com |
| Ralph J. Monaco, Esq. | rmonaco.c-l@snet.net |
| James T. Murphy, Esq. | jtm@hansoncurran.com |
| Kelly N. Michels, Esq. | knm@hansoncurran.com |
| John J. Nazzaro, Esq. | nazzjn@aol.com |
| Mark T. Nugent, Esq. | mnugent@morrisonmahoney.com |
| Paul Sullivan, Esq. | pvsullivan@morrisonmahoney.com |
| J. Renn Olenn, Esq. | MKD@olenn-penza.com |
| Mark K. Ostrowski, Esq. | mostrowski@goodwin.com |
| Michael Potenza, Esq. | mpotenza@debevoise.com |
| Stephen M. Prignano, Esq. | sprignano@edwardsangell.com |
| Stephen J. MacGillivray, Esq. | smacgillivray@edwardsangell.com |
| Robert I. Reardon, Esq. | reardonlaw@aol.com |
| Robert I. Rimmer, Esq. | reardonlaw@aol.com |
| Charles N. Redihan, Jr., Esq. | credihan@prlaw.com |
| James H. Reilly, III, Esq. | jreilly@kkkrs.com |
| Donald J. Maroney, Esq. | dmaroney@kkrs.com |
| Ronald J. Resmini, Esq. | resminilaw@yahoo.com |
| Ronald J. Creamer, Esq. | resminilaw@yahoo.com |
| James A. Ruggieri, Esq. | jruggieri@hcc-law.com |
| Michael A. St. Pierre, Esq. | mikesp@rrsplaw.com |
| Georgia Sullivan | georgia.sullivan@thehartford.com |
| Mark D. Tourgee, Esq. | inmantourgeelaw@aol.com |
| Timothy A. Williamson, Esq. | inmantourgeelaw@aol.com |
| Andrew J. Trevelise, Esq. | atrevelise@reedsmith.com |
| Scott J. Tucker, Esq. | stucker@ths-law.com |
| Earl H. Walker, Esq. | ewalker@jw.com |
| Charles Babcock, Esq. | cbabcock@jw.com |
| Nancy W. Hamilton, Esq. | nhamilton@jw.com |
| Max Wistow, Esq. | mw@wistbar.com |
| George E. Wolf, III, Esq. | gwolf@shb.com |
| Ann Songer, Esq. | asonger@shb.com |
| Barbara Gilfillan | barbara_gilfillan@rid.uscourts.gov |

And by first-class mail to the following:

Howard Julian
570 Shermantown
Saunderstown, RI 02874

Howard J. Julian
7 Columbia Lane
Jamestown, RI 02835-1813

John F. Murphy, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108

/s/ Robert K. Taylor

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALBERT L. GRAY, ADMINISTRATOR, et al.,<br>Plaintiffs,<br><br>v.<br><br>JEFFREY DERDERIAN, et al.,<br>Defendants | C.A. No. 04-312-L |
| ESTATE OF JUDE B. HENAULT, et al.<br>Plaintiffs,<br><br>v.<br><br>AMERICAN FOAM CORPORATION, et al.<br>Defendants. | C.A. No. 03-483-L |

## MEMORANDUM OF LAW IN SUPPORT OF MCLAUGHLIN & MORAN, INC.'S MOTION TO APPROVE "GOOD FAITH" SETTLEMENT IN ACCORDANCE WITH RHODE ISLAND GENERAL LAWS §§ 10-6-7 AND 10-6-8

Defendant McLaughlin & Moran, Inc. ("McLaughlin & Moran") respectfully requests the Court's approval of McLaughlin & Moran's $16,000,000 settlement with the Plaintiffs in the above-captioned lawsuits (the "McLaughlin & Moran Settlement") as a "good faith" settlement under §§ 10-6-7 and 10-6-8 of the Rhode Island General Laws. This finding is an express condition of the settlement and required to extinguish any and all potential contribution claims by co-defendants against McLaughlin & Moran. Certain other conditions precedent must also be satisfied before there is a final, binding settlement.

## I. BACKGROUND FACTS AND TRAVEL

McLaughlin & Moran is the wholesale distributor of Anheuser-Busch beer products in the State of Rhode Island. McLaughlin & Moran's license permits it to sell its

products to licensed establishments that serve liquor on their premises, as well as to liquor stores. McLaughlin & Moran sold product to The Station nightclub.

The Master Complaint alleges in Count XXVIII that McLaughlin & Moran is liable to the plaintiffs in negligence. More specifically, the Master Complaint alleges that McLaughlin & Moran is liable because it "determined that it would grant the use of the trademark Budweiser to promote, sponsor and endorse a concert by the heavy metal band Great White at The Station in West Warwick, Rhode Island on February 20, 2003." Master Complaint ¶ 388. McLaughlin & Moran allegedly owed plaintiffs a duty as "a promoter and sponsor of the concert." *Id.* ¶ 390. The Henault Complaint adds an additional claim that McLaughlin & Moran was somehow involved in a joint venture with diverse universe of other actors with differing roles.[1]

On April 9, 2007, McLaughlin & Moran filed an initial motion for summary judgment. The motion asks the Court to dismiss all claims against McLaughlin & Moran on the grounds that, based on the undisputed facts of this case, McLaughlin & Moran owed no duty to the plaintiffs. Rhode Island law does not impose a duty to prevent third persons from causing injury to others unless the defendant has authority to control the actions of such third persons. McLaughlin & Moran did not own or control The Station nightclub, Great White, or the employees and agents of either. Nor was there any other special relationship between McLaughlin & Moran and the plaintiffs giving rise to a duty to protect against the negligent and/or criminal acts by the nightclub and band which caused the catastrophic fire.

After McLaughlin & Moran and several other defendants filed their initial summary judgment motions, the Court issued preliminary rulings defining the scope of

---

[1] The Court has previously addressed a similar claim against another defendant, *see* Decision and Order of September 22, 2005 on the Motion to Dismiss of Defendants Clear Channel Broadcasting, *et al.*, and ordered that claim dismissed.

permissible discovery as to each motion, and preliminary rulings governing the manner in which discovery would proceed. The Court established a six month period for plaintiffs to conduct any discovery relating to the summary judgment motions, and a three month period for defendants to conduct discovery relating to plaintiffs' objections to those motions. All discovery was stayed until the beginning of the plaintiffs' six month discovery period.

On May 23, 2008, Plaintiffs and McLaughlin & Moran filed a Notice of Settlement. The Notice of Settlement reflected the terms of an agreement in principle resolving any and all claims against McLaughlin & Moran by plaintiffs in the Station Fire lawsuits, in return for a payment of $16,000,000. The settlement is expressly subject to: (1) the approval of all Plaintiffs; (2) execution of mutually acceptable settlement and release agreements by all Plaintiffs, which shall include satisfactory release and indemnity language preserving Plaintiffs' claims against the remaining non-settling Defendants, and protecting McLaughlin & Moran against cross-claims from any other Defendant; (3) approval of the settlement by the Court; (4) approval by the Court of the allocation plan developed by the Special Master; and (5) successful defense of any challenge by any non-settling party to the constitutionality of the Rhode Island Uniform Contribution Among Tortfeasors Act (R.I.G.L. § 10-6-1, et seq.), as amended.

## II. ARGUMENT

### A. A Settlement Is Made In "Good Faith" Under Rhode Island Law When It Is Negotiated At Arm's Length And Is Not "Collusive."

In 2006, the Rhode Island General Assembly amended the Rhode Island joint tortfeasor statute. As amended, in lawsuits involving 25 or more deaths, a release of one tortfeasor "given as part of a judicially approved good-faith settlement . . . reduces the claim against other tortfeasors in the amount of the consideration paid for the release." R.I. Gen. Laws § 10-6-7 (2009). Amended § 10-6-8 similarly provides:

> [A] release by the injured person of one joint tortfeasor given as part of a judicially approved good-faith settlement does not relieve

> him or her [from an obligation to make contribution to non-settling tortfeasors] unless the release is given before the right of the other tortfeasor to secure a money judgment for contribution has accrued, and provides for a reduction to the extent of the amount of the consideration paid for the release.

R.I. Gen. Laws § 10-6-8 (2009).

Nothing in the amended Rhode Island statute explains what a "judicially approved good-faith settlement" means. Courts that have interpreted this type of language in other jurisdictions have reached different conclusions about what showing is required. *See* Memorandum in Support of Triton Defendants Motion to Approve Good Faith Settlement in Accordance with R.I.G.L. §§ 10-6-7 and 10-6-8 [*Gray* Doc. No. 1944], filed on January 29, 2009, at 12-13. However, for reasons already briefed extensively by Triton and other defendants in this litigation, *id.*,[2] the best interpretation of the Rhode Island statute is that a settlement qualifies as one made in "good faith" under the amended statute when the settlement is shown to be the product of arm's length bargaining and does not involve tortious, wrongful or collusive conduct aimed at a non-settling party. *See, e.g., Dacotah Mktg. & Research, LLC v. Versatility, Inc.*, 21 F. Supp. 2d 570, 578 (E.D. Va. 1998) (a good faith settlement is the product of arm's length bargaining motivated by the respective interests of the settling parties and the merits of the claim, not by a tortious purpose towards the non-settling parties); *Copper Mountain, Inc. v. Poma of Am., Inc.,* 890 P.2d 100, 107 (Colo. 1995); *Noyes v. Raymond,* 548 N.E.2d 684, 687 (Mass. App. Ct. 1990); *Miller v. Riverwood Recreation Center,* 546 N.W.2d 684, 687 (Mich. Ct. App. 1995); *see also* R.I. Gen. Laws § 6A-1-201 (defining "good faith" in commercial context as "honesty in fact in the conduct or transaction concerned").

---

[2] *See also* Memorandum of Law in Support of the Clear Channel Defendants Motion to Approve "Good Faith" Settlement in Accordance with R.I.G.L. §§ 10-6-7 and 10-6-8 [*Gray* Doc. No. 1961], filed March 4, 2009; Polyurethane Foam Defendants' Memorandum of Law in Support of Motion to Approve Settlement Pursuant to R.I. Gen. Laws §§ 10-6-7, 10-6-8 [*Gray* Doc. No. 1971-2], filed March 30, 2009.

A standard requiring arms length bargaining and an absence of collusion comports with the plain language of the statute and its legislative purpose. In passing the 2006 amendments, the Rhode Island legislature identified "encouraging settlement" as a goal, in order to promote prompt recoveries by victims of "catastrophic accidents involving major loss of life." R.I. Pub. Laws ch. 06-213, § 1 (2006). The legislature intended this to "ameliorate the hardship and economic impact of catastrophic accidents on the state, its health care providers and its citizens." *Id.* "Expanding the nature of a "good faith" hearing beyond a procedural determination of lack of collusion to include substantive judicial scrutiny of the amount of the settlement has the simple effect of discouraging settlements . . . ." *Copper Mountain,* 890 P.2d at 106-107. "Under the noncollusive conduct test. . . , a defendant can be relatively sure that his or her settlement will not be successfully attacked unless he or she entered the settlement with the intent to harm the nonsettling defendant." *Id.* (citations and quotations omitted).

In light of the Rhode Island General Assembly's expressed policy goals, and the desirability of an approval standard that minimizes uncertainty for settling defendants, the Court should hold that a settlement is a "good faith" settlement for purposes of R.I.G.L. § § 10-6-7 and 10-6-8 when it is shown to be the product of arm's length bargaining and does not involve tortious, wrongful or collusive conduct.

**B. McLaughlin & Moran's Settlement Was Negotiated At Arm's Length And Without Any Collusion Or Injurious Intent, And Therefore Should Be Approved As A "Good Faith" Settlement.**

The burden of proving lack of good faith rests with the party challenging the settlement. *Dacotah Marketing*, 21 F. Supp. 2d at 578; *Barmat v. John and Jane Doe Partners*, 165 Ariz. 205, 210, 797 P.2d 1223, 1227-28 (1990). An evidentiary hearing is not necessary unless the challenging party can raise legitimate issue of good faith. *United States v. Dynamics Research Corp*., 441 F. Supp. 2d 259, 269 (D. Mass. 2006).

The settlement agreement reached between McLaughlin & Moran and the Plaintiffs resulted from negotiations between counsel for the parties, each in pursuit of their client's interests. These negotiations culminated on May 23, 2008 in the parties' filing of a Notice of Settlement with this Court. Affidavit of Howard Merten attached hereto as Exhibit A, ¶ 2. In that Notice, the parties announced their intent to settle, conditioned on (among other things) this Court's approval of the settlement agreement. *See* Notice of Settlement – McLaughlin & Moran, Inc. [*Gray* Doc. No. 1777], at 2. The agreed settlement amount is $16,000,000.

The negotiations leading to this settlement were arms length, with all parties represented by counsel and with due consideration by the parties of the arguments raised by McLaughlin & Moran in its motion for summary judgment, as well as the costs of protracted litigation, the potential risks and rewards of proceeding to trial, McLaughlin & Moran's resources, and the pressing financial needs of at least some of the plaintiffs. Exhibit A, ¶ 3. McLaughlin & Moran and plaintiffs' counsel did not agree to any settlement terms intended to tortiously or wrongfully injure any non-settling defendants. *Id*. Indeed, plaintiffs have reached settlements in principle with all of the other defendants that in general include the same non-financial conditions found in the agreement with McLaughlin & Moran. *Id.* This further demonstrates that McLaughlin & Moran's settlement was negotiated at arms length and does not wrongfully prejudice any other party to the litigation.

## III. CONCLUSION

For all of the foregoing reasons, McLaughlin & Moran respectfully requests that the Court enter an order approving the McLaughlin & Moran Settlement as a "good faith" settlement pursuant to R.I.G.L. §§ 10-6-7 and 10-6-8, and ruling that pursuant to the McLaughlin

& Moran settlement, any potential contribution claims against McLaughlin & Moran are extinguished with prejudice, by operation of those statutory sections.

McLAUGHLIN & MORAN, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Howard A. Merten (#3171)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
hm@psh.com
rkt@psh.com

DATED: May 14, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF McLAUGHLIN & MORAN, INC.'S MOTION TO APPROVE "GOOD FAITH" SETTLEMENT IN ACCORDANCE WITH RHODE ISLAND GENERAL LAWS §§ 10-6-7 AND 10-6-8 was electronically filed on the 14th day of May, 2009 with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing to the following counsel of record:

| | |
|---|---|
| John P. Barylick, Esq. | jpb@wistbar.com |
| Stephen E. Breggia, Esq. | sbreggia@bbglaw.com |
| Kevin F. Bowen, Esq. | kbowen@bbglaw.us |
| Joseph B. Burns, Esq. | jburns@rms-law.com |
| Mark D. Cahill, Esq. | mcahill@choate.com |
| Eric Bradford Hermanson, Esq. | stationfire@blishcavlaw.com |
| Joseph V. Cavanaugh, Jr., Esq. | stationfire@blishcavlaw.com |
| Kristin E. Rodgers, Esq. | stationfire@blishcavlaw.com |
| Edward M. Crane, Esq. | ecrane@skadden.com |
| Deborah Solmor, Esq. | dsolmor@skadden.com |
| Brian Cunha, Esq. | Brian@Briancunha.com |
| Karen A. Alegria, Esq. | Karen@Briancunha.com |
| Anthony F. DeMarco, Esq. | tdemarco@conversent.net |
| Mark T. Reynolds, Esq. | mtreynolds@conversent.net |
| Marc DeSisto, Esq. | stationfire@desistolaw.com |
| Robert Norton | rnorton@sloanewalsh.com |

| | |
|---|---|
| Edward Hinchey, Esq. | ehinchey@sloanewalsh.com |
| Stefanie DiMaio-Larivee, Esq. | fonia@msn.com |
| T. Dos Urbanski, Esq. | StationLitigation@melicklaw.com |
| Allen J. McCarthy, Esq. | StationLitigation@melicklaw.com |
| Michael J. Mazurczak, Esq. | StationLitigation@melicklaw.com |
| Christopher C. Fallon, Jr., Esq. | cfallon@cozen.com |
| Stephen P. Fogerty, Esq. | fogerty@halloran-sage.com |
| Mark Hadden, Esq. | mhadden@mhaddenlaw.com |
| Carl A. Henlein, Esq. | chenlein@fbtlaw.com |
| John R. Crockett, III, Esq. | jcrockett@fbtlaw.com |
| Susan S. Wettle, Esq. | swettle@fbtlaw.com |
| Edward T. Hinchey, Esq. | EHinchey@sloanewalsh.com |
| Daniel Horgan, Esq. | Horganlaw@snet.net |
| Patrick T. Jones, Esq. | pjones@cmj-law.com |
| Peter Schneider, Esq. | pschneider@cmj-law.com |
| Howard Julian | sohohomes@yahoo.com |
| Bruce P. Keller, Esq. | bkeller@debevois.com |
| Fred A. Kelly, Jr., Esq. | StationFireLitigation@nixonpeabody.com |
| Ian Ridlon, Esq. | StationFireLitigation@nixonpeabody.com |
| Joseph Krowski, Esq. | Josephkrowski.law@verizon.net |
| Donna M. Lamontagne, Esq. | Dlamontagne@zizikpowers.com |
| Ronald Langlois, Esq. | rlanglois@smithbrink.com |
| Lauren D. Wilkins, Esq. | lwilkins@smithbrink.com |
| Faith LaSalle, Esq. | flasalle@lasallelaw.com |
| James R. Lee, Esq. | jlee@riag.ri.gov |
| Thomas W. Lyons, Esq. | tlyons@straussfactor.com |
| Richard W. MacAdams, Esq. | rmacadams@mandwlaw.com |
| John R. Mahoney, Esq. | johnmahoney@amlawllp.com |
| Eva Marie Mancuso, Esq. | emancuso@hwac.com |
| Mark S. Mandell, Esq. | msmandell@msn.com |
| W. Thomas McGough, Jr., Esq. | tmcgough@reedsmith.com |
| James J. Restivo, Jr., Esq. | jrestivo@reedsmith.com |
| Joseph J. McGair, Esq. | jjm@petrarcamcgair.com |
| Edwin F. McPherson, Esq. | emcpherson@m-klaw.com |
| Matthew F. Medeiros, Esq. | mfm@lmkbw.com |
| Howard A. Merten, Esq. | Hmerten.station@psh.com |
| Steven A. Minicucci, Esq. | sminicucci@calvinolaw.com |
| William A. Filippo, Esq. | wfilippo@calvinolaw.com |
| Ralph J. Monaco, Esq. | rmonaco.c-l@snet.net |
| James T. Murphy, Esq. | jtm@hansoncurran.com |
| Kelly N. Michels, Esq. | knm@hansoncurran.com |
| John J. Nazzaro, Esq. | nazzjn@aol.com |
| Mark T. Nugent, Esq. | mnugent@morrisonmahoney.com |
| Paul Sullivan, Esq. | pvsullivan@morrisonmahoney.com |
| J. Renn Olenn, Esq. | MKD@olenn-penza.com |
| Mark K. Ostrowski, Esq. | mostrowski@goodwin.com |
| Michael Potenza, Esq. | mpotenza@debevoise.com |
| Stephen M. Prignano, Esq. | sprignano@edwardsangell.com |

| | |
|---|---|
| Stephen J. MacGillivray, Esq. | smacgillivray@edwardsangell.com |
| Robert I. Reardon, Esq. | reardonlaw@aol.com |
| Robert I. Rimmer, Esq. | reardonlaw@aol.com |
| Charles N. Redihan, Jr., Esq. | credihan@prlaw.com |
| James H. Reilly, III, Esq. | jreilly@kkkrs.com |
| Donald J. Maroney, Esq. | dmaroney@kkrs.com |
| Ronald J. Resmini, Esq. | resminilaw@yahoo.com |
| Ronald J. Creamer, Esq. | resminilaw@yahoo.com |
| James A. Ruggieri, Esq. | jruggieri@hcc-law.com |
| Michael A. St. Pierre, Esq. | mikesp@rrsplaw.com |
| Georgia Sullivan | georgia.sullivan@thehartford.com |
| Mark D. Tourgee, Esq. | inmantourgeelaw@aol.com |
| Timothy A. Williamson, Esq. | inmantourgeelaw@aol.com |
| Andrew J. Trevelise, Esq. | atrevelise@reedsmith.com |
| Scott J. Tucker, Esq. | stucker@ths-law.com |
| Earl H. Walker, Esq. | ewalker@jw.com |
| Charles Babcock, Esq. | cbabcock@jw.com |
| Nancy W. Hamilton, Esq. | nhamilton@jw.com |
| Max Wistow, Esq. | mw@wistbar.com |
| George E. Wolf, III, Esq. | gwolf@shb.com |
| Ann Songer, Esq. | asonger@shb.com |
| Barbara Gilfillan | barbara_gilfillan@rid.uscourts.gov |

And by first-class mail to the following:

Howard Julian
570 Shermantown
Saunderstown, RI 02874

Howard J. Julian
7 Columbia Lane
Jamestown, RI 02835-1813

John F. Murphy, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108

/s/ Robert K. Taylor

1044580_1/4573-2