UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALBERT L. GRAY, Administrator, et al.,
    Plaintiffs,

v.                                              C.A. No. 04-312L

JEFFREY DERDERIAN, et al.,
    Defendants.


ESTATE OF JUDE B. HENAULT, et al.,
    Plaintiffs,

v.                                              C.A. No. 03-483L

AMERICAN FOAM CORPORATION, et al.,
    Defendants.


**ORDER OF REFERENCE TO**
**SPECIAL MASTER WILLIAM POORE, ESQ.**

This matter is before the Court on the motion filed by all Plaintiffs to expand the responsibilities of Special Master William Poore, Esq., to include the evaluation of the apportioning of the gross settlement proceeds to each minor Plaintiff as calculated by Jeffrey Dahl, the Neutral Verification Expert. After reviewing Plaintiffs' memorandum of law and three responsive memoranda submitted by Defendants[1] including the Triton Defendants (Doc. #1129),[2] Polyurethane Foam Defendants (Doc. #1130), and Clear Channel Defendants (Doc. #1131), and

---

[1] While Defendants have voiced concerns about the role of the minor claimants in the settlement process, no Defendant has objected to Plaintiffs' present motion.

[2] Docket document numbers refer to the Gray docket, C.A. 04-312L.

hearing oral argument from all interested parties, the Court hereby grants Plaintiffs' Motion, with certain guidelines.

## Background

This motion represents one of the many administrative tasks undertaken by the Court, with the able support of hard-working counsel on both sides, in order to bring about the final settlement and distribution of funds to the claimants who suffered personal injuries and other losses as a result of the tragic fire at The Station nightclub, which took the lives of 100 people the night of February 20, 2003. All Defendants in these consolidated lawsuits have contributed an aggregate of approximately $176 million in settlement funds, which funds must now be distributed to over 200 claimants in a fair, equitable and orderly manner.

To that end, the Court appointed Special Master Francis McGovern to formulate a distribution plan, and Neutral Verification Expert Jeffrey Dahl was appointed to evaluate the accuracy of each claim. On November 19, 2008, William Poore was appointed Special Master, and charged with reviewing the proposed Plan of Distribution to ascertain whether or not it would result in the fair treatment of the group of approximately 148 minor claimants. The claims of all minors in the consolidated lawsuits are derivative, resulting from the death or serious injury of one or both of their parents in the fire. Special Master Poore

ultimately determined that the distribution plan was generally fair as to the minor claimants.[3] Magistrate Judge David Martin approved the Plan of Distribution on March 5, 2009. Now that Mr. Dahl has completed his extensive review of each claim, it is possible to assign actual dollar amounts to all claimants based on Special Master McGovern's point system. Next, all settlements must be individually reviewed and approved as to each claimant.

In the case of the minor claimants, this review is particularly sensitive and significant. It is to this task, on behalf of the minor claimants, that Plaintiffs seek to have Special Master Poore assigned. It is well established that the Court must take extra care to safeguard the interests of minors in all proceedings. See Dacanay v. Mendoza, 573 F.2d 1075, 1079 (9th Cir. 1978). In the present matter, the Court intends to review the settlements for each minor, and also review the releases executed on behalf of each minor.

In order to expedite the review of the settlements, the Court endorses Plaintiffs' proposal that Special Master Poore's authority be expanded to include a review of all settlements to be made to minor Plaintiffs. The expansion of Special Master Poore's responsibilities is a procedural matter, and, therefore, governed by federal law, pursuant to Rule 53(b)(2)(A) of the

---

[3] See "Report and Recommendation of Settlement Special Master, William A. Poore," Doc. # 1942.

Federal Rules of Civil Procedure. Special Master Poore is a judicial officer, operating as an extension of the Court. He is not a guardian *ad litem*, and does not have a fiduciary responsibility to the minor Plaintiffs that is separate or distinct from the duty of care the Court owes to the minor Plaintiffs, who are, traditionally, wards of the Court. Dacanay, 573 F.2d at 1079.

Following his review, Special Master Poore will be required to submit a report and recommendation to this Court, providing the Court with at least part of the information it will need to approve each settlement. As guideposts for his report, the Court directs Special Master Poore to Local Rule of Civil Procedure 39.4(c)(1) and (6). Those sections provide that no settlement can be approved by this Court without: "(1) a report from the guardian, guardian ad litem or next friend explaining why the proposed settlement is in the best interest of the minor or incompetent and should be approved:" and "(6) in personal injury cases, a complete description of the injuries sustained, whether any of them are permanent, copies of all relevant medical reports, and an itemized statement of all past and future medical expenses that may have been or are likely to be incurred." As provided by the Local Rule, the pertinent medical documents may be filed under seal. Following the submission of Special Master Poore's report, the Court anticipates that the parties will file

a Motion for Approval of the Settlement, pursuant to Local Rule of Civil Procedure 39.4(c). Between the report of Special Master Poore and the Motion for Approval, the Court expects that all categories of information itemized in Local Rule 39.4(c)(1)-(6) will be provided to the Court.

Subsequently, the Court will determine the proper procedures governing the execution of releases on behalf of the minor claimants, and the Court's review of those releases. The release functions as a contract, and so its enforceability will be governed by the laws of Rhode Island. Gray v. Derderian, 365 F. Supp. 2d 218, 222 (D.R.I. 2005)(holding that Rhode Island will provide the substantive law for The Station cases); Julian v. Zayre Corp., 388 A.2d 813, 815 (holding that, "A release in a personal injury case is a contract."). The Defendants that responded to Plaintiffs' present Motion are understandably concerned with the ultimate enforceability of the releases signed on behalf of minor Plaintiffs. The Court does not perceive that the present Motion reaches to cover the formalities required for the execution of the releases, and, so that issue is postponed for the time being. However, to provide the parties with a preview, the Court will say at present that it reads Julian v. Zayre Corp. to require no more than that (for settlements exceeding $10,000) the Court must appoint the person who signs the release on behalf of each minor Plaintiff, and the Court must

also approve the release. 388 A.2d at 816. The Court intends to proceed accordingly when the time comes. Moreover, the Court does not anticipate that Rule 17(c) of the Federal Rules of Civil Procedure will come into play in the resolution of these claims, which have been appropriately prosecuted to date, with no challenges as to the suitability of the minors' representatives.

As for the responsibilities assigned to Special Master Poore with this Order, the Court adopts those specified in Plaintiffs' draft order, as follows:

It is hereby ORDERED:

    1. William Poore, Esq., of Providence, Rhode Island, shall evaluate and report to the Court as to whether or not settlements payable to each minor Plaintiff from the gross settlement proceeds, as calculated by Neutral Verification Expert Jeffrey Dahl, are in the best interest of each minor Plaintiff.

    2. His purview will include an evaluation and report as to all minor Plaintiffs in all Station Fire cases pending before this Court.

    3. Special Master Poore shall have the authority to communicate ex parte with individual Plaintiffs, Plaintiffs' counsel, Special Master McGovern and Defendants' counsel.

    4. Within a reasonable time of this Order, Special Master

Poore shall preserve and file with the Court a record of his activities and a recommendation.

5. Special Master Poore has agreed to undertake these duties on the basis of a reasonable hourly rate to be determined by the Court. All expenses and costs associated with the work performed by or on behalf of Special Master Poore will be paid out of the gross settlement proceeds.

It is so ordered.

*Ronald R. Lagueux* (signature)
Ronald R. Lagueux
Senior United States District Judge
June 24, 2009